# PARKER POHL LLP

420 Lexington Ave | T 212-202-8886
Suite 2440 | F 646-924-3100
New York, NY 10170 | parkerpohl.com

David M. Pohl
david.pohl@parkerpohl.com

November 7, 2019

By ECF

The Honorable Gregory H. Woods
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/19

**MEMORANDUM ENDORSED**

Re: *Khmaladze, et ano., v. ShopLink, Inc., et al.,* 16-CV-8029 (GHW);
*Tatintsian v. Mikhail Vorotyntsev and, nominally, ShopLink, Inc.,* 16-CV-7203 (GHW)

Dear Judge Woods,

My firm represents Defendants ShopLink, Inc. and the other entities in the above-referenced, related actions before Your Honor. This letter motion is submitted jointly on behalf of my firm and Franzino & Scher LLP, which is counsel to Mikhail Vorotyntsev and Elena Vorotyntsev.

On October 30, 2019, the Court entered an Order in each of the above actions directing Franzino & Scher LLP and Parker Pohl LLP to file motions to withdraw as counsel no later than November 15, 2019. (*See* ECF Doc. No. 206 in Case No. 16-cv-07203, and ECF Doc. No. 91 in 16-cv-08029) Those Orders also state that: "If counsel believes that any materials submitted in support of their motions should be filed under seal, they are directed to comply with the Court's individual rules regarding motions to seal." (*Id*.) Because we believe that materials submitted in support of the motions should be filed under seal, we now submit this joint request in accordance with the Court's Individual Rules.

Both Franzino & Scher LLP and my firm believe that materials properly submitted in support of our motions to withdraw contain confidential information – either communications covered by the attorney-client privilege or those which may be "embarrassing or detrimental" to our clients – within the scope of Rule 1.6(a) of the New York Rules of Professional Conduct (preventing a lawyer from knowingly revealing confidential information) and, therefore, we believe the materials should be filed under seal. These materials include information relating to our clients' conduct and communications with our clients demonstrating the manner in which our clients have rendered it unreasonably difficult for our firms to carry out employment effectively, thus permitting withdrawal under Rule 1.16(c)(7) of the New York Rules of Professional Conduct. Accordingly, given that we must protect the confidentiality of the very information that supports our motions to withdraw as counsel, and to avoid unduly prejudicing our clients pursuant to Rule 1.16(e), we now respectfully request leave to file all supporting declarations and exhibits under seal. Moreover, given the confidential nature of the information at issue, we also request leave to file the supporting materials on a solely *in camera* basis, i.e., without providing same to the other parties in the two actions. This procedure is consistent with the ethical requirements imposed on New York lawyers in this situation, as set forth in N.Y. State 1057 (2012) (requiring withdrawing counsel to

# PARKER POHL LLP

limit disclosures to those reasonably necessary to support withdrawal application, and to file motion papers under seal if necessary).

Counsel to both Mr. Tatintsian and Mr. Khmaladze have <u>consented to this application</u> to file the supporting materials under seal and on a solely *in camera* basis.

In response to the directive at Rule 4(a)(iii) of Your Honor's Individual Rules, we respectfully submit that the presumption in favor of public access to judicial documents is overcome here given the compelling interest in protecting confidential client information. As noted, Franzino & Scher LLP and Parker Pohl LLP in fact both have the <u>duty</u> under Rule 1.6 of the New York Rules of Professional Conduct <u>not</u> to allow public access to the confidential client information at issue, which we now seek leave to file under seal.

In sum, therefore, Franzino & Scher LLP and Parker Pohl LLP respectfully request that the Court enter an Order in both of the actions:

1. Permitting Franzino & Scher LLP and Parker Pohl LLP to file all declarations, exhibits and other materials supporting their motions to withdraw under seal (with only the Notices of Motion being e-filed);

2. Permitting Franzino & Scher LLP and Parker Pohl LLP to file all such supporting materials on a solely *in camera* basis, without providing same to counsel to the other parties in the actions; and

3. Permitting Franzino & Scher LLP and Parker Pohl LLP to serve our respective clients with all motion papers (including supporting materials) by email and by sending same to our clients' last known addresses by Federal Express.

As noted above, all counsel on these actions have consented to this request to file under seal and the request to file on a solely *in camera* basis.

Respectfully Submitted,

David M. Pohl

cc: All Counsel (by ECF)

Application denied. The Court will not preemptively permit counsel to file documents under seal. Counsel are directed to include within their motions that information which they believe can be appropriately filed on the public docket. If, after review of counsel's motions, the Court believes more information is necessary to evaluate counsel's requests, it will then take up the issue of whether additional information should be filed under seal or submitted for *in camera* review.

SO ORDERED.

Dated: November 13, 2019
New York, New York

GREGORY H. WOODS
United States District Judge