UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GARY TATINTSIAN,

               Plaintiff, Counterclaim-Defendant,

  -against-

MIKHAIL VOROTYNTSEV,

Case No. 16-CV-7203 (GHW)(JLC)

               Defendant, Counterclaim-Plaintiff,

**DECLARATION OF DAVID M. POHL**

  and,

SHOPLINK INC.,

               Nominal Defendant, Counterclaim-Plaintiff.
-----------------------------------------------------------------------x

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury as follows:

1.    I am an attorney with the law firm of Parker Pohl LLP and counsel to Nominal Defendant ShopLink Inc. in the above-captioned action. I am familiar with the pleadings and other documents in this matter, and submit this declaration in support of Parker Pohl LLP's Motion to Withdraw as Counsel to ShopLink Inc. ("ShopLink").

2.    My prior firm, Pohl LLP, began representing ShopLink in October 2016 in the above-captioned action and, at the same time, began representing ShopLink and related entities, Aum Code LLC and IT Adapter LLC in the related action, *Khmaladze and IT Adapter Corp. Inc. v. Mikhail Vorotyntsev, Aum Code LLC, IT Adapter LLC and ShopLink, Inc.,* 16-CV-8029 (together with this action, the "Actions").

3.    In around April 2017, I became a partner in a new firm, Parker Pohl LLP ("Parker Pohl" or the "Firm").

1

4. Mikhail Vorotyntsev (who I have always understood controls ShopLink) and the Firm agreed around then that Parker Pohl would continue representing ShopLink in this action.

5. Vorotyntsev has failed to meaningfully participate in the Actions, and in particular in discovery-related matters that are essential to preparation of ShopLink's claims and defenses in this action.

6. Vorotyntsev has failed to communicate appropriately with Parker Pohl as counsel.

7. Vorotyntsev has insisted upon taking action with which Parker Pohl has a fundamental disagreement.

8. There has been a breakdown in trust between Parker Pohl and Vorotyntsev.

9. No party to this action has served an initial document production since the last of the pre-discovery motions were resolved in April 2019.

10. In light of New York State Bar Association Ethics Opinion 1057 (6/5/15), which concerns the nature and extent of information about a client that a lawyer may reveal on a motion to withdraw as counsel, my firm must keep the underlying circumstances supporting this motion confidential. A true and correct copy of New York State Bar Association Ethics Opinion 1057 (6/5/15) is attached hereto as **Exhibit A**. We are happy to submit more details *in camera*, at the Court's instruction.

11. Parker Pohl is not asserting any retaining or charging lien in connection with the Firm's withdrawal as counsel to ShopLink, should the Court grant this motion.

Dated: New York, New York
November 15, 2019

_____
David M. Pohl

# EXHIBIT A



# ETHICS OPINION 1057

New York State Bar Association
Committee on Professional Ethics

Opinion 1057 (6/5/15)

**Topic:**   Withdrawal from representation; confidential information; disclosure to court

**Digest:**   The nature and extent of information about a client that a lawyer may ethically reveal on a motion to withdraw as counsel depend on whether the information is protected as confidential information under Rule 1.6.  The lawyer should also consider (1) whether withdrawal is mandatory or permissive; (2) whether withdrawal may be accomplished without significant disclosure to the court; (3) whether disclosure is ordered by the court; (4) the circumstances under which the information is to be disclosed (e.g., in open court or in camera); and (5) whether the client consents to the disclosure. The lawyer may test on appeal the validity of a court's order to disclose. Client documents filed with another court in other proceedings will be deemed confidential unless their existence is generally known in the community or in the legal profession.

**Rules:**   1.2(a) & (d), 1.4(a)(5), 1.6, 1.16(b)(1), (c) & (e), 3.1, 3.3

## FACTS

1.     The inquiring lawyer represents a client in pending litigation in state court. The lawyer's client insists that he file what the lawyer considers frivolous petitions, based on allegations made in other litigation filed by the client in federal court against members of the judiciary and another lawyer.  The inquirer believes these allegations are not relevant to the matter on which he is providing representation.  The inquirer is preparing a request to be relieved as counsel, and asks whether he may use the documents filed by his client in federal court, although the documents may reveal his client to be "incompetent or unstable" and thereby prejudice his client.

## QUESTION

2.     When a lawyer is moving to withdraw from representing a client, may the lawyer support the motion to withdraw with documents that the client has filed in a different court, even if using those documents may prejudice the client?

**OPINION**

3.     In this opinion, we address the information a lawyer may reveal to the court when requesting withdrawal under Rule 1.16 of the New York Rules of Professional Conduct (the "Rules").  We assume for purposes of this opinion that the lawyer has grounds for withdrawal.  If the allegations the client is urging the lawyer to make are indeed frivolous, then filing them would violate Rule 3.1(a), which prohibits a lawyer from asserting an "issue" absent a basis for doing so that is not frivolous, and Rule 3.4(d)(1), which provides that a lawyer appearing before a tribunal shall not "state or allude to any matter that the lawyer does not reasonably believe is relevant … ." Rule 1.2(a) requires a lawyer to abide by the client's decisions concerning the objectives of the representation, and to consult with the client as to the means by which they are to be pursued.  However, in discussing a client's suggestion that the lawyer engage in conduct that violates the Rules, Comment [2] to Rule 1.16 states:  "The lawyer is not obliged to decline [representation] or withdraw simply because the client suggests such a course of conduct; a client may make such a suggestion in the hope that a lawyer will not be constrained by a professional obligation."

4.     Rule 1.6(a) prohibits a lawyer from knowingly revealing confidential information unless the client gives informed consent or the disclosure is permitted by Rule 1.6(b), including when permitted or required under the Rules or to comply with other law or a court order.

5.     The nature and extent of information about a client that a lawyer may ethically reveal on a motion to withdraw as counsel depend on whether the information is protected as confidential information under Rule 1.6.  The lawyer should also consider the following:

> (1)   whether withdrawal is mandatory or permissive;
>
> (2)   whether withdrawal may be accomplished without significant disclosure to the court;
>
> (3)   whether disclosure is ordered by the court;
>
> (4)   under what circumstances the information is to be disclosed (e.g., in open court or in camera); and
>
> (5)   whether the client consents to the disclosure.

**Whether the Information Is Protected as "Confidential"**

6.   Rule 1.6(a) defines and protects certain information as "confidential":

> (a) A lawyer shall not knowingly reveal confidential information, as defined in
>
> this Rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person, unless:

> > (1) the client gives informed consent, as defined in Rule 1.0(j);
>
> >    (2) the disclosure is impliedly authorized to advance the best interests of

> > the client and is either reasonable under the circumstances or customary in the
> >
> > professional community; or
>
> (3) the disclosure is permitted by paragraph (b).

"Confidential information" consists of information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential. "Confidential information" does not ordinarily include (i) a lawyer's legal knowledge or legal research or (ii) information that is generally known in the local community or in the trade, field or profession to which the information relates.

7.    The information at issue here was gained during the representation of the client.  It is not clear that the information is protected by the attorney-client privilege, which generally protects only information that the client discloses in seeking legal advice (or that the lawyer discloses in giving legal advice).  However, the inquirer believes that its disclosure would be embarrassing or detrimental to the client; consequently, the information falls within part (b) of the definition.  The issue here is whether the documents filed in federal court by the client in other proceedings fall within the exception in the second sentence of the definition.

8.    The definition of "confidential information" does not include "information that is generally known in the local community or in the . . . profession to which the information relates."  Comment [4A] to Rule 1.6 states: "Information is not 'generally known' simply because it is in the public domain or available in a public file."  See Rule 1.0(k) (the term "known" denotes actual knowledge, but a person's knowledge may be inferred from circumstances).  In N.Y. State 991 (2013) we explained that sentence:  "In our view,

information is generally known only if it is known to a sizeable percentage of people in 'the local community or in the trade, field or profession to which the information relates.'"  But see Jamaica Pub. Serv. v. AIU Ins., 92 N.Y.2d 631 (1998) (Court of Appeals, interpreting DR 5-108(A)(2) [the predecessor to current Rule 1.9(c)(1)], holds that information is "generally known" when it is readily available in such public materials as trade periodicals and filings with State and Federal regulators).

9.    Here, we believe that, unless the allegations in the client's other lawsuits were reported in the public media, or unless the client himself has widely publicized the allegations, the documents in the client's other cases do not fall within the exception and therefore constitute confidential information of the client.

**Whether Withdrawal Is Mandatory**

10.    In certain circumstances, withdrawal from a representation is mandatory.  See Rule 1.16(b).  In others, withdrawal is permissive -- the lawyer may but is not required to withdraw from the representation.  See Rule 1.16(c).  In either case, as required by Rule 1.16(e), the lawyer must take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client.

11.    Where withdrawal is not mandatory, there is less of a justification for revealing client confidences.  See N.Y. State 681 (1996) (having a basis for permissive withdrawal may not allow the lawyer to withdraw if confidentiality obligations prevent the lawyer from obtaining required court approval).

**Whether Withdrawal May Be Accomplished Without Significant Disclosure**

12.    Comment [3] to Rule 1.16 discusses the extent of disclosure which ordinarily should be required of counsel seeking to withdraw:

> Court approval or notice to the court is often required by applicable law, and when so required by applicable law is also required by paragraph (d), before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and Rule 3.3. (Emphasis supplied)

13.   Hence, the Rules anticipate that the court usually will not demand the disclosure of confidential information if the lawyer advises the court that "professional considerations" require withdrawal. But that may not always be the case. Particularly when withdrawal is sought on the eve of trial or there has been a history of dilatory tactics, the court may demand more information about the reason counsel believes that "professional considerations require termination of the representation."

14.   Where withdrawal may be accomplished simply on the basis of counsel's statement that professional considerations require it, no more should be disclosed. Accordingly, even where the information would not be deemed "confidential" as defined by Rule 1.6, it should not be disclosed if withdrawal can be accomplished without disclosure.

15.   Where withdrawal may not be accomplished simply on the basis of counsel's statement that professional considerations require it, but disclosing more would not be permitted under Rule 1.6(b), the lawyer could not disclose that the client has requested that he file papers that the lawyer believes are frivolous, let alone copies of the client's prior frivolous filings.

**Whether Disclosure Is Ordered by the Court**

16.   In some circumstances, the court may press the lawyer for further explanation that "professional considerations" require the withdrawal. If the court orders the lawyer to disclose information the lawyer believes is confidential, Rule 1.6(b) permits the lawyer to

comply to the extent the lawyer reasonably believes necessary without violating his ethical obligation to protect a client's confidential information. Rule 1.6 states in relevant part:

> (b) A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary: * * * (6) when permitted or required under these Rules or to comply with other law or court order.

17.   But even where Rule 1.6 authorizes disclosure of client confidential information as a result of a court order, Comment [14] to Rule 1.6 suggests that disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. Moreover, if the court does not order disclosure (for example, if it merely states that permission to withdraw will not be granted without more information about the reasons for the motion to withdraw) then the exception in Rule 1.6(b)(6) does not apply.

18.   Where a court orders that confidential information be disclosed, the lawyer should seek to protect the information by asking for an in camera examination by the court. In many cases, this will limit the adverse effects of disclosure on the client.

19.   Alternatively, the lawyer may ethically decide not to comply immediately with the court's order. Instead, the lawyer may test the validity of the order by appealing. An appeal is not mandatory, but if the lawyer believes the information to be disclosed is protected by the attorney-client privilege, the lawyer should appeal the court order.  See, e.g., N.Y. State 681 (1996) (lawyer may disclose "secrets" [such as information embarrassing or detrimental to the client] if ordered by a court to do so, but if information is protected by the privilege, lawyer may have an ethical obligation to appeal court's ruling); N.Y. State 528 (1981) (where lawyer's claim of privilege is rejected by a court ruling or order, lawyer may postpone disclosure until validity of adverse ruling is determined on appeal).

**Whether the Client Consents to the Disclosure**

20.   The final consideration is whether the client gives informed consent to any disclosure. The lawyer cannot meet this element until after the lawyer has adequately explained the material risks of disclosure. If the lawyer does so and the client nevertheless consents to disclosure, then the lawyer may disclose the information in the course of moving to withdraw.

**CONCLUSION**

21. The nature and extent of information about a client which a lawyer may ethically reveal on a motion to withdraw as counsel depend on whether the information is protected as confidential information under Rule 1.6. The lawyer should also consider (1) whether withdrawal is mandatory or permissive; (2) whether withdrawal may be accomplished without significant disclosure to the court; (3) whether disclosure is ordered by the court; (4) the circumstances under which the information is to be disclosed (e.g., in open court or in camera); and (5) whether the client consents to the disclosure. The lawyer may test on appeal the validity of a court's order to disclose. Client documents filed with another court in other proceedings will be deemed confidential unless their existence is generally known in the community or in the legal profession.

[7-15]

One Elk Street, Albany , NY 12207
**Phone:** 518-463-3200  **Secure Fax:** 518.463.5993

© 2019 New York State Bar Association