UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

GARY TATINSIAN, on his own behalf
and for the benefit of Shoplink, Inc.,

                Plaintiff,

  -against-

                                          16-CV-7203 (GHW)

MIKHAIL VOROTYNSYEV and
ELENA VOROTYNSYEV,

                Defendants.
_____X

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'/COUNTERCLAIM-DEFENDANTS' MOTION FOR A DEFAULT JUDGMENT DISMISSING THE COUNTERCLAIMS**

        Defendant/Counterclaim-Plaintiff Shoplink, Inc. ("Shoplink") respectfully submits this memorandum in opposition to plaintiff's/counterclaim-defendant's motion for an order pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55(2)(b) directing entry of a judgment dismissing their counterclaims based on the default entered by the Clerk on February 6, 2020 following the Court's order of February 3, 2020, against the companies for failure to obtain counsel.  Shoplink does not dispute that corporations must be represented by counsel.  However, as set forth herein and the accompanying declaration of defendant Mikhail Vorotynsyev, Shoplink's founder and chief executive officer, and in Shoplink's pending motion for an order vacating the default, because the default was not willful and plaintiffs cannot claim unfair prejudice from the brief delay in the action, and further given that Shoplink has made a showing of merit, the motion should be denied and the default vacated.

**Relevant Procedural History**

        The pertinent background is respectfully presumed to be known to the Court and is also set forth in the accompanying Vorotynsyev declaration.  As recited in that declaration, Mr.

Vorotynsyev's efforts to obtain new counsel for the Shoplink companies following this Court's November 25, 2019 Order were referenced in his letter to the Court of January 4, 2020, and the reasons for his failure to obtain counsel by the court-ordered deadline of January 24, 2020 are described therein.  Those reasons make overwhelmingly clear that the companies' failure was in no way wilful notwithstanding the Court's order, and that the companies have meritorious counterclaims in both actions.  Because plaintiffs/counterclaim-defendants do not and in any event cannot reasonably claim undue prejudice caused by the brief delay in this action, the default should be vacated and the requested judgment denied.

## Applicable Law

Where a final judgment has not yet been entered the applicable rule governing vacatur of defaults is Rule 55(c).  See  Meehan v. Snow,  652 F.2d 274, 276-77 (2d Cir. 1981).  Accordingly, where vacatur of an underlying default is appropriate, entry of a judgment upon the default would be inappropriate.  See id. ("[P]ursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful... judgment by default may be entered").  Indeed, "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion." Id.

As the Court of Appeals has repeatedly observed, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." Meehan, 652 F.2d at 276-77 (citing Klapprott v. United States, 335 U.S. 601 (1949); SEC v. Management Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975); Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957); SEC v. Vogel, 49 F.R.D. 297, 299 (S.D.N.Y.1969)).  Consistently with this, the standard for setting aside an entry of default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). American Airlines Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").  Although Rule 55(c) does not define "good cause," the Second

Circuit has instructed that district courts must consider principally "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Of course, the decision on whether to grant relief from the entry of default is left to the sound discretion of the district court as it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties. Id.

As noted in the companies' motion to vacate the underlying default, in the instant matter, all three criteria are satisfied. As stated, it is clear that the default was not willful, and plaintiffs could scarcely claim unfair prejudice resulting from the brief delay in the action, even if measured from the first date by which the Court had directed the companies to get counsel.  As regards the merits, Mr. Vorotynsyev has set forth his firm belief--also emphatically expressed to the Court in person on February 14--in Shoplink's case against the plaintiffs in this action and the related action, and adopted the contentions set forth in Shoplink's pleadings and prior motion papers.

## Conclusion

For all the foregoing reasons Shoplink respectfully requests an order pursuant to Fed. R. Civ. P. 55(c) vacating the default entered by the Clerk on February 6, 2020 and denying plaintffs'/counterclaim-defendants' motion for entry of judgment thereon dismissing the company's counterclaims.

Dated: New York, New York
       March 10, 2020

_____
WILLIAM A. THOMAS (0116)
Attorney for Defendant/Counterclaimant
SHOPLINK, INC.
511 Avenue of the Americas, #352
New York, New York 10011
(917) 693-3981
wthomas@watlegal.com