UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
GARY TATINTSIAN, on his own behalf and for the   :
benefit of ShopLink Inc.,             :
                                      :
        Plaintiff/ Counterclaim Defendant,   :
                                      :
    -against-                         :
                                      :
MIKHAIL VOROTYNTSEV and ELENA         :
VOROTYNTSEV,                          :
        Defendants/ Counterclaim Plaintiff,   :
                                      :   Case No. 16 Civ. 7203 (GHW)
        and,                          :
                                      :   **COUNTERCLAIM DEFENDANT**
SHOPLINK, INC.,                       :   **TATINTSIAN'S REPLY**
                                      :   **MEMORANDUM OF LAW IN**
        Nominal Defendant/ Counterclaim   :   **FURTHER SUPPORT OF HIS**
        Plaintiff.                    :   **REQUEST FOR DEFAULT**
------------------------------------- :   **JUDGMENT ON SHOPLINK'S**
                                      :   **COUNTERCLAIMS AND IN**
MIKHAIL VOROTYNTSEV,                  :   **OPPOSITION TO SHOPLINK'S**
        Third-Party Plaintiff,        :   **REQUEST TO VACATE DEFAULT**
                                      :
    -against-                         :
                                      :
DMITRIY KHMALADZE, ITADAPTER          :
CORPORATION, INC., YOUNIS ZUBCHEVICH, and   :
DIABETICA RESEARCH SOLUTIONS, INC.,   :
                                      :
        Third-Party Defendants.       :
                                      :
                                      :
------------------------------------- X

SHOPLINK INC.,

        Cross-Claim Plaintiff,

    -against-

YOUNIS ZUBCHEVICH,
        Cross-Claim Defendant.
-----------------------------------------

Plaintiff and Counterclaim Defendant Gary Tatintsian ("Tatintsian") respectfully submits this opposition to ShopLink's request for an order vacating the default entered against it and in reply and in further support of Tatintsian's request for default judgment on the Counterclaims of Nominal Defendant and Counterclaim Plaintiff ShopLink Inc. ("Shoplink").

## PRELIMINARY STATEMENT

The default at issue was precipitated by CEO Mikhail Vorotyntsev's ("Vorotyntsev") failure to obtain counsel to represent ShopLink, a corporation, by a deadline repeatedly extended by the Court at Vorotyntsev's request. In order to overcome the default, ShopLink must establish good cause, which it has failed to do.

First, Vorotyntsev's failure to comply with the deadline to obtain counsel for ShopLink was willful, and is part of a pattern of conduct by Vorotyntsev designed to delay and obstruct this litigation in order to avoid complying with his and ShopLink's discovery obligations, and to avoid paying back the money that Vorotyntsev stole from Tatintsian.

Rather than showing good cause for the default, Vorotyntsev provides misrepresentations, contending that he was unaware of the Court's deadlines for obtaining counsel or the consequences that would flow. These claims are belied by the record, which clearly shows that Vorotyntsev was warned multiple times that he must obtain counsel by the Court's deadline or else default would be entered against ShopLink.

After missing several deadlines to obtain new counsel, ShopLink also retained an attorney in delinquent registration status to appear and seek to vacate the default. ShopLink's failure, to this date, to retain an attorney in good standing in New York, provides further reason for granting Tatintsian's motion for a default judgment. Indeed, even with counsel, ShopLink

has shown disregard for this Court's deadlines, failing to file papers seeking to vacate the default by the Court's deadline.

ShopLink further argues that default judgment should not be entered against it because Tatintsian has not been unfairly prejudiced from the delay. That is not the case. For over eight months, disputes between Vorotyntsev and his own and ShopLink's lawyers and Vorotyntsev's failure to timely find replacement counsel for ShopLink have derailed this litigation and prevented discovery. The delay has also been costly for Tatintsian. Despite having replacement counsel in the courtroom for the Court's February 14, 2020 status conference, Vorotyntsev waited until Tatintsian expended significant resources to prepare and file a motion for a default judgment, before he retained counsel for ShopLink, further prejudicing Tatintsian.

ShopLink's claims are also not sufficiently meritorious to justify vacating the default. Vorotyntsev has propped up ShopLink, a long defunct corporation that he raided for his own enrichment, to bring meritless counterclaims against Tatintsian to distract from his own wrongdoing. ShopLink has failed to offer any evidence in support of the merits of its counterclaims, a requisite for establishing good cause under the case law. This Court should therefore not credit Vorotyntsev's conclusory statements that the claims have merit.

For these reasons, this Court should deny ShopLink's request for the Court to vacate the default and grant Tatintsian's request for default judgment against ShopLink.

## ARGUMENT

Under Federal Rule of Civil Procedure 55(c), a party seeking to vacate entry of a default must show good cause. "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and

to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95, 96 (2d Cir. 1993) (noting that default procedures "provide a useful remedy when a litigant is confronted by an obstructionist adversary" and these procedures are essential to "maintaining the orderly and efficient administration of justice.") The Second Circuit has established three criteria that should be assessed when deciding whether a party has demonstrated "good cause": "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. at 96. Here, all three of these criteria weigh against granting ShopLink's request to vacate the default and in favor of entering a default judgment against ShopLink, dismissing its counterclaims.

**1. ShopLink's failure to obtain new counsel by the Court's deadline was willful and part of a pattern of misconduct and delay in this matter.**

Vorotyntsev's failure to obtain an attorney for ShopLink by the Court's extended deadline was willful. The record shows that Vorotyntsev's actions are part of an intentional pattern of misconduct and delay in this case that should not be countenanced. Additionally, Vorotyntsev's claims in his affidavit that he was not on notice of the default or this Court's deadlines do not withstand scrutiny in light of clear record evidence to the contrary.

First, the delay in obtaining counsel for ShopLink was part of a broader pattern of obstruction and delay by Vorotyntsev. On July 1, 2019, Vorotyntsev's personal counsel, Frank Franzino, initially filed a motion for a pre-trial conference, indicating that he was seeking to withdraw due to Vorotyntsev's persistent non-payment of fees, and requesting a stay of all proceedings in the matter. *See* Dkt. no. 196. Then, on July 26, 2019, Franzino withdrew that motion, *see* Dkt. no. 201, indicating that counsel had reached an agreement with Vorotyntsev to continue with the representation. Shortly thereafter, counsel for ShopLink, Parker Pohl, sought

4

an extension of time of several months to produce document discovery due to the volume of discovery at issue.

On October 29, 2019, two days before counsel for ShopLink and Vorotyntsev were scheduled to produce discovery after a months-long delay, both counsel filed a motion for a pre-trial conference seeking to withdraw from representing Vorotyntsev and ShopLink, not only for non-payment but also because of the Vorotyntsevs' and ShopLink's

> persistent failure to cooperate in these representations, which has rendered it exceedingly and unreasonably difficult for [Franzino] and Parker Pohl to carry out employment effectively. *See* N.Y. Rules of Professional Conduct, Rule 1.16( c )(7). As a result of this failure, neither [Franzino] nor Parker Pohl is able to meet deadlines imposed by current Court Orders, and neither [Franzino] nor Parker Pohl is able to properly and ethically discharge its obligations as counsel….

*See* Dkt. no. 205. In his motion to withdraw as counsel, ShopLink's lawyer further elaborated: "Vorotyntsev has failed to meaningfully participate in the Actions, and in particular in discovery-related matters that are essential to preparation of ShopLink's claims and defenses in this action." Dkt. no. 212 at 2. It was thus willful conduct on the part of the Vorotyntsevs and ShopLink that obstructed the progress of the litigation and led ShopLink's counsel, Parker Pohl, to withdraw. In effect, this litigation has been at a standstill since July 1, 2019 due to Vorotyntsev's and ShopLink's misconduct.

This record also shows that Vorotyntsev was on notice, from at least October 29, 2019, that there was a high likelihood he would need to find additional counsel to continue to represent both himself and ShopLink. Indeed, in a letter dated November 5, 2019, Vorotyntsev informed the Court that he was in the process of seeking to retain counsel and was "close to engaging a new lawyer." Dkt. no. 207. Vorotyntsev thus had ample time to meet any deadlines imposed by the Court to find replacement counsel.

After counsel for ShopLink and the Vorotyntsevs moved to withdraw, *see* Dkt. No. 210, this Court held a telephone conference on November 21, 2019 with all parties and granted the withdrawal motions orally on the call and in a follow up written order on November 25, 2019. The Vorotyntsevs were on the November 21, 2019 conference call with the Court and were explicitly placed on notice that ShopLink would be in default if the corporation did not obtain counsel by the deadline imposed by the Court. Dkt. no. 219 at 20, 34-36. The Court further underscored this point in its written order dated November 25, 2019, noting that ShopLink "must appear before the Court through counsel" because it is a corporate entity. *See* Dkt. no. 218. The Court made clear that "[i]f no attorney enters an appearance on behalf of . . . ShopLink Inc. by [January 6, 2020], the Court may enter a default" against ShopLink, and plaintiffs may subsequently "seek a default judgment from the Court under Federal Rule of Civil Procedure 55(b)." *Id*. Vorotyntsev was therefore well aware of the consequences of counsel not appearing for ShopLink.

Vorotyntsev also provided the Court with contact information for timely service for himself and the corporations, and never advised the Court that this would be inadequate to reach him. On the November 21, 2019 conference call, the Court pressed Vorotyntsev for contact information at which timely service could be made, noting: "I don't want to have a period of time in which we have no contact information for you or the others." Dkt. no. 219, Nov. 21, 2020 Tr. at 37-38 (Court: "please give me addresses that will result in you receiving the information timely, in the event that a prompt response is required.") In response, Vorotyntsev provided an address for service on both himself and the corporations. *Id*. at 38 ("Mr. Vorotynsev: You can use one address for all parties, for both me and my wife and all the companies. . . . 511 Avenue of the Americas, number 372, New York, New York 10011.") If

Vorotyntsev could not be reached at that address, it was thus incumbent upon him to notify the Court.

Vorotyntsev also claims that he was not aware that an extended January 24, 2020 deadline had been imposed. Even if this were the case, Vorotyntsev was well aware that the January 6, 2020 deadline had passed, and he had no reasonable basis to assume that his January 6, 2020 request for a 30 day extension from the Court would be granted. Indeed, during the November 21, 2019 phone conference, Vorotyntsev asked for an even longer period of time to find counsel, and his request was denied due to concerns about prejudice to other parties. *See* Tr. at 20 ("I'd like to set a reasonable deadline, given the kind of concerns that were described by counsel for Mr. Tatintsian.") This approach is consistent with the Court's prior practice of balancing the interests of the parties and denying requests for extended deadlines. *See* Dkt. No. 164 (after Vorotyntsev asked for an additional 30 days to find new counsel when prior counsel withdrew, the Court granted two weeks). Vorotyntsev thus had no reason to assume that his request would be granted in full. Vorotyntsev also did not inform the Court that he would be unavailable to receive notification as to the outcome of his request.

After the Court extended the deadline to January 24, 2020, *see* Dkt no. 223, and ShopLink failed to obtain new counsel by that deadline, the Court directed the clerk to enter default. *See* Dkt. no. 226. As set forth above, Vorotyntsev was fully advised that this would be the consequence of failing to obtain counsel for ShopLink.

On February 4, 2020, the day before the deadline that would have existed if Vorotyntsev's January 6, 2020 request for an extension of time had been granted in full, Vorotyntsev still had not obtained a lawyer for ShopLink. Instead, Vorotyntsev sought more

7

time and represented to the Court that he was "in final stages of negotiations with a lawyer who we hope to engage and introduce to the court no later than next week." Dkt. No. 225.

On February 14, 2020, Friday of the following week, the Court held a conference in this matter. While a potential lawyer appeared in the gallery, Vorotyntsev had still not retained counsel for ShopLink. This was well over a month after the initial extended deadline, and on the outer date of when Vorotyntsev promised he would introduce a new lawyer to the Court.

During this conference, Vorotyntsev made several blatant misrepresentations, denying knowledge of the deadlines and denying knowledge that default would be the consequence of a missed deadline.

During the conference, both Vorotyntsev and potential incoming counsel were made aware that counsel for Tatintsian would be preparing and filing an order to show cause for why a default judgment should not be entered by Wednesday of the following week, which would require substantial additional resources on the part of Tatintsian. Nonetheless, replacement counsel did not appear for ShopLink until February 27, 2020, the day before the opposition to the order to show cause was due. New counsel sought an extension of time to respond, even though he had been in the courtroom and was on notice that the order to show cause would be filed from at least February 14, 2020.

Notably, new counsel is not even in good standing in New York. *See* Exhibit A, a printout from the New York State Unified Court System listing Mr. Thomas's registration status as "delinquent. "The failure to comply with attorney registration requirements violates Judiciary Law § 468–a and 22 NYCRR 118.1 and constitutes conduct prejudicial to the administration of justice warranting the imposition of discipline." *In re Attorneys in Violation of Judiciary Law 468-a, 22 NYCRR 118.1*, 152 A.D.3d 23, 24 (4th Dep't 2017). Thus, even after months of delay,

Vorotyntsev has still not retained a lawyer in good standing in New York to represent the corporation.

After the Court granted incoming counsel's request for an extension, new counsel promptly failed to abide by the new deadline. The Court made clear in a February 28, 2020 order that if ShopLink intended to file an order to show cause to vacate the default entered against ShopLink, it had to do so by March 5, 2020. *See* Dkt. no. 239. Incoming counsel filed a motion on March 6, 2020 that was inconsistent with the Court's individual rules of practice. On March 6, 2020, this motion was quickly terminated by the Court for failure to follow the rules, with the notice e-filed first thing in the morning on March 9, 2020. The deficiency in the filing was not cured until five days after the initial deadline, on March 10, 2020.

In sum, willful conduct, including obstruction of discovery, causing lead counsel for Vorotyntsev and ShopLink to withdraw, is certainly present here. Despite representations to the Court that he was close to obtaining new counsel since November 5, 2019, Vorotyntsev, after missing multiple deadlines, failed to obtain counsel for ShopLink until February 27, 2020. Even to this day, ShopLink does not have counsel in good standing in New York. Rather than accept responsibility for missing the Court's deadlines, Vorotyntsev made misrepresentations to the Court about his knowledge of the deadlines and the consequences that would inevitably flow from failing to comply. Once new counsel entered an appearance, new counsel promptly missed the deadline to vacate the default. Under these facts, willful conduct has been established. As the Second Circuit has stated, when confronted by "a recalcitrant party who fail[s] to comply with [a court's] order to obtain counsel . . . [s]uch cavalier disregard for a court order is a failure, under Rule 55(a), to otherwise defend as provided by these rules," and entering default judgment is entirely appropriate. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991)

(affirming the entry of a default judgment when an entity failed to comply with a court order to obtain counsel). It would be within the sound discretion of this Court to find that the obstructionist conduct, pattern of delay and blatant misrepresentations to the Court in connection with the default warrant entering a default judgment against ShopLink.

2. **Setting aside default here and not granting default judgment to Tatintsian would severely prejudice Tatintsian.**

Vorotyntsev's conduct has effectively stopped this litigation in its tracks since at least July 1, 2019. Since Vorotynsev stole $1.35 million from Tatintsian, this passage of time has severely prejudiced Tatintsian's ability to obtain timely relief.

Additionally, ShopLink's delays in obtaining counsel have caused Tatintsian to expend substantial resources, including preparing extensive filings associated with the default judgment, which could have been avoided if ShopLink had timely complied.[1] This prejudice warrants entry of a default judgment.

3. **ShopLink and Vorotyntsev have failed to present any evidence demonstrating that ShopLink's counterclaims are meritorious.**

A litigant seeking "to vacate an entry of default must present some evidence beyond conclusory" statements to support his claims. *Enron Oil Corp.*, 10 F.3d at 98. This is not a mere formality. *See McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (upholding district court's decision to deny a motion to set aside default in part because

---

[1] While, for the reasons set forth herein, including the numerous missed deadlines, blatant misrepresentations to the Court, and the failure of ShopLink to meet its burden of establishing good cause, a default judgment should be entered, if the Court is inclined to vacate the default, it should be a condition of the vacatur that ShopLink pay Tatintsian's reasonable attorneys' fees associated with the default. *See Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 649 (S.D.N.Y. 2018) ("the Court finds that the vacatur of the default should be conditioned upon the payment by Defendant of Plaintiff's reasonable attorneys' fees and costs that were incurred as a result of Defendant's default.")

defendant's defense was made "only in conclusory terms and is not accompanied by any supporting evidence"). Neither ShopLink, nor Vorotyntsev in his supporting affidavit, have presented any such evidence. Since ShopLink has failed to meet its burden of establishing meritorious claims, a default judgment should be entered.

## CONCLUSION

For the foregoing reasons, Tatintsian respectfully requests that this Court enter default judgment against ShopLink and dismiss its remaining counterclaims in this action.

Dated: March 16, 2020
      New York, NY

GELBER & SANTILLO PLLC

By: /s/ Kristen Santillo
Kristen Santillo
Fern Mechlowitz
347 West 36th Street, Suite 805
New York, NY 10018
Phone: 212-227-4743
Email: ksantillo@gelbersantillo.com
*Attorneys for Plaintiff Gary Tatintsian*