USDG SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/4/21__

# DAVIS & ASSOCIATES, P.C.

600 Mamaroneck Avenue, 4th Floor, Harrison, New York 10528
Tel 914.586.3529 ▪ Fax 914.206.4332
Web www.JeffDavisEsq.com ▪ Email Jeff@JeffDavisEsq.com

January 2, 2021

BY ELECTRONIC FILING
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMORANDUM ENDORSED**

Re: TATINTSIAN v. VOROTYNTSEV
Case No. 16-CV-7203 (GHW)(JLC)

Your Honor:

This firm represents the Defendants in the above referenced matter. We respectfully seek an extension of time on discovery. I understand that document discovery closed in November however there are numerous post-deposition demands which the Plaintiff refuses to satisfy, some of which in particular impact my client's rights to expert review, testimony and disclosure (the deadline for which is January 4th). For example, prior counsel and myself have demanded the "MYI Source Code" (see below). Failure to provide, if not deliberately withhold that information, significantly prejudices my client's rights to full and fair discovery. I respectfully understand that there is a long procedural history which has delayed the resolution of this case however that in and of itself cannot be a basis for denying my clients their rights to access material information in anticipation of the disposition of this case.

Below is the specific list of post-deposition demands, all of which were demanded in a timely manner and all of which became issues for discovery at depositions, no sooner. I have made a good faith attempt to resolve these discovery issues at the Deposition of VOROTYNTSEV and again on December 31, 2020.

> Demands for Khmaladze:
> 1. MYI Source code and all other code that was being developed by Agnicore
> 2. List of Names of all the developers that worked for Agnicore, with their contact information, in case we need to subpoena them and any and all employment and contract for hire agreements
> 3. All emails and records on communication with Readerlink
> 4. List of all customers of Agnicore
> 5. List of all the software development at Agnicore, other then MYI (specifically, what other projects were in development, or was it only MYI)
> 6. All Khmaladze banking records, to show that he was drawing money into his personal account and the account of IT Adapter Corp.

      7. All Khmaladze cell phone and home telephone records to establish times and frequency of communications with Tatintsian and Zubchevich, leading up to the lawsuit and until the dissolution of Agnicore
      8. All the skype messages between Myself and Khmaladze; Tatintsian and Khmaladze; Zubchevich and Khmaladze and the three of them together.
      9. All the skype messages and emails between Khmaladze and the team members that worked for Shoplink and then left to work for Agnicore
      10. All the skype messages and emails between Khmaladze and Denis Latushkin
      11. All skype messages and emails between Khmaladze and Sergey Aleinikov
      12. All skype messages and emails between Khmaladze and Timur Shamsetdinov
      13. All skype messages between Khmaladze and Lev Muchnik, and Gennady Pritzker
      14. All Corporate records for Agnicore
      15. All emails related to the patent take over
      16. All bank records of Khmaladze's wife, brother and parents to see if any payments from Tatintsian may have been remitted

Demands for Tatintsian:
      1. All Gallery bank accounts, specifically from the time period of March 2016 until Sep 2016 - as he misappropriated customer funds and we believe has invested into Shoplink using someone else's money (Leramont LLC a/s/o Pelican Ventures https://www.pacermonitor.com/public/case/33048068/Leramont_LLC_v_Gary_Tatintsian_Gallery,_Inc_et_al)
      2. All corporate documents for Agnicore and all records of employees, and contractors with names and compensation records from the bank
      3.
      4. List of Names of all the developers that worked for Agnicore, with their contact information, in case we need to subpoena them and any and all employment and contract for hire agreements
      5. All emails and records on communication with Readerlink
      6. List of all customers of Agnicore
      7. List of all the software development at Agnicore, other then MYI (specifically, what other projects were in development, or was it only MYI)
      8. All Tatintsian gallery and personal banking records with payments to Zubchevich and Khmaladze
      9. All Tatintsian gallery and personal banking records of payments to Agnicore employees and contractors
      10. All Agnicore audited financials and internal unaudited financial records
      11. All Tatintsian phone records between him and Zubchevich, between March 2016 and June 2018
      12. All Tatintsian phone records between him and Khmaladze between March 2016 and June 2018
      13. All emails between Tatitnsian and Zubchevich, between March 2016 and June 2018
      14. All emails between Tatinsian, Zubchevich and Larry Nussbaum, who was the lawyer to have written the original demand letter on August 30th 2016
      15. All Tatintsian phone records from August May 2016 to June 2018 to establish contact with investors and potential partners of Shoplink

    16.   All Tatintsian phone records and emails with Nebeus, including but not limited to Zaripov and Romanovsky

    17.   All phone records for December 2017, to identify calls to Christopher Woodrow

Thank you in advance for your consideration and attention to matter.

JEFFREY K. DAVIS, ESQ.

---

Application denied without prejudice.  Counsel has failed to comply with Rule 2(C)(ii) of the Court's Individual Rules of Practice in Civil Cases, which provides, in part, that a "request a pre-motion conference concerning discovery, counsel must submit a single, jointly composed letter describing their discovery dispute(s)."
SO ORDERED.

Dated: January 3, 2021

GREGORY H. WOODS
United States District Judge