```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GARY TATINTSIAN, on his own behalf and for the      :
benefit of Shoplink, Inc.                           :
                                                    :
                              Plaintiff,            :    1:16-cv-7203-GHW
                                                    :
           -against-                                :    1:16-cv-8029-GHW
                                                    :
MIKHAIL VOROTYNTSEV, and ELENA                      :    MEMORANDUM OPINION
VOROTYNTSEV,                                        :         AND ORDER
                                                    :
                              Defendants.           :
                                                    :
     and,                                           :
                                                    :
 SHOPLINK, Inc.                                     :
                                                    :
                        Nominal Defendant.          :
                                                    :
-----------------------------------------------------------------X

-----------------------------------------------------------------X
DIMITRY KHMALADZE, and IT ADAPTER                   :
CORPORATION, INC.,                                  :
                                                    :
                              Plaintiffs,           :
                                                    :
           -against-                                :
                                                    :
MIKHAIL VOROTYNTSEV, AUM CODE LLC,                  :
IT ADAPTER, LLC, and, SHOPLINK, INC.                :
                                                    :
                              Defendants.           :
                                                    :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/21

GREGORY H. WOODS, District Judge:

Over six weeks after the close of fact discovery, Defendants sought to compel Plaintiffs to comply with certain discovery demands. Because fact discovery had already closed, Defendants'

request would have required the Court to amend the governing Case Management Plan and Scheduling Order in order to re-open fact discovery. On January 8, 2021, the Court denied Defendants' request because they had not been diligent in bringing their discovery dispute to the Court, and therefore had not demonstrated the good cause necessary to amend the Case Management Plan and Scheduling Order. Defendant Mikhail Vorotyntsev filed a motion for reconsideration. Because Mr. Vorotyntsev still has not demonstrated good cause, his motion for reconsideration is DENIED.

I. BACKGROUND

On July 15, 2020, the Court entered a revised Case Management Plan and Scheduling Order (the "CMP") that set deadlines for the remainder of this litigation. Case No. 1:16-cv-7203-GHW, Dkt. No. 273; Case No. 1:16-cv-8029-GHW, Dkt. No. 161. The CMP included an October 6, 2020 deadline for the close of fact discovery. *Id.* ¶ 7(a). The day before the Court entered the CMP, the Court held a conference at which it discussed with the parties the deadlines to be included in the order. After having looked at the parties' proposed case management plans, the Court concluded that they were reasonable. Transcript of Conference July 14, 2020 Conference ("July 14, 2020 Tr."), Case No. 1:16-cv-7203-GHW, Dkt. No. 311; Case No. 1:16-cv-8029-GHW, Dkt. No. 191, 16:21-24.

The Court proceeded to explain in depth to the parties the importance of meeting the deadlines in the Case Management Plan and Scheduling Order:

> You should think of these deadlines as real deadlines, deadlines about which you are required to complete in the discovery. You will see that each of the case management plans use the word "completed" when they refer to the dates for completion of fact and expert discovery. You should know that is an intentional word choice. It reflects my expectation that discovery indeed will be completed by the date that is specified there. In other words, that there will not be any more of that category of discovery after that date. That is the general rule. As with many general rules, there are a number of corollaries that flow from the rule. I can't extrapolate all of them for you here; but I do want to highlight two corollaries as a general principle.

> First, please remember to the extent there is a dispute about discovery or concern about your adversary or any third-parties' response for requested information that you should bring that issue to my attention promptly if you are not able to resolve it amongst yourselves. That is for the very simple reason that the deadline for completion of fact discovery is in fact a deadline. You should not sit on a discovery dispute or hoard it until late in the discovery period with the expectation that I will tack on some definite amount of time to discovery to permit the parties litigate discovery disputes and to use any information that they get from a result of the disputes. Instead, my expectation is that the parties will complete the work by the deadlines. So if there is any discovery dispute, please bring it to my attention promptly through a joint letter. . . .
>
> The second corollary that I want to highlight is a very simple point that if you wait to ask for discovery or to take a deposition until late in the discovery period, you are leaving yourself commensurately less time to conduct follow-up discovery with respect to any information that you might learn from the discovery mechanism. So, for example, if you were to take a deposition on the last day of fact discovery, which is permitted here, you will be left with no time to conduct follow-up discovery with respect to any information that you might learn from the deposition. Similarly, you would have little time to follow up with respect to the responses to written discovery requests that are propounded late in the discovery period.

*Id.* at 17:1-18:21. Later in the conference, the Court explained that modifications to the case management plan could only be made upon a finding of good cause to do so:

> You'll see that the case management plan can be modified but only on good cause shown to the Court. I do look for good cause. So you shouldn't expect that you can get an extension just because the parties agreed to it. I do look to make sure there is a good reason for an extension of the deadlines. My expectation is that the parties will work diligently to meet the deadlines, to make and use professional judgment. Counsel, if you choose to not invest sufficient resources in the case to take discovery or request it during the time periods that are established here, you should not expect unnecessary find that to be good cause of an extension of time. Instead, I may simply find that you took advantage of the resource that we are allocating to you through this case management plan and scheduling order. . . .
>
> Finally, I note that both the case management plan and scheduling order and my individual rules of practice require that any application to extend a deadline must be made no less than two business days prior to the expiration of the dates sought to be extended. You should not expect that I will grant a request that is made untimely.

*Id.* at 21:2-22:2. At the time, Mr. and Mrs. Vorotyntsev were proceeding *pro se*. They attended that call and were therefore present for the Court's detailed explanation of the importance of the discovery deadlines set forth in the CMP.

On September 25, 2020, the Court extended the deadline for the completion of fact discovery to November 20, 2020. Case No. 1:16-cv-7203-GHW, Dkt. No. 280; Case No. 1:16-cv-8029-GHW, Dkt. No. 168. Just before fact discovery closed, Plaintiffs in the *Khmaladze* Action wrote the Court, with consent of all parties in all actions, requesting a limited extension of fact discovery to allow the plaintiffs in both actions to complete the deposition of Mr. Vorotyntsev. Case No. 1:16-cv-7203-GHW, Dkt. No. 288; Case No. 1:16-cv-8029-GHW, Dkt. No. 176. The same day, the Court granted that limited extension:

> The deadline for the completion of fact discovery is extended to December 18, 2020 for the limited purpose of completing the deposition of Mr. Vorotyntsev as described in this letter. Because the parties have requested this extension only for the limited purpose of completing the deposition, the remaining deadlines, including the November 20, 2020 for affirmative expert disclosures under Fed. R. Civ. P. 26(a)(2), remain in place.

Case No. 1:16-cv-7203-GHW, Dkt. No. 290; Case No. 1:16-cv-8029-GHW, Dkt. No. 178. At no point did any party, including Defendants, seek an extension beyond November 20, 2020 for anything other than the completion of the deposition of Mr. Vorotyntsev.

At the time fact discovery closed, Mr. and Mrs. Vorotyntsev were representing themselves *pro se*. Jeffrey Davis, their counsel of record, did not enter a notice of appearance on their behalf until December 15, 2020. Case No. 1:16-cv-7203-GHW, Dkt. No. 292; Case No. 1:16-cv-8029-GHW, Dkt. No. 179.

Despite the fact that fact discovery had closed over six weeks earlier, on January 4, 2021, Defendants, represented by Mr. Davis, requested a pre-motion conference, seeking to compel Plaintiffs to comply with certain discovery demands. Case No. 1:16-cv-7203-GHW, Dkt. No. 298; *see also* Case No. 1:16-cv-8029-GHW, Dkt. No. 182.

The Court held a conference regarding Defendants' motion on January 8, 2021, ultimately denying the request. Case No. 1:16-cv-7203-GHW, Dkt. No. 305; Case No. 1:16-cv-8029-GHW, Dkt. No. 185. The Court noted that the CMP "may be modified only for good cause and with the

4

Court's consent." Transcript of January 8, 2021 Conference ("January 8, 2021 Tr."), Case No. 1:16-cv-7203-GHW, Dkt. No. 314; Case No. 1:16-cv-8029-GHW, Dkt. No. 193, at 34:19-22. The Court explained that "the most recent fact discovery deadline was November 20, 2020" and that it "extended the deadline for the limited purpose of completing the deposition of Mr. Vorotyntsev . . . by order dated November 20, 2020." *Id.* at 34:23-35:3. The Court reiterated what was made clear in the November 20, 2020 order—that "the modification to the scheduling order permitted only a modification of the schedule for that limited purpose." *Id.* at 35:3-5.

After considering the parties' arguments, the Court denied Defendants' request: "I don't find good cause for a further extension of discovery; indeed, here, the request is not to extend discovery but rather to reopen it in its entirety." *Id.* at 35:13-16. The Court quoted at length from the portion of the July 14, 2020 conference transcript that described the importance of meeting deadlines, completing discovery by the fact discovery deadline, and timely requesting any necessary extensions. *Id.* at 36:3-39:17. The Court found that Defendants had not adhered to a number of the Court's expectations and requirements described during the July 14, 2020 conference. The Court stated that Defendants had hoarded discovery disputes until after the discovery period ended, failed to leave themselves ample time to conduct follow up discovery, disregarded the CMP, and had not timely requested an extension. *Id.* at 39:22-40:18; 42:9-18. The Court found that Plaintiffs would be prejudiced by an extension and that Defendants had not made "an adequate showing of diligence which is the keystone of any request for an extension of time when the Court looks to find good cause." *Id.* at 41:23-42:3.

> The Court summarized its decision as follows:
>
> So, in sum, considering all of the issues presented here, I don't find that there is good cause for an extension of time. I don't see that the requesting party has made an adequate showing of good cause. They have not demonstrated adequate diligence. And the request is made in a manner that is inconsistent with the terms of the case management plan and scheduling order and results in both prejudice and delay.

5

*Id.* at 42:19-25.

At the end of the conference, even though he was represented by counsel, Mr. Vorotyntsev requested that the Court reconsider its decision. *See id.* at 60:14-15, 62:15-19. The Court denied that oral request for reconsideration:

> I've ruled on the issue regarding an extension of the discovery deadlines. The deadline passed some time ago and why it is that the parties failed to comply with my clear instructions during the July conference is unclear. That's not a justification for extending the deadlines. I'll just note for these purposes that Mr. Vorotyntsev and Mrs. Vorotyntsev were both at the conference at which I provided those very clear instructions about what one needed to do and not sit on discovery disputes. And that because they were representing themselves up until the appearance of counsel here, Mr. Davis, if Mr. Vorotyntsev or Mrs. Vorotyntsev had concerns about the deficiency of discovery, as *pro se* litigants representing themselves, they had the opportunity and power to bring that directly to the attention of the court during the discovery period. Failure by counsel for the corporations to raise issues is an issue for the corporation. But as individuals representing themselves *pro se*, they had opportunity to raise issues with the Court during the course of the discovery period and what, as I expressly detailed, should be the course of conduct during my remarks of the July 14 conference at which all parties were present. So I appreciate the comments, Mr. Vorotyntsev, but I nonetheless deny the request.

*Id.* at 65:2-24.

A week later, Mr. Vorotyntsev renewed his motion for reconsideration.[1] Case No. 1:16-cv-7203-GHW, Dkt. No. 309; Case No. 1:16-cv-8029-GHW, Dkt. No. 187 ("Motion for Reconsideration").

## II. LEGAL STANDARD

### A. Motions for Reconsideration

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has

---

[1] Mr. Vorotyntsev submitted his motion via email, without copying counsel for any of the parties. He has already been admonished multiple times not to do so. *See* Case No. 1:16-cv-7203-GHW, Dkt. No. 229; Case No. 1:16-cv-8029-GHW, Dkt. No. 111 ("Dear Mr. Vorotyntsev, As you were advised last week, the Court does not accept correspondence from pro se litigants by email. To communicate with the Court, you must write a letter and send it to, or hand deliver it at, the following address: Pro Se Intake Unit, 500 Pearl Street, Room 200 New York, New York 10007. Please do not send further correspondence to this email account unless you have been expressly advised by the Court that you have permission to do so."). Due to the ongoing pandemic, *pro se* parties may file documents using the following temporary email address: Temporary_Pro_Se_Filing@nysd.uscourts.gov. Additional information regarding the temporary acceptance of *pro se* filings by email is available at https://www.nysd.uscourts.gov/sites/default/files/pdf/covid-19/Notice%20-%20Pro%20Se%20Email.pdf.

overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

### B. Extensions of Discovery

The discovery schedule was governed by the Case Management Plan and Scheduling Order. Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Young v. Sw. Airlines Co.*, No. 14-cv-1940 (LDH)(RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (quotation omitted). But the "good cause requirement" is "mandatory." *In re Adelphia Commc'ns. Corp.*, 452 B.R. 484, 497 (Bankr. S.D.N.Y. 2011) (quotation omitted). Thus, the Court's "discretion to grant . . . relief" under Rule 16(b)(4) is "limited by the good cause requirement." *Rupp v. City of Buffalo*, 328 F.R.D. 69, 71 (W.D.N.Y. 2018) (quotation omitted).

"Rule 16 does not set forth a definition of 'good cause.'" *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019). But "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243, 244 (2d Cir. 2007). "The party must show that, despite

7

its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Liverpool v. City of New York*, No. 18-cv-1354 (PAE)(BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020) (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-cv-3749 (KMW)(DCF), 2009 WL 3467756, at *2 (S.D.N.Y. Oct. 28, 2009)) (internal quotation marks and alterations omitted). "In undertaking the good cause inquiry, the Court gives solicitude to [Plaintiff's] status as a *pro se* litigant." *Langton v. Town of Chester*, No. 14-cv-9474 (NSR)(LMS), 2017 WL 6988708, at *5 (S.D.N.Y. Sept. 26, 2017) (citing *Case v. Clivilles*, No. 12-cv-8122 (TPG), 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016)), *aff'd sub nom. Langton v. Town of Chester Library Bd.*, No. 14-cv-9474 (NSR), 2020 WL 2850898 (S.D.N.Y. June 1, 2020). "This factor, however, must be balanced with the understanding that *pro se* litigants are nevertheless 'expected to make efforts to comply with the procedural rules of the Court.'" *Id.* (quoting *Case*, 2016 WL 5818577, at *3).

### III.  DISCUSSION

Mr. Vorotyntsev's motion for reconsideration is denied.  The Court's decision on the record, and its denial of Mr. Vorotyntsev's oral request for reconsideration, were correct.  Because they were not diligent in seeking the discovery at issue, Defendants failed to demonstrate the good cause necessary to modify the CMP to re-open discovery.

Defendants sat on the discovery dispute until six weeks after the close of fact discovery on November 20, 2020.  Only then did they ask to re-open discovery on January 4, 2021.  Even accepting at face value Defendants' assertion in their pre-motion conference letter filed on January 4, 2021 that the discovery demands at issue all "became issues for discovery for the very first time at the deposition of the Plaintiff Tatintsian, no sooner," Case No. 1:16-cv-7203-GHW, Dkt. No. 298, the failure to seek court intervention until six weeks after the close of discovery demonstrates that they were not diligent in bringing their request.  Moreover, it is apparent that these discovery demands did not first become an issue at Mr. Tatintsian's deposition.  For example, in his motion,

8

Mr. Vorotyntsev stated that "Plaintiffs failed to comply with the discovery requests we timely served years ago." Motion for Reconsideration at 2. The issues materialized before the close of fact discovery, so Defendants could have either timely raised them or sought an extension. They did neither, and have not justified their failure to do so.

Mr. Vorotyntsev justifies his failure to diligently raise these issues by casting blame on counsel for defendants Shoplink, Aum Code, and IT Adapter (the "Corporate Defendants"): "Prior counsel, including Mr. Seibert, admonished us for, and vehemently discouraged us from, attempting to write directly to the court, to request extension of the discovery deadlines and briefing the court on some of our discovery concerns and suggested we instead defer to him to pursue discovery. We appreciate now that we were not well served by that advice." Motion for Reconsideration at 2. But the advice of counsel for the Corporate Defendants cannot justify Mr. Vorotyntsev's lack of diligence. Mr. Vorotyntsev represented himself until December 15, 2020. He appeared at the July 14, 2020 conference at which the Court described the importance of deadlines, not sitting on discovery disputes, and timely requesting any necessary extensions. As a result, he was on notice that the deadlines in the CMP were real deadlines. His *pro se* status notwithstanding, he was aware of the importance of the deadlines. He was "expected to make efforts to comply with the procedural rules of the Court." *Langton*, 2017 WL 6988708, at *5 (quoting *Case*, 2016 WL 5818577, at *3). He did not.

Because Mr. Vorotyntsev and the other defendants were not diligent in bringing their discovery dispute to the Court, the Court again finds that they have not demonstrated good cause for a modification of the Case Management Plan and Scheduling Order. As a result, the Court declines to re-open fact discovery.

## IV.     CONCLUSION

Mr. Vorotyntsev's motion for reconsideration is denied.  The Clerk of Court is directed to mail a copy of this order to Mr. and Mrs. Vorotyntsev by first class and certified mail.

SO ORDERED.

Dated:  January 26, 2021

_____
GREGORY H. WOODS
United States District Judge