```
                                                          ┌─────────────────────────────────┐
                                                          │ USDC SDNY                       │
                                                          │ DOCUMENT                        │
                                                          │ ELECTRONICALLY FILED            │
                                                          │ DOC #: _____        │
                                                          │ DATE FILED: 3/4/2021            │
                                                          └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY TATINTSIAN, *on his own behalf and for the*        :
*benefit of Shoplink, Inc.*                             :
                                                        :
                                    Plaintiff,          :          1:16-cv-7203-GHW
                                                        :
                  -against-                             :          1:16-cv-8029-GHW
                                                        :
MIKHAIL VOROTYNTSEV, and ELENA                          :          <u>ORDER</u>
VOROTYNTSEV,                                            :
                                                        :
                                    Defendants.         :
                                                        :
         and,                                           :
                                                        :
  SHOPLINK, Inc.                                        :
                                                        :
                          Nominal Defendant.            :
                                                        :
------------------------------------------------------------X

------------------------------------------------------------X
DIMITRY KHMALADZE, and IT ADAPTER                       :
CORPORATION, INC.,                                      :
                                                        :
                                    Plaintiffs,         :
                                                        :
                  -against-                             :
                                                        :
MIKHAIL VOROTYNTSEV, AUM CODE LLC,                      :
IT ADAPTER, LLC, and, SHOPLINK, INC.                    :
                                                        :
                                    Defendants.         :
                                                        :
------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

    The Court has received a February 24, 2021 letter from Mikhail Vorotyntsev requesting an

extension of the deadline for Defendants ShopLink, Inc., IT Adapter LLC, and Aum Code, LLC

(collectively, the "Corporate Defendants") to appear through counsel in this case.  Dkt. No. 327.

Kristin Santillo, counsel for Gary Tantintsian, filed a letter opposing the request for an extension on

February 25, 2021.  Dkt. No. 328.  Mr. Vorotyntsev submitted a letter in response on March 2, 2021.

And on the evening of March 3, 2021, Albert Y. Dayan, a lawyer who is not yet representing any

party in this case, submitted a letter to the Court stating that he has engaged in discussions with Mr.

Vorotyntsev to represent the Corporate Defendants.  In his letter to the Court, Mr. Dayan

represents that he has "agreed in spirit to all of the terms of my legal representation of the

Corporate Defendants . . . ."  Mr. Dayan requests "an allowance of reasonable additional time for

my firm to be officially retained and for my firm to file a formal notice of appearance . . . ."

Before turning to the substance of these requests, the Court must address two brief

procedural issues.  First, as the Court has informed the parties, the Corporate Defendants may not

appear in this action *pro se.  See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has

been the law for the better part of two centuries . . . that a corporation may appear in the federal

courts only through licensed counsel."); *Pridgen v. Anresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is

well established that a layperson may not represent a corporation.").  Mr. Vorotyntsev is not a

lawyer, and therefore cannot represent the corporations in this case.  Similarly, Mr. Dayan does not

represent the Corporate Defendants yet in this case because he has not yet entered a notice of

appearance.  As a result, he cannot speak on behalf of the Corporate Defendants.  The Court is

taking up their applications for an extension in this order, but Mr. Vorotyntsev and Mr. Dayan

should not take from the Court's decision to do so that either of them have the capacity at this point

to represent the interests of the Corporate Defendants.

Second, Mr. Vorotyntsev is directed again to comply with the orders of the Court.  Mr.

Vorotyntsev has been advised several times that he may not communicate with the Court through

the Court's chambers email address.  The Court has directed Mr. Vorotyntsev regarding how he may

correspond with the Court numerous times.  *See, e.g.,* Dkt. No. 229.  Mr. Vorotyntsev is aware of this

direction.  *See, e.g.* January 15, 2021 email from Mr. Vorotyntsev, Dkt. No. 309 ("We are not sure if

we have followed a specific protocol by sending this email directly to Your Honor's chambers, and we hope that in this case we are spared any reprimand for not adhering to such protocol."). Mr. Vorotyntsev is again directed to correspond with the Court through the Pro Se Office. During the pendency of the COVID-19 pandemic, he may direct correspondence to the following email address Temporary_Pro_Se_Filing@nysd.uscourts.gov.

The Court understands this to be a request for a short extension of time for the Corporate Defendants to retain counsel. In a case with less history, the Court might act readily to grant the request—as, indeed, it has done twice earlier in this case. But the history of the Corporate Defendants' efforts to retain and keep counsel in this case weigh against granting further extensions of time. As Ms. Santillo's letter notes, the Corporate Defendants have worked with a number of lawyers in this case—five sets of counsel since 2019. The Court will not recount the history of the Corporate Defendants' and Mr. and Mrs. Vorotyntsev's engagement of counsel here. The record of the requests by counsel to withdraw and the reasons presented by former counsel in support of those requests to withdraw are all available on the docket of the case. Still, a brief summary is helpful to provide some context.

On November 25, 2019, the Court granted an application by counsel for the Corporate Defendants to withdraw. Dkt. No. 218. At the same time, the Court granted the application of the second law firm representing Mr. and Mrs. Vorotyntsev in this case.[1] *Id.* The Court stayed the case through January 6, 2020 to permit the Corporate Defendants to obtain new counsel. *Id.*

As here, Mr. Vorotyntsev requested an extension of that thirty day period. Dkt. No. 222. Mr. Vorotyntsev wrote that he believed that "we are close to engaging a new lawyer. However, we

---

[1] The first stay of this case was implemented after the Court granted the motion to withdraw filed by counsel for Mr. and Mrs. Vorotyntsev on June 9, 2017. Dkt. No. 161. The Court stayed the case for 30 days to permit the Vorotyntsevs to retain new counsel. *Id.* As here, Mr. Vorotyntsev wrote the Court requesting an extension of that thirty day period. Dkt. No. 163. The Court granted that application—extending the stay to July 21, 2021. Dkt. No. 164.

have been unable to finalize an engagement at this time." *Id.* The Court granted the requested application in part—extending the period of the stay to January 24, 2020. Dkt. No. 223. It was not until February 3, 2020—over two months after the withdrawal of counsel—that the Court ordered that the Corporate Defendants be held in default. Dkt. No. 224. The next day, Mr. Vorotyntsev wrote the Court again, saying that the he had "been diligently looking for legal representation, and have been denied such by a number of attorneys, who have referenced the proceedings' history." Dkt. No. 225. The Court did not vacate the default as a result of that letter. The Court held a conference on February 14, 2020, attended by the Vorotyntsevs, and counsel for the other parties. In the gallery was attorney William Thomas, who had not yet entered a notice of appearance in the case.

On February 19, 2020, Mr. Tatintsian and the other parties filed a proposed order to show cause for the entry of default judgment against the Corporate Defendants. Dkt. Nos. 230-235. On February 27, 2020, eight days after the presentation of an order to show cause—and three months after the withdrawal of prior counsel—Mr. Thomas filed a notice of appearance on behalf of the Corporate Defendants. In an early conference following Mr. Thomas' appearance, he confirmed that he had made arrangements that would permit him to litigate the case through to completion— reassuring the Court that his appearance was not merely a short term placeholder to avoid the default by the Corporate Defendants. Mr. Thomas's appearance spurred a motion to vacate the default. Dkt. No. 240. After briefing, the Court granted the motion to vacate the default on June 1, 2020. Dkt. No. 259. As a condition to vacatur, the Court ordered the Corporate Defendants to redress the prejudice resulting from their default. Dkt. Nos. 259, 261. After one request for an extension of the deadline for the Corporate Defendants to make the required payment, Dkt. No. 265, the Court vacated the default on June 26, 2020. Dkt. No. 268.

Less than five months thereafter, on November 17, 2020, Mr. Thomas was replaced as counsel for the Corporate Defendants. Dkt. No. 286. Jason Seibert was substituted into his position. New counsel for the Corporate Defendants, Mr. Jeffrey Davis, entered an appearance on the docket on December 15, 2020. Shortly thereafter, on December 31, 2020, Mr. Seibert requested leave to withdraw for the first time. Dkt. No. 293. During a January 8, 2021 conference, Mr. Davis informed the Court that he too wished to withdraw as counsel in the case. While the Court at first denied the motions by both Mr. Davis and Mr. Seibert, after reviewing renewed applications, the Court granted the requests on January 31, 2021. Dkt. No. 324. The Court stayed the case until March 2, 2021 to permit the Corporate Defendants time to obtain counsel. The Court clearly advised the parties that the Corporate Defendants' failure to obtain counsel by that date could result in a finding that the Corporate Defendants were in default. This was more than 30 days after the January 31, 2021 order of the Court. As significantly, it was nearly two months after counsel for the Corporate Defendants informed the Court and parties of their desire to withdraw from the case.

This history weighs against the grant of an extension of the stay. This is the third time in the history of this case that it has been stayed as a result of the inability of either the Vorotyntsevs or the Corporate Defendants to retain counsel. The Court previously granted extensions of time, only to see the Corporate Defendants take even longer than requested to find new counsel. The Court is hopeful that the Corporate Defendants will be able to retain new counsel to litigate this case on the merits, but the recent history of this case raises concerns about their ability to do so in the near term. The Court is concerned that, as before, a substantial extension of time will only lead to still further delay, and prejudice to the other parties.

The delays resulting from the Corporate Defendants' issues with the retention of counsel do prejudice the other parties for the reasons described in Ms. Santillo's letter. Her clients are ready to

proceed to summary judgment motion practice against Mr. Vorotyntsev. The stay is impeding their ability to seek that relief.

The need to underscore the importance of compliance with court-ordered deadlines and other directives also weighs against a further extension of time. The Court established a very clear deadline for the expiration of the stay; and stated that the entry of default would follow in the event that counsel for the Corporate Defendants had not entered an appearance by that date.

Nonetheless, in light of the letter from Mr. Dayan asserting that "he has agreed in spirit to all of the terms of my legal representation of the Corporate Defendants," the Court believes that a short extension of the deadline established by the Court is warranted. Since the Corporate Defendants and Mr. Dayan have agreed to the terms of his representation, the Court will extend the stay by a week to permit his agreement to be reduced to writing and for him to enter a notice of appearance in this case.

The stay in this case is extended to March 10, 2021 to permit the Corporate Defendants to retain counsel. If no attorney enters an appearance on behalf of the Corporate Defendants by that date, the Court expects to enter a default against those entities. *See Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55[.]"); *see also, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129, 130 (2d Cir. 2011). If the Court enters a default against the Corporate Defendants, plaintiffs may seek a default judgment from the Court under Federal Rule of Civil Procedure 55(b).

The Clerk of Court is directed to mail a copy of this order to Mr. Vorotyntsev by first class and certified mail.

SO ORDERED.

Dated:  March 4, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge