# MEMORANDUM ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/2022

April 19, 2022

**VIA ECF and Email**
The Honorable Gregory H. Woods, U.S.D.J.
Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *Tatintsian v. Vorotyntsev et. al.,* Case No. 16 Civ. 7203 (GHW)

Dear Judge Woods:

    On September 2, 2021, I filed a Motion for Summary Judgment on behalf of my client, Gary Tatintsian, along with a Memorandum of Law in Support of the Motion, a Statement of Undisputed Facts, a Declaration of Mr. Tatintsian, a Declaration of Kristen Santillo, and Exhibits A-Q.  Because Exhibits C, D, E, H, J, L, M, N, O and Q were designated as Confidential by either ShopLink, Mikhail Vorotyntsev or Dmitriy Khmaladze, pursuant to the terms of the Protective Order entered in this matter, I filed these documents under seal.  In an abundance of caution, I also filed Exhibits A and B under seal, even though I did not believe they had been designated as confidential.  I thereafter filed a letter, *see* Dkt. No. 347, attached as Exhibit A, which I sent to Mikhail Vortyntsev via email and mail and ShopLink's counsel Robert Leino via email and ECF, notifying them that they had three days to make any applications to file the documents under seal.  They did not make any filing to designate any portions of our motion or exhibits under seal, and to this date have not made any request for particularized confidentiality designations.  Accordingly, it is our position that they have waived their right to make confidentiality designations with regard to our opening papers.

    On October 14, 2021, over a month after I had given Mr. Voroytnsev and Mr. Leino an opportunity to make any confidentiality designations, the Court issued an ordering granting an extension of time to the parties, but also deeming our opening summary judgment papers withdrawn.  Dkt. No. 356.  The Court ordered the parties to serve their papers privately, and to then re-file them on the public docket.  While Mr. Vorotyntsev and Mr. Leino have served their opposition papers, they have not made any applications or motions regarding confidentiality designations.  Since the summary judgment motion is fully briefed and we are re-filing our papers, we are once again filing them under seal in an abundance of caution, but we do not believe the papers are confidential and we believe that the opportunity to make any designations has been waived.  We would therefore respectfully request that the Court order that the unredacted papers be filed on the docket either now or in 3 days if no motions are made with particularized confidentiality designations.

Gelber & Santillo PLLC, 347 West 36th Street, Suite 805, New York, NY 10018 Tel: 212-227-4743 Fax: 212-227-7371

The Honorable Gregory H. Woods, U.S.D.J.  Page 2
April 19, 2022

    Thank you for your consideration.

                      Respectfully submitted,

                      /s/ Kristen Santillo
                      Kristen Santillo

cc:    All parties via ECF and Email
        Mikhail Vorotyntsev, by Email

Application granted. On September 9, 2021, Plaintiff filed various exhibits in support of his motion for summary judgment temporarily under seal and also redacted quotations from the exhibits in Plaintiff's motion, as a courtesy to Defendants who had designated at least some of the exhibits as confidential during discovery. *See* Dkt. Nos. 347, 350, 354. Plaintiffs notified Defendants on September 2, 2021 that Defendants must make a timely application to seal the exhibits should Defendants wish to keep these documents under seal. *See* Dkt. No. 347. Defendants made no such application. *See* Dkt. No. 379. On October 14, 2021, the Court issued an order deeming Plaintiff's summary judgment motion withdrawn and directing Plaintiff to refile the motion at a later date. *See* Dkt. Nos. 356, 374. Plaintiff refiled his summary judgment motion on April 19, 2022, again filing the exhibits at issue under seal and redacting portions of the motion. *See* Dkt. Nos. 374, 397. As of April 27, 2022, no party has made an application to file the exhibits to Plaintiff's summary judgment motion under seal.

As stated in the Court's Individual Rule of Practice 4(A)(ii), "the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). Accordingly, the Court directs Plaintiff to file an unredacted version of Plaintiff's summary judgment motion and all exhibits to that motion on the public docket no later than April 29, 2022.

The Clerk of Court is instructed to terminate the motion pending at Dkt. No. 379.

SO ORDERED.

Dated: April 27, 2022
New York, New York

                      GREGORY H. WOODS
                      United States District Judge

# EXHIBIT A



September 2, 2021

**VIA ECF and Email**
The Honorable Gregory H. Woods, U.S.D.J.
Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Tatintsian v. Vorotyntsev et. al.,* Case No. 16 Civ. 7203 (GHW)

Dear Judge Woods:

      Today I am filing a Motion for Summary Judgment on behalf of my client, Gary Tatintsian, along with a Memorandum of Law in Support of the Motion, a Statement of Undisputed Facts, a Declaration of Mr. Tatintsian, a Declaration of Kristen Santillo, and Exhibits A-Q.  Because Exhibits C, D, E, H, J, L, M, N, O and Q have been designated as Confidential by either ShopLink, Mikhail Vorotyntsev or Dmitriy Khmaladze, pursuant to the terms of the Protective Order entered in this matter, I am filing these exhibits under seal and redacting all quotations of these exhibits from the publicly filed version of our Memorandum of Law and Statement of Undisputed Facts.

      Mr. Vorotyntsev's deposition transcripts have not been designated as confidential.  In an abundance of caution, I am also filing these deposition transcripts, Exhibits A and B, under seal because many of the exhibits that were marked confidential were discussed during his depositions.  Filing these exhibits temporarily under seal will enable the parties to make any arguments they might have that any portions of the transcripts discussing confidential exhibits should be treated as confidential.

      Unredacted versions of the materials being filed under seal are attached hereto – portions of the Memorandum of Law and Statement of Undisputed Facts which have been redacted from the publicly filed version are highlighted in yellow.  Pursuant to the Court's Individual Rule of Practice 4.A.ii, I am hereby providing the parties notice via this letter that they must file, within three days, a letter explaining the need to seal or redact this material.  To be clear, Mr. Tatintsian does not believe that these materials are confidential and reserves the right to take any position on any arguments the parties might make regarding confidentiality.

      Respectfully submitted,
      /s/ Kristen Santillo
      Kristen Santillo

The Honorable Gregory H. Woods, U.S.D.J.                                              Page 2
September 2, 2021


cc:     All parties via ECF and Email
        Mikhail Vorotyntsev, by Email