```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                              :

GARY TATINTSIAN,                                    :

                                Plaintiff,    :            1:16-cv-7203-GHW

                           -v -                     :         MEMORANDUM OPINION &
                                                         :                      ORDER

MIKHAIL VOROTYNTSEV, *et al.*,       : 

                              Defendants.  :

------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 20, 2024, Defendant Shoplink Inc. filed a motion for reconsideration of the Court's August 6, 2024 memorandum opinion and order (the "Opinion") granting in part and denying in part Plaintiff's motion for summary judgment. Dkt. No. 403 (Opinion); Dkt. No. 411 (motion for reconsideration or "Mot."). The Court has reviewed the motion for reconsideration and has determined that it does not provide a basis for the Court to reconsider its previous decision.

## I.   LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triazx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

II. **DISCUSSION**

The Court assumes the parties' familiarity with the facts of the case. *See* Opinion at 2–8. Defendant requests that the Court reconsider finding for Plaintiff / Counter-Defendant at summary judgment on four of Defendant's counterclaims: conversion, tortious interference, breach of fiduciary duty, and unfair competition. Because Defendant has offered no evidence or law that the Court overlooked, the Court declines to reconsider its decision.

A. **Conversion**

Defendant does not offer controlling law that counsels in favor of reconsidering summary judgment on Defendant's conversion counterclaim. Defendant argues that the Court's definition of

property rights was too narrow and that because Defendant had a right to possess or use the software developed by Mr. Khmaladze, Plaintiff's conduct interfered with Defendant's property rights. Mot. at 3–4, 6. The only authority Defendant cites on this issue is a New York Superior Court opinion, which is not a controlling but a persuasive authority, and, in any event, that opinion uses language identical to that which this Court used in the Opinion. *See* Mot. at 4. The Court defined conversion as interference of one's "right of possession." Opinion at 25. And the Court held that "there exists no genuine dispute of fact that Defendant lacked a 'possessory right *or interest*' in the code." *Id.* (emphasis added). Thus, the Court did not overlook the question of whether Defendant had a right to possess or otherwise use the code.

Defendant also offers no new facts to support its right to possess the software. Defendant simply reiterates that it paid Mr. Khmaladze significant sums of money to develop the software for Defendant's beneficial use. Mot. at 4–5. However, the Court addressed these facts in the Opinion, *see* Opinion at 25–26, and concluded that Defendant failed both to show that it was a beneficial owner of the software and to cite case law that supports the proposition that beneficial ownership is sufficient to satisfy the standard for conversion—"legal ownership or an immediate superior right of possession." *Halvatzis v. Perrone*, 156 N.Y.S.3d 428, 430 (2d Dep't 2021) (quoting *Nat'l Ctr. for Crisis Mgmt., Inc. v. Lerner*, 938 N.Y.S.2d 138, 138 (2d Dep't 2012)). For these reasons, the Court declines to reconsider summary judgment for Plaintiff on the conversion counterclaim.

### B. Tortious Interference

Defendant does not offer evidence the Court overlooked that counsels in favor of reconsidering summary judgment on Defendant's tortious interference counterclaim. The evidence cited in Defendant's motion for consideration, Mot. at 7, is all evidence that the Court considered and deemed to be inadmissible hearsay, *see* Opinion at 27–29. The deposition testimony showing that Plaintiff communicated with vendors and investors and disparaged Mr. Vorotyntsev is

inadmissible hearsay. *See id.* at 27 ("Mr. Vorotyntsev does not claim to have personally observed any of those alleged interactions, or even to have heard about them from a specific person who observed them."). Mr. Vorotyntsev's affidavit alleging Plaintiff's interference is not based on personal knowledge. *See id.* at 27–28 ("Mr. Vorotyntsev does not assert that he observed this alleged interaction between "someone" and the customer. Nor does he establish that he has personal knowledge that "someone" called the customer at Mr. Tatintsian's direction."). Finally, Defendants cite to several emails between Mr. Vorotyntsev and others, but the emails "contain[] multiple levels of inadmissible hearsay." *Id.* at 28. Because Defendant only offers evidence that the Court considered and rejected as inadmissible, the Court declines to reconsider summary judgment of Defendant's tortious interference counterclaim.

### C. Breach of Fiduciary Duty

Defendant does not offer any controlling law or evidence that counsels in favor of reconsidering summary judgment of Defendant's breach of fiduciary duty counterclaim. Rather, Defendant argues that summary judgment in this case is inconsistent with the Court's decision in the related case, *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, which Defendant argues means that the Court could in fact draw conflicting inferences from the facts, and therefore summary judgment was improper. First, the two matters are related, but they are being litigated separately, so facts offered only in one case do not factor into the Court's decision in the other, which may lead the Court to draw different inferences in each case. Nonetheless, Defendant is incorrect that the two decisions conflict. The Opinion granted summary judgment because "Mr. Khmaladze did not owe a fiduciary duty to Shoplink," Opinion at 29, whereas in *Khmaladze*, the Court found evidence that Mr. Khmaladze breached a duty to IT Adapter LLC. *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, 2024 WL 3675715, at *17 (S.D.N.Y. Aug. 6, 2024) ("[T]here is evidence that Mr. Vorotyntsev, on behalf of IT Adapter LLC, reposed a special trust in Mr. Khmaladze based on his technical

4

expertise."). The Opinion specifically distinguishes Mr. Khmaladze's role at IT Adapter LLC from his relationship to Defendant, "a separate company that . . . was supposed to be an operating entity for software development." Opinion at 30. Therefore, Defendant fails to provide a reason for the Court to reconsider summary judgment of the breach of fiduciary duty counterclaim.

### D. Unfair Competition

Defendant does not offer controlling law that counsels in favor of reconsidering summary judgment on Defendant's unfair competition counterclaim. Defendant argues that because the unfair competition claim regarding the "Shoplink concept" was permitted to go to trial in *Khmaladze*, 2024 WL at *19, summary judgment in favor of Plaintiff here is inconsistent. Mot. at 8–9. Because conflicting inferences can be drawn from the facts, Defendant argues, summary judgment was improper. Defendant's argument fails for two reasons.

First, again, the two matters are related but are being litigated separately. Thus, evidence discovered in one case but not the other will not inform summary judgment in both. Different inferences may therefore be drawn in each case based on the evidence adduced in each case. Absent a showing that there was evidence in *this* case that the Court overlooked, the Court will not reconsider its decision. Defendant offers no such evidence.

Second, Defendant does not provide law showing that the analysis conducted in this case was improper. In the Opinion, the Court cited Second Circuit law asserting that a claim of misappropriation of an idea requires showing that it was a "trade secret" and not "in the public domain." Opinion at 33. The Court then concluded that there was no evidence showing that either Defendant's business model or its product was confidential. *Id.* Defendant does not offer any controlling precedent showing that the rule cited in the Opinion was incorrect, nor does Defendant

offer any evidence to support that the Shoplink concept was indeed a confidential trade secret.[1] The Court therefore declines to reconsider granting summary judgment on Defendant's unfair competition counterclaim.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration of the Court's August 6, 2024 summary judgment opinion and order is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 411.

SO ORDERED.

Dated: October 9, 2024
      New York, New York

                                              GREGORY H. WOODS
                                              United States District Judge

---

[1] To the extent the decision in *Khmaladze* neglected to analyze the confidential nature of the misappropriated ideas, that fact if anything counsels in favor of reconsideration of denying summary judgment on that claim in that case. However, the Court will not resolve the motion to reconsider to the disfavor of the movant.