```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
GARY TATINTSIAN,                                              :
                                                              :
                                   Plaintiff,                 :      1:16-cv-7203-GHW
                                                              :
              -v-                                             :   MEMORANDUM OPINION &
                                                              :           ORDER
MIKHAIL VOROTYNTSEV, et al.,                                  :
                                                              :
                                   Defendants.                :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/2024

GREGORY H. WOODS, United States District Judge:

By letters dated September 4, 2024, Defendants move to consolidate this case for trial with the related case, *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW. Dkt. Nos. 415, 417. Plaintiff filed a letter in opposition to the motion. Dkt. No. 420. The plaintiffs in the related matter filed a letter in support of the motion to consolidate. *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, Dkt. No. 302. Because there are few, if any, common questions of law or fact after the Court granted partial summary judgment in both cases, and because there is a risk of confusing the jury and burdening the parties in a joint trial, the motion to consolidate is DENIED.

## I.     LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure provides that consolidation is acceptable "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). The rule should be prudently employed as "a valuable and important tool of judicial administration," *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1006 (2d Cir.1995), *vacated on other grounds*, 518 U.S. 1031 (1996), invoked to "expedite trial and eliminate unnecessary repetition and confusion," *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir .1984). In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy. *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.

1999). However, under the applicable law, efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished *without sacrifice of justice.*" *Id.*

Even when actions involve a common question of law or fact, however, the trial court has broad discretion to determine whether consolidation is appropriate by balancing the economy gained, an interest in avoiding conflicting results, and prejudice to the parties. *Id.* The court must consider "'[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir. 1990) (quoting *Hendrix v. RaybestosManhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)).

## II.  DISCUSSION

The Court assumes the parties' familiarity with the facts of this case. Because there are now few common questions of law or fact and because a joint trial risks confusing the jury and burdening the parties, the Court declines to consolidate the related cases for trial.

After the Court granted partial summary judgment in both cases, there are now few remaining common issues of law or fact. The only remaining claim in the *Tatintsian* case is Mr. Tatintsian's securities fraud claim, relating to alleged material misrepresentations made by Mr. Vorotyntsev regarding Mr. Tatintsian's investment in Shoplink. The remaining claims in *Khmaladze* are the counterclaims against Mr. Khmaladze brought by AUM Code LLC, IT Adapter LLC, and Shoplink. These counterclaims of unfair competition, unjust enrichment, promissory estoppel, and breach of fiduciary duty all relate to allegations regarding (1) Mr. Khmaladze's failure to develop a software for those corporate entities after receiving significant compensation and (2) his

misappropriation of the Shoplink concept and poaching the corporate entities' developers.  After the Court granted summary judgment with respect to the conspiracy and aiding and abetting claims against Mr. Tatintsian related to the conduct by Mr. Khmaladze, "the two cases do not even concern the same events or transactions."  *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 711 F. Supp. 3d 225, 243 (S.D.N.Y. 2024).  There are thus no longer common parties, common counterclaims, or even many common factual issues.  The only common factual issue that the parties can point to is "evidence concerning Vorotyntsev's misconduct, and the disclosure of the misconduct by [Mr.] Tatintsian to" Mr. Khmaladze, which Mr. Khmaladze believes will aid his defense.  *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, Dkt. No. 302.  However, to the extent the parties in *Khmaladze* believe this evidence to be necessary for trial, they will have the opportunity to offer appropriate evidence to prove their defenses; all of the evidence introduced at trial in the *Tatintsian* matter need not be introduced.

The risk of confusing the jury and the burden on the parties litigating a joint trial outweigh any efficiency gained by consolidation.  The numerous remaining claims in *Khmaladze*, which arise from events spanning from 2013 to 2017, are not pertinent to the *Tatintsian* trial focusing on one securities fraud claim arising out of one transaction.  Trying these two cases together could cause the jury to "confuse the issues in the two cases."  *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 711 F. Supp. 3d 225, 243 (S.D.N.Y. 2024); *see also KGK Jewelry LLC v. ESDNetwork*, No. 11CV9236-LTS-RLE, 2014 WL 7333291, at *3 (S.D.N.Y. Dec. 24, 2014) ("Although both actions arise from the same general set of business relations between the parties, Action I is significantly more streamlined and focuses on a discrete pair of contracts. . . . [C]onsolidation of disparate claims would muddle the issues before the court or trier of fact . . . considering the larger range of legal and factual issues relevant only to Action II.").  Further, Mr. Tatintsian argues that it would be a burden on him to "be forced to incur the burden and expense of a trial regarding issues on which he has already prevailed

3

on summary judgment," referring to the counterclaims brought against both him and Mr. Khmaladze. *Tatintsian v. Vorotyntsev*, No. 1:16-cv-7203-GHW, Dkt. No. 420. The Court agrees that it would burden Mr. Tatintsian to participate in a trial on Defendants' counterclaims against Mr. Khmaladze, which are unrelated to Mr. Tatintsian. Mr. Tatintsian's retained counsel would be required to be present at a lengthy trial, imposing substantial costs on Mr. Tatintsian. Because the risk of confusion and the burden on the parties outweigh the minimal efficiency achieved from simultaneously litigating unrelated issues, the Court does not find that consolidation of these cases for trial is appropriate.

### III.    CONCLUSION

For the foregoing reasons, the motions to consolidate this case with *Khmaladze v. Vorotyntsev*, No. 1:16-cv-8029-GHW, for trial are DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 415.

SO ORDERED.

Dated: October 9, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge