April 25, 2025

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Tatintsian v. Vorotyntsev, Case No. 1:16-cv-7203-GHW
    Khmaladze v. Vorotyntsev, Case No. 1:16-cv-8029-GHW

Dear Judge Woods:

I write to respectfully request that Your Honor consider referring this matter to the United States Attorney's Office for investigation of potential violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, by Gary Tatintsian ("Tatintsian"), Dmitriy Khmaladze ("Khmaladze"), Younis Zubchevich ("Zubchevich"), and their respective counsel.

Recent discoveries and the cumulative evidence gathered throughout these proceedings reveal what appears to be a coordinated criminal enterprise designed to misappropriate ShopLink's proprietary technology, defraud the court system, and obstruct justice through a pattern of racketeering activity spanning multiple years and jurisdictions. I believe these actions meet the threshold for criminal RICO consideration based on the following evidence:

I. THE ENTERPRISE

Evidence now confirms the existence of an association-in-fact enterprise consisting of Tatintsian, Khmaladze, Zubchevich, and their counsel, operating with the common purpose of misappropriating ShopLink's technology and obstructing justice:

1. September 6-9, 2016: Tatintsian traveled to Ohio to meet with Khmaladze.

2. September 8, 2016: Tatintsian, Khmaladze, and Zubchevich formed Agnicore while Khmaladze was still employed by ShopLink and owing fiduciary duties to the company. This formation date, recently produced in discovery, conclusively proves coordination before Khmaladze's resignation.

3. September 11, 2016: Khmaladze resigned from ShopLink, immediately blocking my access to code repositories, corporate email accounts, and developer communications.

4. September 15, 2016: Tatintsian filed his lawsuit against me (Case No. 1:16-cv-7203-GHW).

5. October 2016: Khmaladze filed his lawsuit against me (Case No. 1:16-cv-8029-GHW).

6. March 1, 2017: Tatintsian filed a lawsuit against Pryor Cashman LLP in NY Supreme Court (Index No. 152022/2017) represented by Khmaladze's counsel, creating an unwaivable conflict of interest under NY Rules of Professional Conduct 1.7 and 1.9.

7. December 2016-January 2017: Tatintsian and Khmaladze formed Agnicore with a 60/40 ownership split.
On or around December 1 2016, Khmaladze files an extension of Shoplink patent application, for Agnicore, listing himself as a sole inventor, removing Vorotyntsev as an original inventor.

8. March 2017: Agnicore launched a product identical to ShopLink's, using ShopLink's slogan "MYI" and using ShopLink's customer.

II. PATTERN OF RACKETEERING ACTIVITY

The enterprise has engaged in multiple predicate acts constituting a pattern of racketeering activity:

A. Wire Fraud (18 U.S.C. § 1343)

1. Tatintsian, Khmaladze, and their counsel have used electronic communications to perpetrate fraud upon the courts by deliberately concealing the September 2015 investment/refund transaction details that directly contradicts Tatintsian's securities fraud claim.

2. Tatintsian and Khmaladze used electronic communications to coordinate the formation of Agnicore while Khmaladze remained employed by ShopLink.

3. Khmaladze used electronic means to block access to ShopLink's code repositories, effectively stealing the company's intellectual property.

B. Theft of Trade Secrets (18 U.S.C. § 1832)

1. Khmaladze misappropriated ShopLink's proprietary source code on or around August 31, 2016, then used this stolen intellectual property to create a competing product at Agnicore.

2. This theft was coordinated with Tatintsian, as evidenced by their September 6-9, 2016 meeting and the September 8, 2016 formation of Agnicore.

C. Obstruction of Justice (18 U.S.C. §§ 1503, 1512)

1. Tatintsian and his counsel have deliberately concealed the September 2015 investment/refund transaction details that directly contradicts his securities fraud claim, constituting a fraud upon the Court.

2. Tatintsian's and Khmaladze's counsel have maintained contradictory positions across related cases through conflicted representation.

3. Tatintsian, Khmaladze, and their counsel have failed to produce critical emails in discovery despite proper requests, including communications regarding the September 2015 investment and coordination before litigation.

D. Money Laundering (18 U.S.C. § 1956)

Court records from Leramont LLC v. Gary Tatintsian Gallery, Inc., Case No. 1:20-cv-02435 (S.D.N.Y.) suggest that Tatintsian may have used misappropriated funds to finance both his ShopLink investment and subsequent litigation:

1. May-September 2016: Tatintsian received $9.95 million from Pelican Ventures Corp. for fine art purchases that were never delivered.

2. May–September 2016: Records show "Laremont LLC (Andrey Isaev) wires funds to Tatintsian Gallery," followed by Tatintsian transferring "Laremont funds from his gallery account to ShopLink."

3. This appears to constitute a transaction designed to conceal the source and ownership of funds obtained through fraud.

III. PATTERN AND CONTINUITY

The above predicate acts demonstrate both closed-ended continuity (spanning from at least September 2015 to the present) and open-ended continuity (as the enterprise continues its pattern of misconduct). The predicate acts are related through similar purposes, results, participants, victims, and methods of commission.

IV. REQUEST FOR REFERRAL

Federal courts have inherent authority to refer matters for criminal investigation when evidence of potential criminal conduct emerges during civil proceedings. Given the serious nature of the conduct described above, I respectfully request that Your Honor consider referring this matter to the United States Attorney's Office for the Southern District of New York for investigation of potential RICO violations.

The coordinated actions by Tatintsian, Khmaladze, Zubchevich, and their counsel appear to constitute precisely the type of organized criminal activity that the RICO statute was designed to address. The ongoing pattern of racketeering activity has

caused substantial harm to ShopLink, its shareholders and investors, their families and the integrity of the judicial process.

I am prepared to provide any additional information that may assist the Court or the U.S. Attorney's Office in evaluating this request.

Thank you for your consideration of this serious matter.

Respectfully submitted,

s/Mikhail Vorotyntsev
Mikhail Vorotyntsev
Pro Se