May 06, 2025

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Tatintsian v. Vorotyntsev, Case No. 1:16-cv-7203-GHW

Dear Judge Woods:

I write with urgency to bring to the Court's attention conclusive evidence of a coordinated fraud upon this Court. Upon examining more then 5 hours of the complete recordings submitted by Mr. Tatintsian, we have uncovered irrefutable evidence that these proceedings are part of a calculated, premeditated scheme orchestrated by Mr. Tatintsian and others to misappropriate ShopLink's technology through abuse of the judicial system.

**EVIDENCE OF COORDINATED SHAM LITIGATION CONSPIRACY**

The newly discovered secret recordings from October 2015 reveal a shocking conspiracy that undermines the very foundation of this litigation:

1. Mr. Tatintsian admitted on these recordings that he was not investing his own money, but rather acting on behalf of other individuals, specifically mentioning someone named "Sergei"
2. Mr. Tatintsian explicitly stated on the recordings that he himself had no money and that "all the money is from other people" - a direct contradiction of his representations to this Court about his personal investment
3. In his sworn deposition testimony, Mr. Tatintsian claimed that I defrauded "many other people" who allegedly now "want to kill" me for, apparently, his failed takeover attempt to generate profit for them, from a stolen technology and patent
4. The timeline of events captured in these recordings, when viewed alongside the formation of Agnicore (September 8, 2016) just days before Dmitriy Khmaladze's resignation from ShopLink (September 11, 2016) and the filing of this lawsuit (September 15, 2016), demonstrates a coordinated scheme to misappropriate ShopLink's technology through litigation

These recordings are not merely impeachment evidence – they expose an elaborate criminal enterprise designed to manipulate this Court and others into facilitating what amounts to intellectual property theft through judicial process.

**PREVIOUSLY UNDISCLOSED SECRET RECORDINGS FROM OCTOBER 2015**

Mr. Tatintsian has deliberately concealed from this Court that he secretly recorded not just the April 8, 2016 closing meeting, but also two critical meetings in October 2015:

1. A recording from approximately October 2, 2015, where Mr. Tatintsian grilled Pryor Cashman lawyers for an hour and a half regarding ShopLink's corporate governance deficiencies
2. A recording from October 9, 2015, where I openly acknowledged corporate governance problems, and which concludes with Mr. Tatintsian and myself at Chase Bank where I refunded his entire investment

These recordings categorically prove that Mr. Tatintsian had complete, firsthand knowledge of all ShopLink corporate governance issues in October 2015, rendering his claim of reasonable reliance in 2016 not merely implausible but demonstrably fraudulent.

**DEVASTATING REVELATIONS FROM THE OCTOBER 2015 RECORDINGS**

The October 2015 recordings reveal:

1. Mr. Tatintsian explicitly acknowledged that "no lawyer would allow him to participate in this closing, because there is no company, no company books, no minutes, no shareholder ledger, nothing is prepared"
2. I openly admitted that "all the corporate governance is completely messed up" and accepted responsibility for not recognizing the extent of the issues sooner
3. Mr. Tatintsian demanded to see "the book of records" and complained about inadequate documentation
4. I offered to return Mr. Tatintsian's money immediately and clean up corporate governance within "a week or two"
5. The October 9, 2015 recording concludes with Mr. Tatintsian and myself at Chase Bank, where his investment was refunded in full
6. Mr. Tatintsian stated he would consider reinvesting after corporate governance was properly organized
7. Mr. Tatintsian insisted that ShopLink have no rescission rights in any future agreement – directly contradicting his sworn testimony that he requested rescission and was refused

**EVIDENCE OF POTENTIAL MONEY LAUNDERING AND MISAPPROPRIATED FUNDS**

The October 2015 recordings contain Mr. Tatintsian's own admissions regarding questionable fund sources:

1. Mr. Tatintsian stated that "somebody had just transferred money to his account" in what he characterized as "an apparent laundering scheme"
2. He admitted the client sent money to his account "not for art purchases but for client's personal use"
3. He expressed concern about using these funds because "something is not clean about that transaction"
4. Mr. Tatintsian complained he did not have funds available yet, while discussing potential money received from an unnamed source

These statements align precisely with allegations in Leramont LLC v. Gary Tatintsian Gallery, Inc., Case No. 1:20-cv-02435 (S.D.N.Y.), suggesting Mr. Tatintsian's 2016 investment in ShopLink may have been made with misappropriated funds, adding another layer to this fraudulent scheme.

### THE APRIL 8, 2016 RECORDING: A DELIBERATE ENTRAPMENT SCHEME

In light of these earlier recordings, the April 8, 2016 meeting recording must now be recognized for what it truly was – a deliberate entrapment scheme:

1. Mr. Tatintsian pressured a Pryor Cashman attorney (who had no knowledge of patent matters) to insert patent language into the subscription agreement
2. The recording shows evidence of microphone manipulation to obscure portions of my statements
3. I clearly stated multiple times that Mr. Tatintsian would have two weeks to verify the patent assignment before being obligated to wire funds
4. Having already examined and rejected ShopLink's corporate governance in October 2015, Mr. Tatintsian could not possibly have relied on any representations about governance in April 2016

### REQUEST FOR IMMEDIATE AND EXTRAORDINARY RELIEF

Given the extraordinary nature of this coordinated scheme to defraud this Court, I respectfully request:

1. An immediate stay of all proceedings pending review of these recordings
2. An expedited evidentiary hearing where all recordings can be played in their entirety
3. Dismissal of all claims with prejudice based on clear and convincing evidence of fraud upon the Court
4. Severe sanctions against Mr. Tatintsian and his counsel for knowingly presenting false testimony and evidence
5. Referral of this matter to the U.S. Attorney's Office for investigation of potential violations of 18 U.S.C. § 1962 (RICO), perjury, obstruction of justice, and money laundering

6. An order requiring Mr. Tatintsian to disclose all communications with Dmitriy Khmaladze, Younis Zubchevich, as well as Andrey Isaev and the individual identified as "Sergei" from June 2015 to present

These newly discovered recordings do not merely undermine Mr. Tatintsian's case – they expose it as a criminal enterprise designed to weaponize the judicial system for the purpose of intellectual property theft. The scale and audacity of this fraud upon the Court warrants the most severe sanctions available under the Court's inherent authority.

I am prepared to submit copies of these recordings along with detailed transcripts immediately, and I stand ready to appear before Your Honor at the earliest opportunity to address this matter further.

Respectfully submitted,

s/Mikhail Vorotyntsev

Mikhail Vorotyntsev *Pro Se*

cc: All counsel of record