```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2025
```

May 06, 2025

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007



Re: Tatintsian v. Vorotyntsev, Case No. 1:16-cv-7203-GHW

REQUEST FOR DISQUALIFICATION OF OPPOSING COUNSEL AND SANCTIONS

Dear Judge Woods:

I respectfully request the immediate disqualification of counsel for Mr. Tatintsian and counsel for Mr. Khmaladze based on newly discovered evidence of serious misconduct that strikes at the heart of these proceedings. The newly discovered secret recordings reveal not only conflicts of interest but also deliberate manipulation of evidence in a manner that constitutes fraud upon this Court.

**Deliberate Manipulation and Misrepresentation of Evidence**

Newly discovered portions of Mr. Tatintsian's secret recordings reveal that counsel for both Mr. Tatintsian and Mr. Khmaladze have deliberately misrepresented crucial evidence to this Court:

1. **Selective Presentation of Recordings**: Counsel presented only a small, carefully selected portion of extensive secret recordings made by Mr. Tatintsian, deliberately concealing hours of recordings from October 2015 that completely contradict Mr. Tatintsian's claim of reliance.
2. **Physical Manipulation of Recording Device**: The recordings show evidence that Mr. Tatintsian physically covered the microphone during critical portions of our conversations where I stated that:
    - Patent assignment forms had been issued
    - The patent was assigned but verification was needed
    - Mr. Tatintsian had two weeks to wire funds and was not obligated to do so if patent assignment was not confirmed
3. **Contextual Misrepresentation**: Even in the selectively edited transcripts produced by counsel, I clearly state that Mr. Tatintsian "would have two weeks to wire the funds and if the patent assignment is not confirmed, he need not send the money." Counsel deliberately obscured this exculpatory statement while emphasizing out-of-context fragments.
4. **Entrapment Scheme**: The complete recordings reveal that the April 8, 2016 meeting was an elaborate entrapment scheme, with Mr. Tatintsian pressuring a Pryor Cashman attorney (who admitted on the recording having

no knowledge of patent matters) to insert patent language into the subscription agreement while I repeatedly objected.

**Evidence of Criminal Enterprise**

The complete recordings contain shocking revelations that counsel either knew or should have known, including:

1. **Recording for "Criminal Bosses"**: The recordings reveal Mr. Tatintsian was recording these meetings to report back to individuals he refers to as his "bosses," insisting that I promise not to sell ShopLink for less than "$100 billion" - an absurd valuation suggesting an ulterior motive.
2. **Money Laundering Operation**: Mr. Tatintsian explicitly discusses on the recordings that he was setting up what appears to be a money laundering operation, stating he is investing money that is "not his," mentioning someone named "Sergei," and expressing concern about funds received through "an apparent laundering scheme."
3. **Coercive Control Statements**: Mr. Tatintsian states on the recordings that "not only will I be able to run my company, but that Tatintsian will show me how to do that and that I must delegate to his trusted people" - language consistent with a scheme to infiltrate and gain control of ShopLink.

Counsel for both Mr. Tatintsian and Mr. Khmaladze have an ethical obligation not to present evidence they know to be false or misleading. By presenting only carefully selected portions of these recordings while concealing and misrepresenting their true context, counsel have violated their duties of candor to this Court.

**Unwaivable Conflicts of Interest**

As previously noted, counsel for Mr. Khmaladze in the federal action against me (Case No. 1:16-cv-8029-GHW) simultaneously represents Mr. Tatintsian in his action against Pryor Cashman LLP in New York Supreme Court (Index No. 152022/2017). This dual representation began just four months after the federal cases were filed.

This conflict is made more egregious by the newly discovered evidence showing:

1. Counsel have maintained irreconcilably contradictory positions across these cases
2. Counsel have coordinated to conceal evidence that would undermine both cases
3. Counsel appear to have participated in a scheme to use litigation as a vehicle for technology misappropriation

**Violations of New York Rules of Professional Conduct**

Both sets of counsel have engaged in conduct that violates numerous ethical rules:

1. **Rule 3.3(a)** - Knowingly making false statements and failing to correct false statements previously made to the tribunal
2. **Rule 3.3(b)** - Failing to disclose to the tribunal controlling legal authority
3. **Rule 3.4(a)** - Suppressing evidence having potential evidentiary value
4. **Rule 3.4(b)** - Assisting a witness to testify falsely
5. **Rule 8.4(c)** - Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation
6. **Rule 8.4(d)** - Engaging in conduct prejudicial to the administration of justice

These violations are not technical in nature but go to the heart of counsel's obligations as officers of the court. The manipulation of evidence to create a false narrative strikes at the very foundation of our adversarial system.

**Request for Relief**

In light of these serious ethical violations and misconduct, I respectfully request that the Court:

1. Immediately disqualify counsel for Mr. Tatintsian and Mr. Khmaladze from these proceedings
2. Order all evidence, including the complete secret recordings, to be preserved in unaltered form
3. Impose severe sanctions, including potential referral to the Disciplinary Committee
4. Grant leave to amend my claims to include allegations against counsel for their participation in this scheme
5. Issue a protective order preventing destruction of all communications between counsel and all of their respective clients during the relevant period
6. Appoint a special master to investigate the full extent of counsel's misconduct

Given the extraordinary nature of this misconduct and its direct impact on the integrity of these proceedings, I believe the Court has not only the authority but the obligation to take swift action to address these ethical violations.

I am prepared to submit the complete recordings under seal for the Court's review and to present further evidence and briefing on this matter as the Court may direct.

Respectfully submitted,

s/Mikhail Vorotyntsev

Mikhail Vorotyntsev *Pro Se*

cc: All counsel of record