UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
+-------------------------------------------------------------+
| USDC SDNY                                                   |
| DOCUMENT                                                    |
| ELECTRONICALLY FILED                                        |
| DOC #: _____                                     |
| DATE FILED: 5/7/2025                                        |
+-------------------------------------------------------------+
```

--------------------------------------------------------------- X
               :

GARY TATINTSIAN,            :
               :
           Plaintiff,   :       1:16-cv-7203-GHW
               :
      -v-         :       <u>ORDER</u>
               :

MIKHAIL VOROTYNTSEV,    :
               :
         Defendant.  :
               :

--------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Mr. Vorotyntsev has provided to the Court and opposing counsel three letters, one dated May 5, 2025 and two dated May 6, 2025, by email. The Court has docketed these letters for the record. *See* Dkt. Nos. 456, 458, 459. However, Mr. Vorotyntsev has been repeatedly directed not to engage in substantive communications with the Court by email. The Court once again reminded Mr. Vorotyntsev in its May 2, 2025 order that Electronic Case Filing (ECF) filing access is potentially available to him. Dkt. No. 452. He need only fill out the form motion on the Southern District of New York's website and thereafter register as an ECF user: https://www.nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases.

Mr. Vorotyntsev is therefore expected to file all of his substantive communications with the Court either through the Pro Se Intake Office or, if he files the proper form, via ECF. If he encounters any difficulties, he must work with the Pro Se Intake Office or the ECF Help Desk, whose information Mr. Vorotyntsev has been provided. Mr. Vorotyntsev is ORDERED to refrain from emailing the Court his substantive filings. Going forward, the parties should not expect that the Court will respond to substantive requests or filings that are emailed to the Court. The Court expects to respond only to requests that are filed publicly on ECF. Failure to comply with this clear instruction could result in sanctions.

Further, Mr. Vorotyntsev provided, by email, a fourth letter, dated May 6, 2025. This letter was emailed only to the Court and not to counsel for Plaintiff. The letter contains (1) requests and allegations of misconduct that Mr. Vorotyntsev made in person, in front of counsel for Plaintiff, during the May 1, 2025 conference; (2) references to evidence provided to him by Plaintiff's counsel; and (3) references to events in which Plaintiff was allegedly involved. The Court sees no "factors that legitimately counsel against disclosure" of this letter, and therefore the Court finds no good cause why this letter needs to be filed under seal, let alone filed *ex parte*.[1] *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Therefore, unless Mr. Vorotyntsev makes a showing by May 9, 2025 why the May 6, 2025 letter itself—not necessarily the evidence to which he alludes in the letter—should not be docketed, the Court will docket the May 6, 2025 letter emailed to the Court. If Mr. Vorotyntsev wishes to oppose docketing of the letter, he should file a letter on ECF justifying the need to seal the letter from the public and from counsel for Plaintiff.

As to the substance of Mr. Vorotyntsev's various letters, the Court will hold a conference to discuss these matters on May 13, 2025 at 2:00 p.m. The conference will be conducted in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007.

---

[1] There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

For the avoidance of doubt, neither the trial date nor any of the current deadlines for the submission of pretrial materials are affected by Mr. Vorotyntsev's recent letters. Mr. Vorotyntsev must comply with the Court's order given orally during the May 1, 2025 conference held on the record and memorialized in writing in the Court's May 2, 2025 paper order. *See* Dkt. No. 452. Specifically, Mr. Vorotyntsev must provide the Court and opposing counsel a list of all witnesses and exhibits, as well as pdf files of all of his exhibits,[2] as directed in the May 2, 2025 paper order, no later than May 9, 2025. *See* Dkt. No. 452. Because Mr. Vorotyntsev, as he outlined in his letters, is concerned about witness intimidation, he may for now redact from his witness list only those witnesses—the Court counts three such witnesses in his previously submitted witness list—for which he deems there to be a legitimate risk of intimidation or retaliation. However, Mr. Vorotyntsev must come to the May 13, 2025 conference prepared to provide a complete, unredacted list of witnesses to the Court and to opposing counsel, should his various requests be denied.

The Clerk of Court is directed to mail a copy of this order to Mikhail Vorotyntsev by certified mail.

SO ORDERED.

Dated:  May 7, 2025
      New York, New York

                                       GREGORY H. WOODS
                                  United States District Judge

---

[2] Mr. Vorotyntsev is directed to the Court's Individual Rule 5(B)(ii) for instructions on submitting exhibits to the Court.

3