UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
GARY TATINTSIAN et al.,
Plaintiff, Counterclaim-Defendant,

-against-                           Case No. 1:16-cv-7203-GHW

MIKHAIL VOROTYNTSEV et al.,
Defendants, Counterclaim-Plaintiff,


-------------------------------------------X
-------------------------------------------X
DMITRIY KHMALADZE and IT ADAPTER
CORPORATION INC.,
Plaintiffs, Counterclaim-Defendants,

-against-                           Case No. 1:16-cv-8029-GHW

MIKHAIL VOROTYNTSEV, AUM CODE LLC,
IT ADAPTER LLC, and SHOPLINK INC.,
Defendants, Counterclaim-Plaintiffs.
---------------------------------------------X

**The Honorable Gregory H. Woods**
**United States District Judge**
**Southern District of New York**
**500 Pearl Street**
**New York, New York 10007**

---

**PREEMPTIVE MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT AND IN OPPOSITION TO ANY ANTICIPATED DEFENSE OF WAIVER OR LACK OF DILIGENCE**

**TO THE HONORABLE GREGORY H. WOODS:**

Your Honor,

We stand before this Court at a moment of profound consequence, not only for myself, Mikhail Vorotyntsev ("MV"), acting as a pro se litigant, and ShopLink Inc., but for the sanctity of the judicial process itself.

The evidence now before you, meticulously detailed in our motions, uncovers a conspiracy of such breathtaking cynicism that it has used this very Court as a weapon in a hostile corporate takeover.[1] The perpetrators, having built their case on a foundation of perjury and concealment, now stand poised to offer their final, most audacious defense: that We, the victims of their assault, should have been more diligent in uncovering it.[1]

This brief is submitted to preemptively dismantle that argument. We will demonstrate that any inquiry into our diligence is not only legally foreclosed by the highest authorities on "fraud on the court," but is rendered factually moot by the very nature of the crime committed against us.

The scheme perpetrated by Dmitriy Khmaladze ("DK"), Gary Tatintsian ("GT"), and their confederates was not merely to win a lawsuit; it was to incapacitate their victims, to systematically destroy and conceal the truth, and to ensure that the ordinary tools of litigation and discovery would be useless.[1] To now entertain a defense based on a lack of diligence would be to reward the efficacy of their corruption.

The paramount issue before this Court is no longer the dispute between the parties, but the defense of the institution of justice itself. The American judicial system cannot, and must not, set a precedent where Truth becomes the final victim of a meticulously executed Fraud on the Court.

**ARGUMENT**

**I. The Doctrine of Fraud on the Court Prioritizes Judicial Integrity Over Litigant Diligence When the Judicial Process Itself is Attacked.**

The opposing counsel's anticipated argument—that because some evidence might have been theoretically available, we are now barred from presenting it—fundamentally misapprehends the nature of fraud on the court. This doctrine is not a tool for disappointed litigants; it is a court's inherent power to protect itself from being made an instrument of injustice.[2]

**A. The Supreme Court's Mandate in *Hazel-Atlas* Is Controlling and Unequivocal.**

The cornerstone of this doctrine, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, involved a fraud less direct but no less corrosive than the one here: the use of a ghost-written article to procure a patent and then a favorable appellate judgment.[5] The Supreme Court, in vacating a judgment nine years after its entry, was confronted with the argument that the victim, Hazel-Atlas, had not been diligent in discovering the fraud.[6] The Court's rejection of this defense was absolute and remains the law of the land:

> "This matter does not concern only private parties. There are issues of great moment to the public... is a wrong against the institutions set up to protect and safeguard the public... **Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants**" [5] (emphasis added).

The Court established that when faced with a "deliberately planned and carefully executed scheme to defraud," the judiciary has not only the power, but the *duty*, to act.[5] The focus is on the character of the fraud and its effect on the court, not the perceived failings of the victim. The fraud alleged here—built on the "Three Pillars of Perjury," the theft of patents, and the active concealment of that theft in sworn court filings—is precisely the kind of "egregious misconduct" that *Hazel-Atlas* commands a court to remedy, irrespective of when it is discovered.[3]

### B. The Fraud Perpetrated Here Was Extrinsic, Designed to Prevent an Adversarial Contest.

The law has long distinguished between types of fraud. *Intrinsic fraud*, such as perjury by a witness on the stand, is considered a matter, which the adversarial process is designed to test through cross-examination.[10]

*Extrinsic fraud*, conversely, is conduct that prevents a party from ever fully and fairly presenting their case.[11] It is a fraud on the "judicial machinery" itself.[13]

The actions of Khlamadze and his co-conspirators fall squarely and exclusively in the category of extrinsic fraud. By systematically blocking MV's access to the company's code repositories, on the very day of his resignation, and shortly after access to corporate email, they did not merely present false evidence; they prevented their adversary from accessing the very evidence that would have exposed their lies.[1]
By filing a perjured complaint claiming ownership of software they knew belonged to ShopLink, they corrupted the proceeding from its inception, ensuring that no true adversarial contest on the merits could ever take place.[1]

This is the classic definition of extrinsic fraud, which the Supreme Court in *United States v. Throckmorton* recognized as justifying the unwinding of a final judgment.[10]

### C. The Second Circuit's Holding in *Marco Destin* is Distinguishable and Inapplicable.

Opposing counsel may point to the recent Second Circuit decision in *Marco Destin, Inc. v. Levy*, which affirmed a dismissal of a fraud on the court claim based on the victim's lack of diligence.[14] That case is profoundly distinguishable. In *Marco Destin*, the court noted that

clues to the fraud were available in the public record at the USPTO and within the text of a license agreement.[16] The court reasoned that "proper diligence" could have uncovered the fraud.[14]

Here, the opposite is true. No amount of diligence could have uncovered evidence that was actively being destroyed and concealed by the party who controlled it.[1] The fraud was not a failure to disclose a public record; it was an affirmative act of spoliation designed to make discovery impossible.[1]

To apply the *Marco Destin* standard here would be to create a perverse incentive: the more effectively a fraudster destroys evidence, the more they are rewarded by being able to later claim their victim wasn't diligent enough to find it. This turns the principles of justice on their head.

## II. The Factual Record Establishes a Coordinated Campaign to Incapacitate Defendants, Rendering Diligence Impossible and Moot.

The argument that we should have presented this evidence during the summary judgment practice ignores the brutal reality of the assault we were under. The scheme was not merely to deceive, but to paralyze.

### A. The Fraudulent Foundation Made a Merits-Based Defense Untenable.

The entire litigation was built on the "Three Pillars of Perjury".[1] DK's sworn complaint falsely claimed ownership of the "R7" software, a lie directly contradicted by his own deposition testimony and internal documents he authored that identified "R7/ShopLink" as simply a name for the proprietary company code.[1]
This foundational falsehood, combined with the fraudulent removal of MV as an inventor on patent applications and the perjurious Rule 56.1 statement denying any evidence of misappropriation, created a horrorhouse-mirror version of reality.[1]
Litigating against such a completely fabricated factual predicate is not a fair fight; it is an exercise in futility, designed to exhaust and overwhelm.

### B. Active Spoliation and Concealment Thwarted the Discovery Process.

The timeline of the conspiracy is damning and demonstrates that the incapacitation of ShopLink was planned from the start.[1]

- **September 8, 2016:** The criminal enterprise company Agnicore LLC is formed.[1]
- **September 11, 2016:** DK resigns, and within hours, blocks MV's access to all code repositories, taking the entire development team with him.[1]

- **September 14, 2016:** DK blocks MV's access to corporate email accounts after having already deleted incriminating messages.[1]

These are not the actions of a party engaged in a legitimate dispute. These are the actions of a saboteur destroying the evidence of his crime before the victim even knows a crime has been committed. To suggest that evidence was "available" during discovery is a fiction. The evidence was systematically and preemptively destroyed to ensure it would *never* be available.[1] This conduct is a direct parallel to the "sustained plot" of evidence destruction that the Third Circuit condemned as unprotected, systematic fraud in *Williams v. BASF Catalysts LLC*.[17]

### C. The Litigation Was Weaponized to Financially Decimate the Victims.

As our filings on the underlying RICO conspiracy show, this lawsuit was not a good-faith effort to resolve a dispute. It was a "hostile takeover" operation, a "smash-and-grab" designed to seize ShopLink's assets for a transnational criminal enterprise.[1]
The goal of such weaponized litigation is to inflict maximum financial and emotional damage, bleeding the victims dry until they can no longer afford to defend themselves. The concept of "due diligence" presumes a level playing field and a contest governed by rules. Here, there was neither. Defendants were not just litigants; we were targets of a coordinated racketeering campaign designed to ensure the Defendants could not mount an effective defense.[1]

### III. To Deny Relief Would Create a Perverse Precedent, Rewarding Fraud and Eroding Public Faith in the Judiciary.

Your Honor, the finality of judgments is a cornerstone of our legal system. But it is not the only one. The integrity of those judgments is paramount. A judgment procured by a "deliberately planned and carefully executed scheme to defraud" is not a judgment at all; it is an artifact of a crime.[5]

Truth has no expiration date. The reason that claims of fraud on the court are not subject to the one-year time limit of Rule 60(b) is the recognition that a wrong against the court is a timeless injury that the court must have the power to correct whenever it is discovered.[2]

To allow the perpetrators here to benefit from their own obstructive conduct would be a manifest injustice. It would establish a dangerous roadmap for future litigants: lie in your pleadings, destroy the evidence that exposes the lie, and if the truth ever comes out, blame your victim for not discovering the evidence you destroyed.

This would make a mockery of the discovery process and the Court's authority. The American judicial system cannot afford a precedent that allows the most sophisticated and ruthless fraudsters to prevail simply because their methods were so effective that the Truth became a casualty.

The public welfare demands that our courts not be rendered "mute and helpless victims of deception and fraud".[23]

**CONCLUSION**

For the foregoing reasons, we respectfully implore this Court to reject any anticipated argument from the opposing parties that any of our claims be barred by a lack of diligence. Such an argument is a cynical attempt to distract from the core issue: a profound and calculated fraud has been committed upon this Court.

The only inquiry now is how the Court will act to vindicate its own integrity.

We urge the Court to consider the full weight of the evidence presented, vacate the judgments tainted by this fraud, and take the decisive action necessary to restore the sanctity of these proceedings and reaffirm that, in the Southern District of New York, The Truth is not a procedural technicality—it is the Bedrock of Justice.

Respectfully submitted,

/s/Mikhail Vorotyntsev

Mikhail Vorotyntsev
Pro Se
Founder, ShopLink Inc.

Cc: All Counsel of Record

**Citations:**

1. MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3) AND (6) BASED ON FRAUD ON THE COURT .pdf
2. More Than Fraud: Proving Fraud on the Court - St. John's Law ..., accessed June 25, 2025, https://scholarship.law.stjohns.edu/cgi/viewcontent.cgi?article=1098&context=bankruptcy_research_library
3. Proving Fraud on the Court Stephen Van Doran, J.D. Candidate 2019 Cite as - St. John's University, accessed June 25, 2025, https://www.stjohns.edu/sites/default/files/uploads/18_vandoren_memo_24.pdf
4. "More Than Fraud: Proving Fraud on the Court" by Stephen Van Doran, accessed June 25, 2025, https://scholarship.law.stjohns.edu/bankruptcy_research_library/99/
5. Hazel-Atlas Glass Co. v. Hartford-Empire Co. - Wikipedia, accessed June 25, 2025, https://en.wikipedia.org/wiki/Hazel-Atlas_Glass_Co._v._Hartford-Empire_Co.
6. Hazel-Atlas Glass Co. v Hartford-Empire Co. | 322 U.S. 238 (1944), accessed June 25, 2025, https://supreme.justia.com/cases/federal/us/322/238/
7. HAZEL-ATLAS GLASS CO. v. HARTFORD-EMPIRE CO. | Supreme Court - Law.Cornell.Edu, accessed June 25, 2025, https://www.law.cornell.edu/supremecourt/text/322/238
8. Hazel-Atlas Glass Co. V Hartford-Empire Co., 322 US 238 (1944) - Original Sources, accessed June 25, 2025, https://www.originalsources.com/Document.aspx?DocID=DMUZJY2JB4S1PR5&H=1
9. Hazel-Atlas Co. v. Hartford Co. - Case Brief Summary for Law School Success - Studicata, accessed June 25, 2025, https://studicata.com/case-briefs/case/hazel-atlas-co-v-hartford-co/
10. UNITED STATES v. THROCKMORTON. | Supreme Court - Law.Cornell.Edu, accessed June 25, 2025, https://www.law.cornell.edu/supremecourt/text/98/61
11. Roberto Facey, Sr. v. Esther Facey No. 1183, Sept. Term, 2019 Opinion by Leahy, J. Enrolled Judgment > Revisory Power > Op - Maryland Courts, accessed June 25, 2025, https://www.mdcourts.gov/data/opinions/cosa/2021/1183s19.pdf
12. Judgments: Fraud as a Basis for Relief in Federal Courts From Final State Court Judgments - Duke Law Scholarship Repository, accessed June 25, 2025, https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1896&context=dlj
13. What Is Fraud Upon the Court? (Get Legal Advice) - LegalMatch, accessed June 25, 2025, https://www.legalmatch.com/law-library/article/fraud-on-the-court.html
14. Marco Destin, Inc. v. Levy, No. 23-1330 (2d Cir. 2024) - Justia Law, accessed June 25, 2025, https://law.justia.com/cases/federal/appellate-courts/ca2/23-1330/23-1330-2024-08-08.html
15. Second Circuit Rejects Claim of Fraud on the Court Due to Lack of Due Diligence - Meyer Suozzi - new york fraud claims, accessed June 25, 2025, https://nyfraudclaims.com/second-circuit-rejects-claim-of-fraud-on-the-court-due-to-lack-of-due-diligence/

16. MARCO DESTIN INC 1000 98 v. LEVY (2024) - FindLaw Caselaw, accessed June 25, 2025, https://caselaw.findlaw.com/court/us-2nd-circuit/116469015.html
17. Williams v. BASF Catalysts LLC, No. 13-1089 (3d Cir. 2014) :: Justia, accessed June 25, 2025, https://law.justia.com/cases/federal/appellate-courts/ca3/13-1089/13-1089-2014-09-03.html
18. Kimberlee Williams v. BASF Catalysts LLC - Villanova University Charles Widger School of Law, accessed June 25, 2025, https://digitalcommons.law.villanova.edu/cgi/viewcontent.cgi?article=1904&context=thirdcircuit_2014
19. Kimberlee Williams v. BASF Catalysts LLC (2014) - Case Analysis - Callidus Legal AI, accessed June 25, 2025, https://callidusai.com/wp/ai/cases/2723308/kimberlee-williams-v-basf-catalysts-llc
20. Williams v. BASF Catalysts LLC - Case Brief Summary for Law ..., accessed June 25, 2025, https://studicata.com/case-briefs/case/williams-v-basf-catalysts-llc-6/
21. Rule 60. Relief from a Judgment or Order | Federal Rules of Civil Procedure | US Law, accessed June 25, 2025, https://www.law.cornell.edu/rules/frcp/rule_60
22. Petitioner - District of Delaware, accessed June 25, 2025, https://www.ded.uscourts.gov/sites/ded/files/opinions/04-1435_2.pdf
23. In the Supreme Court of the United States - Patently-O, accessed June 25, 2025, https://cdn.patentlyo.com/media/2025/01/20250123131653505_Marco20Destin20Petition20January20720202520EFILE1.pdf