The Honorable Gregory H. Woods,
Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Tatintsian v. Vorotyntsev et. al., Case No. 16 Civ. 7203 (GHW)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND SET OF MOTIONS IN LIMINE AND CROSS-MOTION FOR SANCTIONS FOR FRAUD ON THE COURT

Dear Judge Woods:

I submit this letter brief: (1) in opposition to Plaintiff Gary Tatintsian's Second Set of Motions in Limine (ECF 494), as argued in his counsel's reply letter (ECF 495), and (2) as a cross-motion for immediate, case-dispositive sanctions against Plaintiff and his counsel, Gelber & Santillo PLLC ("G&S"), for perpetrating a continuous and brazen fraud on this Court.

For years, Plaintiff and his counsel have abused the judicial process, prosecuting a sham lawsuit designed not to redress a legitimate grievance, but to inflict harm and duress as part of a hostile business takeover. Their latest filing, ECF 495, transcends the bounds of zealous advocacy and constitutes a direct assault on the integrity of this Court. It contains demonstrable falsehoods, frivolous legal arguments advanced in bad faith, and a transparent strategy to suppress critical evidence. This conduct demands the severest of sanctions.

## I. Plaintiff's Motion in Limine is a Pretext to Conceal a Years-Long Fraudulent Scheme.

Plaintiff's motion seeks to create an evidentiary vacuum, asking the Court to exclude all evidence that reveals the true context of this case: that Plaintiff's investment was a predicate act in a "hostile takeover plot" orchestrated by a transnational criminal enterprise. Each of Plaintiff's arguments for exclusion is not only without merit but is itself further evidence of the ongoing scheme to defraud this Court.

**First, and most egregiously, Plaintiff's counsel has lied to this Court about its own order.** In ECF 495, counsel states that Mr. Vorotyntsev is "incorrect" to argue that the Court

found Plaintiff failed to establish reliance and loss at summary judgment, claiming "[t]he Court's summary judgment ruling simply established this was for the jury to decide". This is a direct and knowing misrepresentation. The Court's order at ECF 403 explicitly states the opposite: **"Mr. Tatintsian is not entitled to summary judgment on his securities claim, because he has failed to present evidence that he relied on Mr. Vorotyntsev's misrepresentations...or that he suffered an economic loss"**. For an officer of the court to so blatantly misrepresent a judicial order to the very judge who wrote it is an act of profound bad faith and a fraud on the court in its own right.

**Second, Plaintiff's argument that evidence of his "transnational criminal enterprise" is "completely irrelevant" is a bad-faith misapplication of the Federal Rules of Evidence.** This evidence is not offered as improper character evidence under FRE 404(a). It is offered for the permissible, non-propensity purposes of proving Plaintiff's **motive, intent, knowledge, and a common plan or scheme** under FRE 404(b).
It is essential for the jury to understand *why* Plaintiff engaged in this transaction, and the evidence of the broader scheme provides that critical answer. The very intensity with which counsel attacks these "fantastical" theories reveals a profound fear that if this evidence is admitted, it will expose the securities fraud claim as the tip of a much larger, and much more sinister, iceberg.

**Third, Plaintiff's blanket evidentiary objections are frivolous and designed solely for obstruction.** The demand for "forensic extraction" to authenticate emails and texts—many of which Tatintsian and mostly Dmitriy Khmaladze, in a related action (16-cv-8029) themselves have produced—is a fabricated standard intended to suppress inconvenient evidence. The standard for authentication under FRE 901 is "not high" and is easily met by witness testimony, distinctive characteristics, and the fact of production by the opposing party. Likewise, the hearsay objections ignore the plain text of FRE 801(d)(2)(A) (admission of a party-opponent) and FRE 801(d)(2)(E) (statement of a co-conspirator), which clearly render the communications at issue admissible in this civil case.

**Fourth, counsel's attempt to disavow personal knowledge is a transparent effort to evade scrutiny.** Ms. Santillo's claim of "no personal knowledge" is a misleading legal conclusion. As counsel, she is a fact witness to the *conduct of the litigation itself*, which is central to the sham litigation claim. Her dismissal of the "Santillo Connection" text from co-conspirator Younis Zubchevich ("YZ") to an investor stating, "She will rep me if I'm served," is particularly telling. This is powerful circumstantial evidence that G&S was "pre-positioned to represent conspiracy members," providing the probable cause necessary to invoke the **crime-fraud exception** to the attorney-client privilege under the Second Circuit standard.

## II. The Court Must Impose Sanctions for a Brazen Fraud on the Court and Sham Litigation.

Plaintiff's and his counsel's conduct is not a series of isolated missteps. It is a "sentiently set in motion...unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter". This meets the high standard for **fraud on the court**, a wrong against the institution of justice itself that warrants the voiding of the entire proceeding. Under the Supreme Court's mandate in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, the Court's duty to preserve its own integrity can and must override any supposed lack of diligence by a litigant who was the target of a covert scheme.

The litigation also meets the two-part test for **sham litigation** under *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc. (PRE)*. It is **objectively baseless**, as confirmed by the Court's finding that Plaintiff has failed to produce evidence on core elements of his claim. And it was brought with the **improper subjective motivation** of using the judicial process as an "anticompetitive weapon" to destroy Mr. Vorotyntsev's business, a fact proven by the extensive evidence of the hostile takeover plot, including the formation of Agnicore and the theft of intellectual property.

Finally, the Court should exercise its **inherent power** under *Chambers v. NASCO, Inc.* to sanction the pervasive bad faith demonstrated by Plaintiff and his counsel. Their pattern of lies, evidentiary suppression, and abuse of process warrants, at a minimum, an award of all attorneys' fees and costs Mr. Vorotyntsev has incurred in this action. The causal link is clear: but for the bad-faith prosecution of this sham suit, none of these fees would have been incurred.

## III. The Court Must Deny Plaintiff's Motion and Permit Defendant to Present His Full Case.

Defendant's evidence is fully admissible. The evidence of the broader conspiracy is admissible under FRE 404(b). The emails and text messages are readily authenticated under the non-onerous standards of FRE 901. The statements of co-conspirators are admissible under FRE 801(d)(2)(E). Plaintiff's motions should be denied in their entirety, and Defendant should be permitted to present his full defense to the jury.

Furthermore, the evidence of counsel's potential complicity—including the "Santillo Connection" text and counsel's direct misrepresentations to this Court—establishes probable cause to invoke the **crime-fraud exception** to the attorney-client privilege. The

privilege was never intended to shield communications made in furtherance of a fraud on the court.

## IV. Request for Relief

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order:

1. **DENYING** Plaintiff's Second Set of Motions in Limine in its entirety;
2. **GRANTING** Defendant's cross-motion for sanctions and scheduling a hearing to determine the appropriate sanction, which should include, at a minimum, an award of all attorneys' fees and costs incurred by Defendant in this action, and should include the ultimate sanction of dismissal with prejudice for fraud on the court; and
3. **ORDERING** an *in camera* review of communications between Plaintiff and his counsel, Gelber & Santillo PLLC, to determine the applicability of the crime-fraud exception.

This Court's intervention is required to halt this abuse of process and to vindicate the integrity of the judiciary.

Dated: July 08, 2025

Respectfully submitted,

/s/ Mikhail Vorotyntsev

Mikhail Vorotyntsev, Pro Se

Cc: All Counsel of Record via email