```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: 10/23/2025
------------------------------------------------------------- X
                                                       :
GARY TATINTSIAN,                                       :
                                                       :
                                      Plaintiff,       :        1:16-cv-7203-GHW
                                                       :
                        -v-                            :        1:16-cv-8029-GHW
                                                       :
MIKHAIL VOROTYNTSEV,                                   :        ORDER
                                                       :
                                      Defendant.       :
                                                       :
------------------------------------------------------------- X
------------------------------------------------------------- X
                                                       :
DMITRIY KHMALADZE, et al.,                             :
                                                       :
                                      Plaintiffs,      :
                                                       :
                        -v-                            :
                                                       :
MIKHAIL VOROTYNTSEV, et al.,                           :
                                                       :
                                      Defendants.      :
                                                       :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On November 21, 2019, the Court granted Mr. Pohl and Mr. Franzino's motions to withdraw as counsel for all Defendants in the *Khmaladze* and the *Tatintsian* matters. Dkt. No. 218.[1] The Court explained during the conference and during the subsequent written order that the corporate defendants—Aum Code LLC, IT Adapter LLC, and ShopLink Inc.—"*must* appear before the Court through counsel." *Id.* (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)) (emphasis in original). The Court set a deadline of January 6, 2020 to allow the corporate defendants to retain new counsel. *Id.* On January 6, 2020, Defendant Mikhael Vorotyntsev requested an extension of the Court's deadline. Dkt. No. 222. The Court extended the deadline to

---

[1] Unless otherwise noted, all docket entry numbers reference the *Tatintsian* action, 1:16-cv-7203.

January 24, 2020. Dkt. No. 223. That deadline was not met.

On February 6, 2020, the Clerk of Court entered a default against the corporate entities. Dkt. No. 226. On February 19, 2020, upon application by the plaintiffs in both actions, the Court entered orders to show cause why default should not be entered against the corporate defendants and why the corporate defendants' counterclaims in the *Khmaladze* action should not be dismissed for failure to prosecute. *See* Dkt. No. 235; *see also* 1:16-cv-8029, Dkt. No. 116. On February 27, 2020, Attorney William Thomas entered an appearance on behalf of the corporate defendants. Dkt. No. 237. The Court vacated the default against the corporate defendants on June 26, 2020. Dkt. No. 268.

On March 5, 2021, Attorney Robert Gilbert Leino appeared on behalf of the corporate defendants. Dkt. No. 333. On April 25, 2025, Mr. Leino moved to withdraw after trial had been scheduled in both matters. 1:16-cv-8029, Dkt. No. 309. In a conference held on May 2, 2025, the Court granted that motion. 1:16-cv-8029, Dkt. No. 324. During that conference and in the subsequent written order, the Court once again reminded the parties that corporate entities must be represented by counsel, and that if new counsel did not enter an appearance that the corporate entities' counterclaims will be dismissed for failure to prosecute. *Id.* The Court set a deadline of thirty days for the corporate defendants to secure new counsel. *Id.* The Court again reminded defendants of the consequences of failure to retain new counsel on May 30, 2025. Dkt. No. 473. That deadline was not met. On June 2, 2025, the Court ordered the corporate defendants to show cause why their counterclaims in the *Khmaladze* matter should not be dismissed. 1:16-cv-8029, Dkt. No. 333. On July 7, 2025—the deadline for Defendants to respond to the order to show cause—Attorney John Snyder entered an appearance on behalf of all defendants in the *Khmaladze* action. 1:16-cv-8029, Dkt. No. 354.

On September 25, 2025, Mr. Snyder moved to withdraw. Dkt. No. 514. During the

conference to discuss that motion, the Court granted counsel's motion and set a deadline for new counsel to enter an appearance of October 26, 2025. Dkt. No. 519. On October 16, 2025, Mr. Vorotyntsev requested yet another extension of the Court's deadline for counsel to enter an appearance. Dkt. No. 522. For the reasons that follow, that request is denied.

In the conference held on September 29, 2025 to discuss Mr. Snyder's request to withdraw, the Court set a clear deadline of October 26, 2025 for the corporate defendants to retain new counsel. During that conference, and in an order following the conference, the Court reiterated that corporate entities must appear before the Court through counsel and the Court would find the corporate defendants in default if counsel does not enter an appearance by October 26, 2025. Dkt. No. 519. As detailed above, this is not the first time the corporate defendants have been in this position. Each time, the Court has reminded the corporate defendants that the failure to appear via counsel will result in the Court finding the corporate defendants in default and in the dismissal of the corporate defendants' counterclaims for failure to prosecute. Defendants were aware of the consequences of terminating their relationship with counsel.

Though the Court recognizes that Mr. Vorotyntsev has sought to engage new counsel, the correspondence he has shared with the Court further justifies a denial of his request. The email attached to Mr. Vorotyntsev's letter indicates that potential new counsel is not inclined to enter an appearance "on the eve of trial," given the difficulties of "getting up to speed on multiple proceedings that have gone on for years." Dkt. No. 522-1. Mr. Vorotyntsev's submission acknowledges this difficulty. In this long-running case, an extended extension of time would substantially prejudice the other parties; Mr. Vorotyntsev's application does not suggest that a modest extension would be fruitful.

The Court's deadline for Defendants to retain new counsel remains October 26, 2025. If new counsel does not enter an appearance by that date, the Court will find the corporate defendants

3

in default and expects to dismiss the corporate defendants' counterclaims for failure to prosecute. The conference scheduled for October 27, 2025 will go forward as scheduled, and the Court expects to set deadlines for the portions of these matters that are ready for trial.

Finally, the Court notes that Mr. Vorotytnsev emailed his letter and attachments to chambers prior to filing them via ECF. The Court understands that Mr. Vorotyntsev has active filing privileges via ECF. Therefore, the Court will only act on future communications to the Court that have been filed on the Court's electronic docket. Emails to the pro se docketing clerk should be directed to that office without a carbon copy to Judge Woods's chambers email address.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendants by certified mail.

SO ORDERED.

Dated: October 23, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge