USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                              :

GARY TATINTSIAN,                         :

                                  Plaintiff,    :                   1:16-cv-7203-GHW

                                                :

                     -v-                        :                  ORDER

                                                :

MIKHAIL VOROTYNTSEV,         :

                                                :

                           Defendant.   :

                                                 :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On October 27, 2025, the Court held a conference and scheduled a jury trial in this matter. Dkt. No. 526. In the order following the conference, the Court directed Plaintiff and Defendant to file letters regarding their dispute as to whether Defendant properly submitted exhibits in compliance with the Court's Individual Rule of Practice in Civil Cases. *Id.* The Court also directed Defendant to inform the Court which of his prior pretrial submissions he wishes to pursue. *Id.* On November 7, 2025, Plaintiff submitted his letter and argued that Mr. Vorotyntsev had previously submitted trial exhibits and requesting that Defendant not be permitted to submit new exhibits. Dkt. No. 529.

Defendant submitted his letter on November 28, 2025, informing the Court that he did not intend to pursue his previously submitted motions asking the Court for leave to file another set of motions. Dkt. No. 532. Defendant requested that the Court impose sanctions on Plaintiff's counsel. Dkt. No. 532-1. Defendant also argued that he be allowed to resubmit his exhibits. *Id.* Finally, Defendant requested a conference to address the issues he raised in his letter. *Id.*

Defendant's request for leave to file his proposed motions is granted, but the Court will not act on Defendant's request to impose sanctions at this time. The Court understands that Defendant seeks to file three separate motions, including two motions for sanctions and a motion to compel

release of certain assets.  The Court will consider Defendant's request to impose sanctions, Dkt. No. 532-1, only following briefing of these motions.  The deadline for Defendant to file his motions is December 22, 2025.  Plaintiff's oppositions to the motions are due no later than three weeks following service of Defendant's motions.  Defendant's replies, if any, are due two weeks following service of Plaintiff's oppositions.  The Court does not expect that the submission of these motions will affect the schedule of the jury trial set to begin on March 23, 2026.

Defendant's request to resubmit exhibits is granted.  The Court directs Defendant to submit the exhibits he intends to introduce at trial electronically and physically in full compliance with the Court's Individual Rules of Practice in Civil Cases no later than December 29, 2025.  The Court specifically directs Defendant to Individual Rules of Civil Practice 5(B) and 5(E).  For exhibits previously submitted, the Court directs Defendant to assign the same number to the exhibits as he did in the exhibit list submitted on May 19, 2025.  *See* Dkt. No. 468.  The Court understands that Defendant previously shared those exhibits with Plaintiff through a shared Dropbox folder and that Plaintiff currently has copies of those exhibits.  To expedite the submission of the exhibits, the Court suggests—but does not order—that Plaintiff share the electronic copies he currently has within his possession with Defendant.

The Court will not schedule a conference to discuss the issues raised in Defendant's letter at this time.  The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 483, 485, 486, and 507.  The Clerk of Court is directed to mail a copy of this order to Defendant by certified mail.  The Clerk of Court is further directed to remove the stay notation from the docket.

SO ORDERED.

Dated:  December 1, 2025
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

2