USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                    :

GARY TATINTSIAN,                :

                                     :

                     Plaintiff,    :           1:16-cv-7203-GHW

                                     :

          -v-                  :           ORDER

                                     :

MIKHAIL VOROTYNTSEV,      :

                                     :

                    Defendant.  :

                                     :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On December 1, 2025, the Court granted Mr. Vorotyntsev leave to file his proposed motion to compel and his motions for sanctions. Dkt. No. 533 ("December 1 Order"). The Court also directed Mr. Vorotyntsev to submit the exhibits he intends to introduce at trial electronically and physically in full compliance with the Court's Individual Rules of Practice in Civil Cases. *Id.*

On December 22, 2025, Mr. Vorotyntsev filed three motions, attached as exhibits to his submission: (1) a motion for sanctions against Plaintiff Gary Tatintsian; (2) a motion for sanctions against nonparty Nexo; and (3) a motion for sanctions against several nonparties, including Defendant's former counsel. *See* Dkt. Nos. 534-1, 534-2, 534-3 (the "Sanctions Motions"). He also requested the following: (1) an extension to file supplemental exhibits; (2) leave to file a motion for a preliminary injunction; (3) leave to file additional legal briefs (4) leave to seal exhibits; and (5) expedited consideration of the motion for a preliminary injunction. For the reasons that follow, those requests are granted in part and denied in part.

Before addressing his requests, the Court first pauses to review the remaining issues in this case and in the case captioned 1:16-cv-8029 (the "Khmaladze Action"). Both cases have persisted for nearly a decade. In this case, Defendant originally brought several counterclaims against Plaintiff. The Court granted Plaintiff summary judgment on Defendants' counterclaims and has

denied Defendants' motion for reconsideration of that decision.  *See* Dkt. Nos. 403, 423.  The only claims for which summary judgment was not granted are Plaintiff Gary Tatintsian's claims of securities fraud against Mr. Vorotyntsev.  That issue is the only issue that will be addressed in the trial the Court has scheduled in this case, which is set to begin on March 23, 2026.  *See* Dkt. No. 526.

In the Khmaladze Action, the Court decided a motion for summary judgment as to claims by the plaintiff and counterclaims by the defendants which limited the issues that would need to be resolved at trial. *See*  1:16-cv-8029, Dkt. Nos. 285, 305.  The Court granted the plaintiffs' motion for summary judgment as to their claims but denied summary judgment as to the defendants' counterclaims for conspiracy to commit unfair competition, unjust enrichment, promissory estoppel, and breach of fiduciary duty.  *See* 1:16-cv-8029, Dkt. No. 285 at 44.  Therefore, the only issues that must be resolved at trial relate to these counterclaims.  *See* 1:16-cv-8029, Dkt. No. 378.  That trial is set to begin on July 13, 2026.  *Id.*

The Court grants in part Mr. Vorotyntsev's request for an extension to file supplemental exhibits.  Mr. Vorotyntsev may only file exhibits that are cited to in the Sanctions Motions that he did not already file in his submissions filed on December 22, 2025.  The exhibits must be filed no later than January 2, 2026.  The Court will not consider any exhibits filed after that date in considering the Sanctions Motions.  The deadline for Plaintiff to file any opposition is extended to three weeks following service of all exhibits.  The deadline for Defendant's reply, if any, is one week following service of Plaintiff's opposition.  To the extent that the request to file exhibits under seal applies to the exhibits the Court is granting Mr. Vorotyntsev leave to file, the Court will not act on Mr. Vorotyntsev's request and directs him to the Court's Individual Rules of Practice in Civil Cases for the procedure relating to requests to seal or redact exhibits.  *See* Individual Rules of Practice in Civil Cases 4(A).

As stated in the December 1 Order, the Court does not expect the filing of the Sanctions

Motions to affect the schedule of the trial set to begin on March 23, 2026 or the trial set to begin on July 13, 2026.  The Court has inherent authority and authority under Rule 11 of the Federal Rules of Civil Procedure to "discipline attorneys who appear before it . . . ."  *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021); *see also* Fed. R. Civ. P. 11.  However, "Rule 11 motions [should not] be prepared to emphasize the merits of a party's position . . . ."  Rule 11 Advisory Committee Notes, 1993 Amendment.  The Court may also "defer its ruling [on a motion for sanctions] . . . until final resolution of the case . . . ."  *Id.*  The Court observes that some of the relief Mr. Vorotyntsev seeks in connection with his purported motions for sanctions relates to prior orders concerning the merits, including the orders on the motions for summary judgment and the motions for reconsideration of those decisions.  *See, e.g.*, Dkt. No. 534-2 at 23.  The Court does not expect that it will resolve the substantive issues that are the subject of the scheduled trials in advance of those trials through sanctions motion practice.

Mr. Vorotyntsev's request for leave to file a motion for a preliminary injunction is denied. The power of a court to issue an injunction is not unlimited.  "It is appropriate [to issue a preliminary injunction] when the intermediate relief is of 'the same character as that which relief may be granted finally,' but inappropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'"  *Williams v. N.Y.C. Dep't of Corr.*, No. 19-cv-3347, 2020 WL 7079497, at *2 (S.D.N.Y. Dec. 3, 2020) (quoting *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Mr. Vorotyntsev's proposed motion asks the Court to issue preliminary injunctive relief on issues that are "wholly outside" of the issues that remain in both this case and in the Khmaladze Action.  He asks the Court to stay a shareholder vote for the pending acquisition of Warner Brothers Disney by Netflix and to order Warner Brothers' Board of Directors to acknowledge receipt of his counterproposal.  Warner Brothers Disney, members of its Board, and Netflix are not parties in this case or in the Khmaladze Action, and issues related to the pending offer by Netflix do

3

not relate to either Plaintiff Gary Tatintsian's claims of securities fraud or the Khamaladze Action Defendants' counterclaims.[1]   The only link Mr. Vorotyntsev offers is that "but for" Mr. Tatintsian's alleged actions, he would be able to make a competitive acquisition offer for a multi-billion dollar corporation.

Mr. Vorotyntsev's submissions are based on what appears to be a profound misunderstanding of the scope of this ligation:  it is a vehicle to resolve the claims asserted by the parties in their respective pleadings against the parties to the action.  As detailed above, many of those claims have been resolved at the summary judgment stage, and a limited set must be resolved at the two scheduled trials.  This litigation is not a vehicle to pursue all potential claims against any person in the world that Mr. Vorotyntsev believes to be related in some way to Shoplink.  His proposed claims against third party Nexo and proposed claims involving the potential sale of Warner Brothers are simply not part of this case.  Mr. Vorotyntsev's focus on resolving them through the vehicle of this litigation is misguided.  Whether he wishes to pursue such claims in a separate litigation is a separate question.  The Court is not going to entertain them here—this case and the Khmaladze Action are limited to the claims pleaded and the parties properly joined in them.

This case and the Khmaladze Action are on the eve of trial after nearly a decade of litigation. Discovery in this case has been closed for nearly five years.  Even granting Mr. Vorotyntsev the solicitude due to a *pro se* litigant, and even under the liberal rules allowing amendment of pleadings, adding new claims and parties at this late stage in the litigation would result in prejudice to Defendants in both actions.  *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (observing that "[i]n gauging prejudice," a court considers, "among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct

---

[1] The Court once again reminds Mr. Vorotyntsev that he cannot represent the corporate defendants in the Khmaladze Action.  To the extent that his request for preliminary injunctive relief relates to claims by the corporate defendants, the Court denies that request.  The Court refers Mr. Vorotyntsev to its prior orders regarding this issue.

discovery and prepare for trial or significantly delay the resolution of the dispute."). Mr. Vorotyntsev is not barred from filing a separate action should he seek to pursue these additional claims against the parties in this case or third parties not before the Court, but the Court will not allow him leave to amend his claims in either this or the Khmaladze Action so that he may apply for the preliminary injunctive relief he seeks. The deadline for amendments to the pleadings passed years ago and Mr. Vorotyntsev cannot show good cause to add such claims or parties to these actions at this time. For similar reasons, the Court will not consider any application for preliminary injunctive relief based on alleged conduct and claims that are not at issue in this case or in the Khmaladze Action.

The Court denies Mr. Vorotyntsev's requests to file on the docket what he refers to as scientific legal briefs. The Court understands that Mr. Vorotyntsev seeks to file exhibits and expert testimony that relates to his proposed motion for preliminary injunctive relief. Because the Court will not entertain a motion for preliminary injunctive relief regarding issues and claims that are not part of this case, the Court will not grant Mr. Vorotyntsev leave to file evidence connected to such an application. To the extent that Mr. Vorotyntsev seeks to submit additional exhibits that bear on the issues to be resolved at the first of the scheduled trials and that he intends to introduce at that trial, the Court requests that Mr. Vorotyntsev follow the procedure set forth in the Court's Individual Rules of Practice in Civil Cases and in this Court's prior orders for submission of trial exhibits.

The Court reminds Mr. Vorotyntsev that the filing of exhibits on the docket does not satisfy his obligation to provide the Court with the exhibits he intends to introduce at trial. For guidance on how to comply with that order, the Court directs Mr. Vorotyntsev to Rules 5(B) and 5(E) of the Court's Individual Rules of Practice in Civil Cases. The Court also reminds Mr. Vorotyntsev of its prior order directing him to maintain the same numbering system that he previously used to provide

Plaintiff with copies of his exhibits. *See* December 1 Order.

The Court observes that Mr. Vorotyntsev included the caption of both this case and the Khmaladze Action in the filed versions of the Sanctions Motions. For avoidance of doubt, the Court's prior order granting Mr. Vorotyntsev leave to file his motions only applied to this case. This is because he is not a party to the second case and cannot represent the corporate entities *pro se*. Therefore, the Court will not consider his motions in connection with the Khmaladze Action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant by certified mail.

SO ORDERED.

Dated: December 29, 2025

_____
GREGORY H. WOODS
United States District Judge

6