```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____    │
----------------------------------------------- X   │ DATE FILED:  1/8/2026       │
                                              :     └─────────────────────────────┘
GARY TATINTSIAN,                              :
                                              :
                            Plaintiff,        :            1:16-cv-7203-GHW
                                              :
              -v-                             :            ORDER
                                              :
MIKHAIL VOROTYNTSEV,                          :
                                              :
                            Defendant.        :
                                              :
----------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On January 7, 2026 and January 8, 2026, Defendant filed what he represents are responses to the Court's order dated January 6, 2026, Dkt. No. 544 (the "January 6 Order").  *See* Dkt. Nos. 545 (the "January 7 Letter"), 546 (the "January 8 Letter").  In the January 7 Letter, he filed several requests for relief, including clarification on his service obligation, a request for an order for counsel for Plaintiff in this action and counsel for Plaintiff in the case captioned 1:16-cv-8029 (the "Khmaladze Action") to show cause why sanctions should not be imposed, a request for an order for Mr. Snyder to show cause why the Court should not impose sanctions, a request to "unseal" the filing at Dkt. No. 475, and to request to consider sanctions against non-party Nexo.  In the January 8 Letter, he requested additional relief, including an order to nonparty Nexo to release certain Bitcoin he alleges is his, for the Court to make a finding that physical copies of his evidence were presumed to support his case, that trial be stayed pending a motion for relief from judgment under Rule 60, for the Court to order sanctions on an expedited basis, and for the Court, in the alternative, to dismiss Mr. Tatintsian's claims.  The Court grants Mr. Vorotyntsev's request to serve Mr. Snyder via the email provided in Mr. Vorotyntsev's submission.  The proof of service deadline remains the same.  The Court will not act on Mr. Vorotyntsev's request to "unseal" Dkt. No. 475.  That filing is currently accessible to the public.  The Court denies his other requests.

The Court denies the requests for orders to show cause why sanctions should not be imposed and denies Mr. Vorotyntsev's request to consider sanctions against non-party Nexo.  Mr. Vorotyntsev has already moved for sanctions, and the Court has set a briefing schedule. The Court expects that to resolve those motions on the papers submitted following the close of briefing. Regarding his request to consider sanctions against Nexo, Mr. Vorotyntsev misunderstands the Court's reference to "parties and counsel that have appeared in this action."  For avoidance of doubt, the Court will only consider granting Mr. Vorotyntsev's motions for sanctions as to Plaintiff or any counsel that have appeared on behalf of Plaintiff or Defendant in the case captioned 1:16-cv-7203.  For similar reasons, the Court will not issue any order to nonparty Nexo to release any Bitcoin and the Court will not issue any expedited sanctions order.

Finally, the Court addresses Mr. Vorotyntsev's proposed additional motions and his repeated failures to provide trial exhibits.  This case is going to trial on Plaintiff's claim of securities fraud. That trial will begin on March 23, 2026.  The Court does not expect it will adjourn trial or dismiss Plaintiff's remaining claim.  If Mr. Vorotyntseva files a motion to intervene under Federal Rule of Civil Procedure 24, the Court is obliged to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  The Court further observes that Federal Rule of Civil Procedure 60 applies to a "judgment."  *See* Fed. R. Civ. P. 60(d). No judgement has been entered in this case.  The Court expects once to be entered after the jury renders a verdict in the trial.  The Court does not expect to entertain any Rule 60 motion until then.

The Court has repeatedly ordered Mr. Vorotyntsev to submit the exhibits he intends to introduce at trial.  *See* Dkt. Nos. 533, 539, 544.  Mr. Vorotyntsev failed to do so.  This is not the first time Mr. Vorotyntsev has failed to submit his exhibits to the Court.  Mr. Vorotyntsev previously failed to meet the hard deadlines set by the Court for submissions of pretrial materials—even after being given multiple extensions considering his *pro se* status—in connection with the previously

2

scheduled trial in this case.  *See* Dkt. No. 472.

Mr. Vorotyntsev now claims that he does not have access to his exhibits because his former counsel allegedly initiated the destruction of physical copies of certain exhibits.  The Court understands that Mr. Vorotyntsev has access to a Dropbox folder containing electronic copies of his exhibits and that he previously attempted to send to the Court.  *See* Dkt. No. 529-1.  Prior to the previously scheduled trial, Mr. Vorotyntsev sent an email to the Court acknowledging that he had submitted his exhibits electronically by sending a Dropbox link.  *Id.*  He also filed an exhibit list, numbered according to a numbering system he now claims "*no longer exist[s]*."  *See* Dkt. No. 468.

The Court once again orders Defendant to provide the Court with the exhibits he intends to introduce at trial.  Should he fail to do so by January 16, 2026, the Court expects that it will not allow Mr. Vorotyntsev to introduce any exhibits he discloses after that date at trial.  The Court once again reminds him that counsel for Plaintiff may have electronic copies of the exhibits on his previously submitted exhibit list.  Conferring with counsel for Plaintiff may provide one avenue for Mr. Vorotyntsev to acquire copies of the exhibits he previously prepared.

To correctly reflect the motions that the Court intends to resolve, the Clerk of Court is directed to terminate the motions pending at Dkt. No. 537 and restore the motion pending at Dkt. No. 542 and mail a copy of this order to Defendant by certified mail.

SO ORDERED.

Dated: January 8, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3