USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                  :

GARY TATINTSIAN,                                                :
                                  :

                   Plaintiff,     :            1:16-cv-7203-GHW

                                  :

              -v-                             :            ORDER

                                  :

MIKHAIL VOROTYNTSEV,                              :

                                  :

                 Defendant.     :

                                  :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On January 14, 2026, Mr. Vorotyntsev made several requests of the Court. Dkt. No. 552. He informed the Court that his wife, former Defendant Elena Vorotyntseva, intended to file a motion to intervene pursuant to Federal Rule of Civil Procedure 24. He also requested leave to file a motion pursuant to Federal Rule Civil Procedure 60. Next, he requested for the Court to authorize service on non-parties associated with Nexo through its counsel and through the emails of individuals he represents are Nexo's principals. Finally, he requested that the Court allow him to bring electronic devices at future court proceedings.

On January 15, 2026, Mr. Vorotyntsev repeated several of his requests and added others. Dkt Nos. 553, 554. He repeated his request for leave to serve various nonparties by alternative means, asked for a 30-day extension to file trial exhibits, and asked for the Court to issue letters rogatory to the Russian Federation. The Court takes up his requests in turn.

The Court denies Mr. Vorotyntsev's request for a 30-day extension to submit trial exhibits. Mr. Vorotyntsev has long been aware of his responsibility to submit exhibits in advance of trial, because the trial in this matter was initially scheduled to begin in July 2025. *See* Dkt. No. 441. The trial scheduled to begin on March 23, 2026 has been on the calendar since October 27, 2025. Dkt. No. 526. The Court affirmatively reminded Mr. Vorotyntsev of his obligation on December 1,

2025, set a deadline for December 29, 2025, and suggested that he request from Plaintiff the copies of exhibits Plaintiff has in his possession.  Mr. Vorotyntsev failed to meet the December 29, 2025 deadline.  The Court reminded him of his obligations twice more.  *See* Dkt. No. 544, 547.  In its most recent order, the Court informed Mr. Vorotyntsev that it does not expect it will allow him to introduce any exhibits shared with the Court after January 16, 2026.  This latest request comes the day before his deadline.  It appears that Mr. Vorotyntsev has submitted at least some of his exhibits electronically, but has not submitted them in physical copy.

Mr. Vorotyntsev claims that he must "reconstruct" trial exhibits because he has "irrefutable proof" that electronic copies of his evidence were "compromised."  He has not presented any of this proof in the over seven weeks since the Court first reminded him of his obligations explicitly and suggested an approach to mitigate the effect of the alleged destruction of physical copies of his exhibits.  He has instead spent that time corresponding with the Court about matters that do not relate to the Court's explicit directions, including repeating requests for relief after the Court had already denied them.  The Court can only conclude that he apparently had done no work to "reconstruct" *any* of his trial exhibits before his latest request for an extension, since he informs the Court that this is a task that he must now complete.

The Court will grant Mr. Vorotyntsev **one final opportunity** to submit trial exhibits in full compliance with the Court's Individual Rules.  That means both electronically and in physical copy. **He must do so by 10:00 a.m. on January 26, 2026—*i.e.,* the date and time of the conference scheduled on January 26, 2026.**

To state the stakes plainly:  there will be a trial that begins on March 23, 2026.  Mr. Vorotyntsev is the defendant in that trial.  Mr. Tatintsian is the plaintiff.  Plaintiff accuses Defendant of violating securities laws.  That claim has survived summary judgment, and the parties will have the opportunity to present evidence relating to that claim.  The trial will not concern any other

ancillary topic.

Mr. Vorotyntsev is at risk of having no documentary evidence to present in his defense should he fail to comply with the Court's orders.  Should Mr. Vorotyntsev be found liable by the jury, that jury may require him to pay Mr. Tatintsian damages.  The jury will not be instructed to award Mr. Vorotyntsev relief on any claim—he has no claims that remain to be tried in this case.

In light of the foregoing facts, the Court strongly encourages Mr. Vorotyntsev to consider the best use of his time between now and 10:00 a.m., January 26, 2026.

The Court denies Mr. Vorotyntsev's request to issue letters rogatory to the Russian Federation.  Discovery in this case has been closed for over five years, and Mr. Vorotyntev has not shown good cause to reopen it.  Even if discovery were open, the only issue remaining in this case is Mr. Tatintsian's claim of securities fraud.  Mr. Vorotyntsev's request to ask officials in Russia about events that took place years after Mr. Tatintsian first filed this action accusing Mr. Vorotyntsev of securities law violations seeks information that is neither "relevant to any party's claim or defense" nor "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Ms. Vorotyntseva is granted leave to file her motion to intervene.  The Court encourages the Vorotyntsevs to review the standard for granting such a motion, especially in a case set to go to trial in just over two months.  The Vorotyntsevs should not construe leave to file a motion as a suggestion that the Court views it to have merit.

The Court expects that it will take up Mr. Vorotyntsev's request for leave to file his Rule 60 motion during the conference scheduled for January 26, 2026.  The Court reiterates that it does not expect to resolve any Rule 60 motion in advance of trial.

Mr. Vorotyntsev is denied leave to serve Nexo or Nexo's principals in connection with the previously filed sanctions motions.  As the Court has stated on multiple occasions, *see, e.g.*, Dkt. No. 547, Nexo and its principals are not parties to this case.  For avoidance of doubt, the Court will not

entertain any request for relief by Mr. Vorotyntsev in this case related to the conduct of individuals that took place while those individuals were not parties to this case or had not otherwise appeared on the docket of this case as a representative of a party.

Ms. Vorotyntseva's request for alternative service to parties not in this case is denied without prejudice. Ms. Vorotyntseva is not a party to this case. Thus, she may not move to join nonparties pursuant to Federal Rule of Civil Procedure 14.

Mr. Vorotyntsev's request to bring electronic devices is denied without prejudice. The Court expects to discuss the request during the January 26, 2026 status conference.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Defendant by certified mail and to terminate the motion pending at Dkt. No. 554.

SO ORDERED.

Dated: January 20, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

4