```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                   :
GARY TATINTSIAN,                                   :
                                                   :
                                 Plaintiff,        :           1:16-cv-7203-GHW
                                                   :
             -v-                                   :               ORDER
                                                   :
MIKHAIL VOROTYNTSEV,                               :
                                                   :
                                 Defendant.        :
                                                   :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2026

GREGORY H. WOODS, United States District Judge:

The Court held a status conference in this case on January 29, 2026 to take up several issues related to the trial set to begin on March 23, 2026, including Mr. Vorotyntev's failure to provide Plaintiff and the Court with trial exhibits by the deadlines previously established by the Court. During the conference, the Court again extended the deadline for Mr. Vorotyntsev to provide his exhibits. The Court established a firm deadline for him to do so—by February 12, 2026. This was the most recent of multiple extensions that Mr. Vorotyntsev has been given to provide trial exhibits. Mr. Vorotyntsev seeks another extension of that deadline and requests other relief he represents is necessary because of difficulties preparing trial exhibits. *See* Dkt. No. 575. Those requests are denied. Mr. Vorotyntsev's deadline remains February 12, 2026.

The Court appreciates that Mr. Vorotyntsev is proceeding *pro se* and recognizes that he is attempting to meet the Court's deadlines. Mr. Vorotyntsev has previously failed to meet the deadline to provide trial exhibits to the Court and to Plaintiff. In accordance with the solicitude due to *pro se* litigants, the Court has extended that deadline several times. At this point, Mr. Vorotyntsev has submitted a set of over 500 exhibits electronically. As discussed on the record, the Court requires that Mr. Vorotyntsev label the exhibits in accordance with its rules and its prior orders. The Court provided Mr. Vorotyntsev two weeks to complete this task.

The Court cannot grant Mr. Vorotyntsev's requested extension for the separate reason that the final pretrial conference in this case is set to take place on March 2, 2026.  As discussed during the January 29, 2026 conference, the Court and Plaintiff must have copies of his exhibits before that date to prepare for the final pretrial conference.

As discussed during the conference, the scope of this case remains limited to Mr. Tatintsian's claim of securities fraud against Mr. Vorotyntsev.  To the extent that Mr. Vorotyntsev faces difficulty because of the volume of exhibits reflects his belief that there are other claims in this case, the Court once again reminds Mr. Vorotyntsev that Mr. Tatintsian's claim of securities fraud is the only claim in this case.  The only parties are Mr. Tatintsian and Mr. Vorotyntsev.  The Court will separately address his motion to amend his counterclaims and Ms. Vorotyntseva's motion to intervene and assert counterclaims.

The Court observes that Mr. Vorotyntsev references a February 17, 2026 deadline.  That deadline was for Mr. Vorotyntsev to respond to Mr. Snyder's letter concerning issues relating to Mr. Snyder's duties to a former client.  *See* Dkt. No. 566.  Mr. Snyder's deadline to file that letter is February 11, 2026.  Accordingly, the Court expects that Mr. Vorotyntsev will file a response to Mr. Snyder's submission by the February 17, 2026 deadline after receiving Mr. Snyder's letter.

In sum, Mr. Vorotyntsev's deadline remains February 12, 2026.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant by certified mail.

SO ORDERED.

Dated: February 10, 2026
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

2