USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                       :

GARY TATINTSIAN,                         :
                                         :

                      Plaintiff,    :            1:16-cv-7203-GHW
                                         :

                 -v-                :            <u>ORDER</u>
                                         :

MIKHAIL VOROTYNTSEV,            :
                                         :

                    Defendant.   :
                                         :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 11, 2026, Mr. Snyder, in accordance with the Court's orders, filed a letter *in camera* regarding his views regarding his ethical obligations to his former clients.

On February 17, 2026, Mr. Vorotyntsev filed responses to that letter. Dkt. Nos. 581, 582. The Court will address Mr. Vorotyntsev's requests for relief against Mr. Snyder when it resolves Mr. Vorotyntsev's motion for sanctions. As previously ordered, Mr. Snyder must respond to that motion by February 27, 2026. Among those requests for relief, Mr. Vorotyntsev requests that the Court refer certain matters for criminal prosecution. The Court reminds Mr. Vorotyntsev that he may alert the relevant authorities if he believes that any individual has committed a crime. He may do so absent any action by this Court. The Court addresses his other requests for relief here.

Mr. Vorotyntsev requested leave to file a motion for reconsideration of its order denying Ms. Vorotyntseva's request to intervene, Dkt. No. 578. Under the Court's Individual Rules of Practice in Civil Cases, prior leave is not required for a motion for reconsideration. Should Mr. Vorotyntsev seek to file such a motion, he may do so within the time period specified in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. *See* Local Civil Rule 6.3.

Mr. Vorotyntsev appears to misunderstand the reasoning behind the Court's denial of Ms.

Vorotyntseva's motion to intervene.  Dkt. No. 578.  In reaching its conclusion, the Court did not rely on Mr. Snyder's letter.  The Court also did not reach any conclusion regarding the merits of her claims.  Instead, the Court applied the applicable legal standards to evaluate a motion to intervene under Federal Rule of Civil Procedure 24.  The Second Circuit's binding precedent requires the Court to weigh the prejudice to the parties in the case to any possible prejudice to the intervenor.  The Court found that the parties would be greatly prejudiced by a possible years-long delay to the resolution of a nearly ten-year-old claim of securities fraud that is set for trial.

In contrast, any prejudice to Ms. Vorotyntseva would be minimal because she could bring her claims by filing a separate action.  The Court observed that allowing her proposed complaint here would effectively restart the litigation in this case.  The Court concluded that as a result, it would take a similar amount of time and resources for Ms. Vorotyntseva to resolve her claims here as it would take to resolve those claims in another lawsuit.  Therefore, any prejudice to Ms. Vorotyntseva did not outweigh the prejudice to the parties in this case.

Mr. Vorotyntsev requests that the Court allow him to view the filing by his prior attorney. Dkt. No. 318.  That request is granted.  The Court highlights, however, that the submission was not considered by the Court in ruling on his prior counsel's motion to withdraw.  *See* Dkt. No. 325 at 8:10–18.

Mr. Vorotyntsev requests public filing of Mr. Snyder's letter.  Mr. Snyder is directed to provide his views on this request no later than February 19, 2026.

Mr. Vorotyntsev requests that the Court adjourn trial.  For the reasons the Court has stated in multiple prior orders, that request is denied.  The Court reminds Mr. Vorotyntsev that the trial scheduled for March 23, 2026 will be a jury trial.  A jury, and not the Court, will be the finder of fact and will be charged to evaluate the credibility of each of the witnesses.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order and the order at Dkt. No. 318 to Defendant by certified mail and to terminate the motions pending at Dkt. Nos. 581 and 582.

SO ORDERED.

Dated:  February 18, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge