USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                    :

GARY TATINTSIAN,                         :

                             :

               Plaintiff,   :            1:16-cv-7203-GHW

                             :

          -v-                 :            ORDER

                             :

MIKHAIL VOROTYNTSEV,          :

                             :

              Defendant.  :

                             :

------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 20, 2026, Defendant made several requests of the Court. *See* Dkt. Nos. 587, 588. On February 24, 2026, Defendant made additional requests. Dkt. No. 589. Among those requests included yet another request to adjourn the trial set to begin on March 23, 2026.

Plaintiff responded to the second set of requests on the same day. Dkt. No. 590. Plaintiff first asked the Court to strike any exhibits Defendant submits, or, in the alternative, to require Defendant to pay Plaintiff's attorneys' fees to review exhibits. *Id.* Plaintiff also indicated that he would seek to file a motion for summary judgment should the Court delay trial. *Id.*

Defendant filed a response later on February 24, 2026. Dkt. No. 591. He first requested that Plaintiff's request to strike exhibits or require payment of Plaintiff's fees be denied. He also assented to Plaintiff's proposal to file a summary judgment motion should the Court delay trial. *Id.* He also repeated several requests made in prior orders. The Court addresses the parties' submissions here.

First, Defendant requests that the filing at Dkt. No. 318 be emailed to him. That request is granted. A representative of the Court will email him this filing. Defendant is ordered to follow the Court's Individual Rules of Practice in Civil Cases concerning communications with Chambers.

Second, Defendant requests access to the copies of his exhibits held by the Court. That

request is denied.  The Court observes that Mr. Vorotyntsev brought USB drives containing a version of his exhibits that had not been marked in accordance with the Court's Individual Rules of Practice in Civil Cases.  As discussed in the conference held on January 29, 2026, the Court requires each exhibit to be marked with appropriate exhibit reference sticker.  Mr. Vorotyntsev's exhibits did not include such a sticker, and instead included what the Court described as a "slip sheet."  The Court also observes, as Mr. Vorotyntsev acknowledges, that the documents received on February 12, 2026 were also not marked with a sticker, even though the Court provided Mr. Vorotyntsev two weeks to complete that task.  Mr. Vorotyntsev must provide appropriately marked physical and electronic copies of his exhibits to the Court and to Plaintiff no later than Friday, February 27, 2026, at 5:00 p.m.  Plaintiff is directed to inform the Court by end of day February 27, 2026 whether Defendant has complied with his obligations.  The Court denies without prejudice Plaintiff's request to strike exhibits or his motion for fees, but will consider a renewed application should Defendant fail to comply.

The Court is sympathetic to the financial burdens of litigation.  The Court reminds Mr. Vorotyntsev that he will require more than one physical copy of his exhibits at trial.  Therefore, even if the Court were to allow Mr. Vorotyntsev access to the exhibits it has in its possession, he would not be adequately prepared for the trial set to begin on March 23, 2026.

Mr. Vorotyntsev requests that the Court confirm that trial subpoenas are "enforceable."  The Court does not take a position on any trial subpoenas.  The Court instead expects to resolve any motions to quash and compel should any party file such a motion.  *See, e.g.*, Dkt. No. 586.

Mr. Vorotyntsev requests production of exhibits his prior counsel used in Plaintiff's deposition.  That request is denied.  The Court understands that Defendant's former counsel has copies of these exhibits.  Therefore, the Court does not understand that there is a need to compel production from Plaintiff's counsel and counsel for Plaintiff in the case captioned 1:16-cv-8029.

The Court will also not adjourn the trial set to begin on March 23, 2026. This case has lasted for nearly a decade. The time to file summary judgment motions has long since lapsed.

Finally, the Court will not grant Mr. Vorotyntsev's remaining requests. The Court has already addressed his attempts to address issues that are not relevant to the sole claim in this case: Plaintiff's claim of securities fraud. The Court will not belabor that point here.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant, to email a copy of the order at Dkt. No. 318 to Defendant, and to terminate the motions pending at Dkt. Nos. 588, 589.

SO ORDERED.

Dated: February 24, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3