USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                    :
GARY TATINTSIAN,                                    :
                                                    :
                                    Plaintiff,      :                    1:16-cv-7203-GHW
                                                    :
                     -v-                            :                    ORDER
                                                    :
MIKHAIL VOROTYNTSEV,                                :
                                                    :
                                    Defendant.      :
                                                    :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On February 25, 2026, Defendant made several requests of the Court. Dkt. No. 594. The Court takes them up here.

Mr. Vorotyntsev requested an extension of his deadline to file a motion for reconsideration of the order at Dkt. No. 578. That request is granted. Any motion must be filed no later than March 2, 2026.

Mr. Vorotyntsev requested extensions of his deadline to provide deposition designations. That request is denied. The Court is in possession of Mr. Vorotyntsev's previously submitted Excel spreadsheet. That spreadsheet includes a column labeled "Annotation Type." The values in that column are either "Highlight" or "Text," and appear to reference to the deposition testimony that Mr. Vorotyntsev seeks to designate. However, the Court is unable to evaluate Plaintiff's objections because it does not have the document with the text and highlights referenced in the spreadsheet. For avoidance of doubt, Mr. Vorotyntsev may comply with the Court's order by providing that document. Mr. Vorotyntsev is ordered to provide that document no later than February 27, 2025 at 5:00 p.m.

Mr. Vorotyntsev also requested an extension of the deadline to provide trial exhibits. That request is granted. Mr. Vorotyntsev is ordered to provide appropriately marked copies of trial exhibits to the Court and to Plaintiff no later than March 2, 2026 at 5:00 p.m.

The Court pauses to remark on the steps Mr. Vorotyntsev must undertake to comply with the Court's order. The physical documents Mr. Vorotyntsev provided on February 12, 2026 were deficient for two reasons. First, the first page of each document is a "slip sheet"—i.e., a sheet that was not part of the document identifying the document number. Because the exhibits were printed double-sided, the Court is not able to separate the slip sheet from the remainder of the exhibit. Second, the Court requires that the physical and digital copies of exhibits include a marking on the document itself identifying its exhibit number. Mr. Vorotyntsev appears to have done this for some of the physical documents he has provided the Court. For instance, in the lower right corner of each page of the physical copy of Exhibit 251 in the Court's possession, there appears to be a watermark identifying the document number. Mr. Vorotyntsev may comply with the Court's order with respect to physical exhibits by providing single-sided copies of his trial exhibits with similar markings. He need not mark every page of every document; the first page is sufficient. The markings must be on both the electronic and physical copies.

The Court will not grant Mr. Vorotyntsev any relief as it relates to Mr. Snyder or Ms. Lanyon at this time. The Court will resolve Mr. Vorotyntsev's motion for sanctions in due course.

Mr. Vorotyntsev asks for reconsideration of the Court's denial of his request to compel Plaintiff's counsel to produce copies of certain documents. That request is denied. Mr. Vorotyntsev misunderstands the Court's prior order. The "former counsel" referenced Mr. Seibert, not Mr. Snyder. As Mr. Vorotyntsev acknowledges, these documents were used by Mr. Seibert—former counsel for Mr. Vorotyntsev's company Shoplink—in connection with a deposition in this case. *See* Dkt. No. 325.

Finally, Mr. Vorotyntsev need not request prior leave to submit physical filings. The Pro Se Intake office may accept submission from pro se litigants that are filed in-person.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant and to terminate the motion pending at Dkt. No. 594.

SO ORDERED.

Dated: February 26, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3