USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/04/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                                  :

  GARY TATINTSIAN,                              :

                                        :

                            Plaintiff,  :

                                        :

            -v-                        :                      1:16-cv-7203-GHW

                                        :

  MIKHAEL VOROTYNTSEV,          :                      ORDER

                                        :

                         Defendant.  :

                                        :

                                        X

--------------------------------------------------------------

GREGORY H. WOODS, United States District Judge:

On March 3, 2026, the Court held a final pretrial conference in this case for the trial set to begin on March 23, 2026.  As the Court reminded the parties during that conference, the purpose of the trial is only to try Plaintiff's claim of securities fraud.

As stated on the record, Plaintiff is ordered to request a copy of the transcript of the conference and to provide it to Defendant.

During the conference, the Court ruled on Plaintiff's motions *in limine* filed in April 2025. For the reasons stated on the record, the Court ruled on those motions as follows.  Plaintiff's first and motion *in limine* is denied in full.  The Court did not rule on Plaintiff's second motion *in limine* and instead described the legal framework for the evaluation of the motion and outlined a procedure by which the Court will rule on the motion during trial.  Plaintiff's third and fourth motions *in limine* are granted in full.  Plaintiff's fifth motion *in limine* is granted in part and denied in part.  Plaintiff's sixth motion *in limine* is denied on the record before the Court.

The Court also ruled on Plaintiff's second set of motions *in limine*, filed in June 2025.  For the reasons stated on the record, the Court ruled on those motions as follows.  Plaintiff's first motion *in limine*, which concerned witness testimony, is granted in part as described below.  The

Court did not rule on Plaintiff's second motion *in limine* and stated that it would use the procedure described on the record to rule on the motion during trial.  Plaintiff's third motion *in limine* is granted as it relates to Mr. Vorotyntsev's comments on proposed testimony in deposition designations, though the Court will separately address the admissibility of deposition designations.

The Court heard arguments from the parties on whether to preclude Mr. Vorotyntsev from calling his proposed witnesses under Federal Rule of Civil Procedure 26, the standard set forth in *Design Strategy, Inc., v. Davis*, 469 F.3d 284 (2d Cir. 2006), and Federal Rule of Evidence 403.  The Court evaluated the witnesses on Defendant's witness list at Dkt. No. 475.  Mr. Vorotyntsev stated on the record that he no longer seeks to call Ms. Khmaladze.  For the reasons stated on the record, Mr. Vorotyntsev will not be permitted to call the following witnesses:  this Court, Justice Kornreich, Hillary Clinton, Huma Abedin, Gabriel Tapalaga, Andrew Saks, Justin Sher, David Pohl, Frank Franzino, Andrey Isaev, "London Lawyers (I.G., A.G., J.R.)," "Fedin," Zach Katz, "Shea Moisture, Sundial Executives, Bonin Bough, Michael Lupo and others," Rob Debrower, Maria Rappa, Ms. Santillo, Mr. Gerber, Mr. Chattoraj, Ms. Zolotareva, "Ron Flemming and Pillsbury lawyers," "Shoplink investors" other than Ken Lanyon, and Christopher Woodrow.

As to the remaining witnesses, Mr. Vorotyntsev is not precluded from calling them to testify. As stated on the record, he is responsible for arranging their presence at trial.  The Court expects that it will evaluate any renewed objections to their testimony under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 403 based on the legal framework it described on the record during the conference should they appear to testify at trial.

During the conference the Court deferred ruling on Plaintiff's motion *in limine* to exclude testimony as it relates to Mr. Ken Lanyon and executives at "Readerlink," including a gentlemen named "David Barker" who Mr. Vorotyntsev represented was Readerlink's president and another individual identified as "Curtis," who Mr. Vorotyntsev represented was responsible for "technology

integration" at Readerlink. In the absence of a ruling to the contrary, Mr. Vorotyntsev is not precluded from calling these witnesses to testify should he be able to arrange their presence at trial. However, as described above, the Court may limit their testimony pursuant to the applicable rules.

Mr. Vorotyntsev asked the Court to consider his motion *in limine*. Dkt. No. 485. Though Mr. Vorotyntsev withdrew that motion *in limine*, Dkt. No. 533, the Court will grant his request to renew his motion given that he is proceeding *pro se*. The Court will rule on that motion in due course.

Finally, as stated on the record, the parties' deadline to provide feedback on the questions to be asked of the venire and on the legal and factual summaries to be read to the jury is March 9, 2026. The deadline for Defendant to submit a reply in further support of his motion for sanctions is also March 9, 2026.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 450, 482, and to mail a copy of this order to Defendant

SO ORDERED.

Dated: March 4, 2026
New York, New York

_____
GREGORY N. WOODS
United States District Judge

3