USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                               :

  GARY TATINTSIAN,                      :
                               :
                   Plaintiff,   :
                               :
          -v-                    :              1:16-cv-7203-GHW
                               :
  MIKHAIL VOROTYNTSEV,      :                ORDER
                               :
               Defendant.   :
                               :

------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Following the conference held on March 12, 2026, Defendant once again moved for a stay of trial.  Dkt. No. 619.  The Court denies that request.

Mr. Vorotyntsev requested that the Court order expedited production of the transcript for the conference held on March 12, 2026.  Plaintiff is ordered to provide a copy of the transcript to Defendant no later than March 19, 2026.  Defendant's request to file a declaration based on his notes is denied.  Should Defendant seek to respond to any of the Court's decisions during the March 12, 2026 conference, he should review the transcript for the full scope of the Court's comments.  His notes are not a substitute for the transcript.

Much of Mr. Vorotyntsev's filing is premised on mischaracterizations of the Court's comments during the March 12, 2026 conference.  The Court does not take the time to correct all of them here.  Among these are Mr. Vorotyntsev's representation that the Court "direct[ed]" him to file a separate action based on the statute of limitations of his and his wife's purported claims.  Dkt. No. 619 at 2.  The Court did not direct him to do so, as the record reflects.

Mr. Vorotyntsev's remaining requests are denied.  The Court has considered Mr. Vorotyntsev's request that the Court consider the appointment of a mediator to facilitate settlement

negotiations. The Court declines to do so for two reasons. First, as the Court stated on the record during the conference held on March 12, 2026, the Court does not believe that it can arrange for that support in the time between today and the trial. The Court's mediation program is in high demand, and a mediator is unlikely to be able to schedule sufficient time to work with the parties before the trial is scheduled to begin. Second, the Court understands from Plaintiff's counsel's comments on the record and Mr. Vorotyntsev's representations in Dkt. No. 619, *see id.* at 5, that the parties do not agree on the proper scope of any mediation. The Court understands that Plaintiff seeks resolution of this case, the case captioned 1:16-cv-8029, and a state court proceeding. Defendant preconditions mediation on the potential resolution of issues that the Court does not understand to be part of any of these proceedings, including his wife's purported interest in Bitcoin allegedly held by an entity located in a foreign country that is not a party to this action. The Court does not believe that the appointment of a mediator would lead to a prompt resolution before trial in these circumstances. Nonetheless, the Court encourages the parties to continue their efforts to resolve this case if they are willing to do so.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order or the order at Dkt. No. 618 would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 619 and to mail a copy of this order to Defendant.

SO ORDERED.

Dated: March 12, 2026
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

2