USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
                                           :

GARY TATINTSIAN,                        :

                                             :

                          Plaintiff,      :                   1:16-cv-7203-GHW

                                             :

            -v -                          :                     ORDER

                                             :

MIKHAIL VOROTYNTSEV,           :

                                             :

                          Defendant.    :

                                             :
--------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

This case began nearly a decade ago. It arose out of events that took place in 2015 and 2016. In August 2024, the Court denied Plaintiff summary judgment on his remaining claim of securities fraud. Since then, it has twice scheduled trial to resolve that claim. On both occasions, Defendant Mikhail Vorotyntsev repeatedly asked the Court to adjourn the trial. *See, e.g.*, Dkt. No. 622.

Plaintiff now seeks to grant Defendant's wish. Ten days before the trial set to begin on March 23, 2026, Plaintiff moved to dismiss his claim of securities fraud with prejudice under Federal Rule of Civil Procedure 41(a)(2). That request is granted.

Federal Rule of Civil Procedure 41(a)(2) provides that, absent agreement between the parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotations omitted). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* "Voluntary dismissal without prejudice is not a matter of right." *Baby-Cakes Studio LLC v. Robinson*, 2021 WL 3604579, at *2 (S.D.N.Y. Aug. 12, 2021). Rather, "[a] voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.

1996) (quoting *Wakefield v. Northern Telecom Inc.,* 769 F.2d 109, 114 (2d Cir. 1985)).

However, "[i]f a plaintiff seeks dismissal with prejudice, courts have taken the view that the request *must* be granted[.]"  *Bynum*, 209 F. Supp. 3d at 536.

> Many courts have taken the sensible position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party. A different view has been taken, however, when a plaintiff wishes to dismiss with prejudice.  *Since such a dismissal is a complete adjudication of the claims and a bar to a further action on them between the parties, it has been held that the district court has no discretion to refuse such a dismissal and cannot force an unwilling plaintiff to go to trial.*

*Id.* (quoting 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.)  (emphasis added)).

Plaintiff's motion to dismiss is granted and his remaining claim is dismissed with prejudice. Because he moves to dismiss with prejudice, this dismissal operates as a "complete adjudication of the claims and a bar to further action on them between the parties."  9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.).

Defendant's claims of prejudice are without merit.  Mr. Vorotyntsev does not identify any prejudice with respect to the claims of securities fraud.  Indeed, as recently as the same day Plaintiff filed his motion, Defendant renewed his request to adjourn the trial set to begin on March 23, 2026 because he does not believe that he should be compelled to defend against Plaintiff's securities fraud claim.  *See* Dkt. No. 622.  Here, Mr. Vorotyntsev argues that he will suffer prejudice because "Plaintiff seeks to close the case while preserving the perjury-procured dismissal of every one of Defendant's counterclaims."  Dkt. No. 627 at 4.  Dismissal of Plaintiff's claim, however, has no legal effect on the resolution of Shoplink's counterclaims.

The Court denies Defendant's request to impose conditions on dismissal.  Mr. Vorotyntsev believes that Plaintiff's decision to make a request of the Court gives him leverage.  Under that mistaken belief, he asks the Court for several forms of relief, including to order Plaintiff to post a cash bond of $1,000,000, to impose a lien on certain real property, and to order wide-ranging

discovery in connection with another case.  However, none of these forms of relief would be available to Defendant if the Court were to deny Plaintiff's motion.  The consequence of that decision would be that the trial scheduled to begin next week would go forward.  Mr. Vorotyntsev would not be entitled to receive $1,000,000 or any of the other demands he now presents.  Plaintiff's claim of securities fraud would be the only claim at issue.  If the jury found that Mr. Tatintsian had met his burden of proof, he would be entitled to recover damages from Mr. Vorotyntsev.  The jury would not be instructed to award Mr. Vorotyntsev any relief.  The consequence of the Court's decision to grant Plaintiff's request is that Defendant will get what he has repeatedly asked the Court for:  that trial will not go forward, and Mr. Vorotyntsev will no longer be at risk of an adverse judgment on Mr. Tatintsian's claim of securities fraud.

Finally, Mr. Vorotyntsev does not identify any reason to award fees as a condition for dismissal with prejudice.  "[U]nder the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees."  *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).  "Fee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)."  *Id.* (emphasis in original).  "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him."  *Id.*  Here, however, Plaintiff is requesting dismissal *with* prejudice.  He can therefore be certain that Defendant *will not* compel him to litigate his claim in the future.  Accordingly, the Court denies Defendant's request to impose conditions on dismissal.[1]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

---

[1] To the extent that Mr. Vorotyntsev's myriad requests for relief overlap with requests he has previously made in connection with any pending motions, the Court will resolve any pertinent pending motion in due course.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate all existing motions and adjourn all remaining dates—including the trial scheduled to begin on March 23, 2026—*sine die*.  The Clerk of Court is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:  March 17, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge