USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
GARY TATINTSIAN,                                          :
                                                          :
                                          Plaintiff,      :
                                                          :              1:16-cv-7203-GHW
                            -v-                           :
                                                          :              MEMORANDUM
MIKHAIL VOROTYNTSEV,                                      :              OPINION & ORDER
                                                          :
                                          Defendant.      :
                                                          :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Before the Court is Defendant Mikhail Vorotyntsev's renewed motion for the Court to be recused from this case. Because Mr. Vorotyntsev once again does not offer any facts demonstrating that a reasonable person knowing all the facts would conclude that the Court is biased against him or partial to Plaintiff, the Court DENIES his motion for recusal.

## I.      BACKGROUND

This case has a long procedural history that speaks for itself. The Court reviews the history of the motion for recusal here and directs the reader to the docket of this case for a full review of the history and facts.

On March 9, 2026, Mr. Vorotyntsev moved for recusal pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144. Dkt. No. 608 ("Mot"). He filed a brief in support of his motion and a declaration in support of his motion. *Id.* The Court denied that motion on March 11, 2026. *See* Dkt. No. 616.

On March 12, 2026, Mr. Vorotyntsev once again moved for recusal pursuant to 28 U.S.C. § 455(a). Dkt. No. 620-1 ("Mot."). In his brief, he argued that the Court's order denying his first motion for recusal, Dkt. No. 616, and the Court's order denying his motion for reconsideration,

Dkt. No. 617, included seven errors that demonstrate the Court's bias.

## II.      DISCUSSION

The Court denies the motion for the Court to recuse itself under 28 U.S.C. § 455(a).  The Court directs the reader to its prior opinion, Dkt. No. 616, for a fulsome discussion of the applicable legal standard.

Once again, Mr. Vorotyntsev has not met his burden to demonstrate that this Court must recuse itself under 28 U.S.C. § 455(a).  Mr. Vorotyntsev's renewed motion is only premised on judicial rulings.  When a motion for recusal is premised on judicial rulings or a judge's administration of a case, such "challenged conduct" can only constitute a basis for a motion to recuse where the judge either "relies upon knowledge acquired outside such proceedings" or "displays deep-seated and unequivocal antagonism that would render fair judgment impossible."  *Razmilovic*, 738 F.3d at 29–30 (quoting *Liteky*, 510 U.S. at 556).  As in his prior motion for recusal, Mr. Vorotyntsev does not argue that the Court has relied on such outside knowledge.

The Court's prior orders do not display favoritism or antagonism of the type meriting recusal.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "only in the rarest circumstances [do they] evidence *the degree of favoritism or antagonism required.*"  *Liteky*, 510 U.S. at 555 (emphasis added).  Mr. Vorotyntsev does not point to facts to suggest that the Court issued decisions that were adverse to him because it is antagonistic to him in such a way that would "render fair judgment impossible."  *Razmilovic*, 738 F.3d at 30.  The procedural history of this case does not demonstrate the existence of such facts.

Instead, Mr. Vorotyntsev seeks to use a motion for recusal to litigate the merits of the Court's prior rulings.  A motion for recusal an improper vehicle to do so.  In any event, his complaints are without merit.  Mr. Vorotyntsev argues that the Court's decision not to find facts in his favor constituted error because the Court did not adjudicate what he asserts is a "legal question."

Mot. at 2.  Mr. Vorotyntsev misunderstands the Court's ruling.  The Court has, on multiple occasions, reminded the parties that the time for summary judgment—where the Court considers whether a party may prevail as a matter of law—has long since passed.  Had the trial on the question of Mr. Tatintsian's securities fraud proceeded as scheduled, Mr. Vorotyntsev would have had the opportunity to move for judgment as a matter of law after Plaintiff had rested.  *See* Fed. R. Civ. P. 50.

Second, Mr. Vorotyntsev believes the Court should have resolved his motion for reconsideration under Federal Rule of Civil Procedure 60.  *See* Mot. at 2–3.  His motion did not raise Rule 60.  *See* Dkt. No. 603.  Mr. Vorotyntsev has separately filed a motion that invoked Rule 60, *see* Dkt. No. 552-1, which the Court will resolve in due course.

Third, Mr. Vorotyntsev argues that the Court has narrowed this case to prevent him from raising his myriad claims related to issues that are not in this case.  Mot. at 3.  Mr. Vorotyntsev misunderstands the procedural history.  The Court did not narrow the case.  The case has always only been about events that occurred in 2015 and 2016.  *See* Dkt. No. 1.  The Court has denied Mr. Vorotyntsev's late efforts to expand the scope of the action.

Fourth, Mr. Vorotyntsev argues that the Court only considered his motion on the basis of bias from an extrajudicial source.  Mot at 3–4.  A cursory review of the Court's prior opinion demonstrates that this is false.  *See* Dkt. No. 616 at 5 ("The Court's prior judgments and orders do not display favoritism or antagonism of the type meriting refusal."); *Razmilovic*, 738 F.3d at 29–30 (stating that recusal is warranted based on judicial rulings if the judge either "(1) relie[s] upon knowledge acquired outside such proceedings [or] *(2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.*" (emphasis added)).

Fifth, Mr. Vorotyntsev argues that the Court misapplied the timeliness standard relevant to his wife's motion to intervene.  Mot. at 4–5.  Once again, this argument is premised on this case

being about an alleged broad-ranging, transnational enterprise that has purportedly set out to harm the Vorotyntsevs.  It is not.  It is, and has been since its inception, a case about the events that took place in 2015 and 2016 related to Mr. Tatintsian's investment into Shoplink and the Vorotyntsevs' use of those funds.  Events taking place years later—and Mr. Vorotyntsev's contentions regarding the effect of those events—have never been a part of this case.

Sixth, Mr. Vorotyntsev takes issue with a footnote referencing the power of the United States Bankruptcy Court.  Mot. at 5.  Mr. Vorotyntsev misconstrues that footnote.  The Court did not direct Ms. Vorotyntseva to file for bankruptcy.  Because Ms. Vorotyntseva directed misguided complaints to this Court regarding her alleged destitution, the Court provided information regarding an appropriate forum to seek relief.

And finally, seventh, Mr. Vorotyntsev takes issue with the Court's certifications pursuant to *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  As previously explained, there is no reasoned basis to see bias in those certifications.

In sum, Mr. Vorotyntsev's motion fails because he has not met the standard under 28 U.S.C. § 455 and seeks to instead use a motion for recusal to litigate issues on the merits.  The Court denies his motion for that reason alone.  The Court's review of Mr. Vorotyntsev's "seven errors" are to explain that the motion also premised on a misguided view of the scope of this case and the applicable law.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion to recuse is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 620 and to mail

a copy of this order to Defendant by certified mail.

    SO ORDERED.

Dated:  March 27, 2026
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

5