USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                               :

GARY TATINTSIAN,                      :

                     Plaintiff,  :

                           :                    1:16-cv-7203-GHW

          -v-               :

                           :

MIKHAIL VOROTYNTSEV,     :                    ORDER

                           :

                    Defendant.  :

                           :

---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 20, 2026, Defendant Mikhail Vorotyntsev notified the Court that he is filing a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651. Dkt. No. 638. In connection with that request, Mr. Vorotyntsev requested a stay of these proceedings. *Id.* at 3. That request is denied.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay proceedings, courts in the Second Circuit examine the following factors articulated in *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996):

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at 1058. "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Id.*

The *Kappel* factors do not favor a stay here. The Court first observes that the filing for a petition for a writ of mandamus—unlike the filing of a notice of appeal—does not "automatically

and by operation of law immediately divest the [Court] of jurisdiction." *Hill v. United States*, No. 02-CR-0728 (DRH), 2017 WL 6624408, at *2 (E.D.N.Y. Sept. 20, 2017) (citation omitted). Turning to the *Kappel* factors, none favor granting a stay. Staying these proceedings would result in significant prejudice all parties. This case has proceeded for nearly ten years. A stay would result in further delay in the entry of judgment in Plaintiff's favor on Defendant's counterclaims and in the entry of judgment in Defendant's favor on several of Plaintiff's claims. Defendant appears to argue that he would be prejudiced because he cannot seek relief outside of a petition for a writ of mandamus. On the contrary—and as the Court has pointed out before—Mr. Vorotyntsev is not barred from appealing this Court's decisions and applying to proceed *in forma pauperis* in the Court of Appeals.

The remaining factors do not favor a stay. The only claims remaining in this case is a set of claims against Younis Zubchevich for which the claimants—Defendant Shoplink and Mr. Vorotyntsev—has not taken any action to prosecute in nearly seven years. Prompt resolution of those claims and entry of judgment in this case is warranted because Mr. Vorotyntsev has sought to pursue those claims—and several others he seeks to adjudicate in this case—in a separate action. *See* 1:26-cv-2148. The public, the courts, and the putative defendants in that action would be prejudiced by duplicative efforts to litigate those claims. Accordingly, the Court will not stay this action pending resolution of Mr. Vorotyntsev's petition for a writ of mandamus.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated: March 27, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2