USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                     :
GARY TATINTSIAN,                                                     :
                                                                     :
                                        Plaintiff,                   :          1:16-cv-7203-GHW
                                                                     :
                   -v-                                               :     MEMORANDUM OPINION &
                                                                     :              ORDER
MIKHAIL VOROTYNTSEV,                                                 :
                                                                     :
                                        Defendant.                   :
                                                                     :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court has received a motion to intervene filed by Dr. Ken Lanyon, an anesthesiologist from Franklin, Tennessee.  Dr. Lanyon seeks leave to intervene in this ten-year-old action.  He wishes to pursue a series of claims against people and entities who are not currently parties to this case, asserting, among other things, that an international criminal enterprise was responsible for what he describes as the "destruction of my family."  Because Mr. Lanyon asks to introduce new issues and parties into this case will delay its resolution and result in significant prejudice to the parties already in this case, Dr. Lanyon's motion to intervene is DENIED.

## I.    BACKGROUND

Plaintiff Gary Tatintsian initiated this action on September 15, 2016, naming as defendants Mikhael Vorotyntsev and his wife, Elena Vorotyntseva.  He accused Mr. Vorotyntsev of fraudulently securing Mr. Tatintsian's investment into Mr. Vorotyntsev's startup software company, Shoplink.  He also brought claims against both individuals on behalf of Shoplink.  Discovery concluded in December 2020.  This case became trial ready in August 2024 when the Court denied Plaintiff summary judgment on his claim of securities fraud against Mr. Vorotyntsev.

In the window preceding the trial, Ms. Vorotyntseva filed a motion to intervene in this case.  The Court denied the request, noting that it appeared that "her desire to use this litigation as a

vehicle to pursue an array of other issues is motivate by a strategic initiative to prolong these proceedings." Dkt. No. 578 (internal quotation omitted).

Shortly before the scheduled trial, Plaintiff sought leave to dismiss his claims against Mr. Vortyntsev with prejudice. The Court granted that request. Dkt. No. 629. As a result, there are no substantive claims in the operative pleadings currently being litigated in this case: all have been dismissed.[1]

On March 22, 2026, Mr. Vorotyntsev filed a motion purportedly on behalf of Dr. Kenneth M. Lanyon. Dkt. No. 640 (the "Motion"). In the Motion, Dr. Lanyon seeks leave to intervene in this action in order to pursue several purported claims. First, "fraud" based on allegedly "false statements of material fact in connection with Rule 56.1 submissions that procured the summary judgments at Doc. 403 and Doc. 285. Dkt. No. 640-3 ("Proposed Complaint") at 7. He asserts that Shoplink's dismissed counterclaims were the only remaining vehicle for the possible recovery of his $500,000 investment in Shoplink. *Id.* Second, a claim for "conversion" against Mr. Vorotyntsev's former lawyer, John H. Snyder, because Mr. Snyder allegedly misused a portion of his retainer. *Id.* at 8. Underlying the claim appears to be the contention that the retainer paid to Mr. Snyder by Mr. Vorotyntsev was funded in part by Dr. Lanyon. Third, a claim for spoliation of evidence in connection with this case against Mr. Snyder and the Harvard Club of New York. *Id.* And fourth, a claim for "Tortious Interference with Business Relationships and Destruction of Family Relationships," because an alleged criminal enterprise targeting him and Mr. Vorotyntsev conspired to interfere with his relationship with his family members. *Id.* at 9.

## II.   DISCUSSION[2]

Dr. Lanyon's motion is denied. The Second Circuit has "explained that intervention is a

---

[1] The Court must still resolve putative motions for sanctions and Rule 60 relief filed by Mr. Vorotyntsev.

[2] Because Dr. Lanyon is purportedly proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.

procedural device that attempts to accommodate two competing policies." *Floyd v. City of New York.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quotation and brackets omitted). "[O]n the one hand," intervention is designed to permit courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit." *Id.* (quotation omitted). The Second Circuit has cautioned that "on the other hand," permitting parties to intervene haphazardly makes lawsuits "unnecessarily complex, unwieldy or prolonged." *Id.* (quotation omitted). The Second Circuit has repeatedly emphasized the "fact-intensive nature" of the inquiry a district court must make in resolving a motion to intervene. *Id.*; *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994) ("In resolving the tension that exists between these dual concerns, the particular facts of each case are important . . . .").

### A.    Intervention as of Right

Dr. Lanyon has not met his burden to demonstrate that he is entitled to intervene as of right.

> Federal Rule of Civil Procedure 24(a) provides for intervention as of right . . . :   "On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Floyd.*, 770 F.3d at 1057 (quoting Fed. R. Civ. P. 24(a)(2)) (emphasis and ellipsis omitted).

Thus, "[a] district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Ests., Inc. v.*

---

2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)).

*Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds*, 137 S. Ct. 1645 (2017) (quotation omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented, while under [a different statute], the government bears that burden.").

Dr. Lanyon has not met his burden to demonstrate that his motion is timely. "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *Pitney Bowes*, 25 F.3d at 70.

> Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*Id.* "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (quotation and citation omitted).

Dr. Lanyon's failure to intervene after having notice of his interest justifies denial of his motion as untimely to the extent that it relates to the alleged loss of value of his investment in Shoplink. Dr. Lanyon's first claim appears to rest on a concern that he has been deprived of the value of his investment in Shoplink. According to his declaration, he invested $500,000 in the company between December 2015 and January 2016. Dkt. No. 640-2. The Court understands that Dr. Lanyon has not received that money back from Shoplink. To the extent that this litigation

4

might have provided a vehicle for Dr. Lanyon to bring an action as a result of his lost investment—as Mr. Tatinsian did when he first filed it—he could have done so many years ago. His request to intervene at this late date—after substantial completion of the litigation—is untimely.

Moreover, granting the motion to intervene would prejudice all of the parties. Again, this case is near completion. Dr. Lanyon seeks to insert into this 2016 litigation a series of claims against people who are not parties to it—including counsel for various parties and the Harvard Club. Granting intervention would require that the Court essentially restart the case with brand new parties, and brand new claims. The delay would result in prejudice to the existing parties because it would delay resolution of these proceedings. "Case law is clear that if an intervenor attempts to introduce collateral issues in a proceeding, a court may be justified in denying a motion to intervene based on undue delay or prejudice." *S.E.C. v. Callahan*, 2 F. Supp. 3d 427, 438 (E.D.N.Y. 2014) (quotation and brackets omitted). Dr. Lanyon proposes to add a broad array of collateral issues to this litigation. Granting the motion to intervene at this late stage would essentially restart this litigation as a new action. Further delay in resolution would result in prejudice to all parties to the case. By contrast, should Dr. Lanyon seek to pursue his claims, he has the opportunity to seek to pursue them through a new action. As a result, denial of this motion does not prejudice him.

Dr. Lanyon's explanation for the timing of his motion for intervention shows that, like the motion for intervention by Ms. Vorotyntseva before him, his motion is motivated by a misguided belief that pursuing intervention in this action will result in a procedural benefit for Mr. Vorotyntsev. *See* Motion at 8–9 ("The procedural posture created by Dkt. 629 makes intervention the only vehicle to prevent permanent entrenchment of fraud. MV cannot appeal . . . . Dr. Lanyon's intervention introduces a party not subject to the certifications, whose independent testimony corroborates every element of the fraud."). It is unclear why Dr. Lanyon believes that his intervention will yield a tactical advantage; but it is clear that it is because of that belief that he has sought to intervene here,

rather than to pursue a separate action.

Accordingly, Dr. Lanyon's motion to intervene as of right is denied.

### B.       Permissive Intervention

For similar reasons, the Court denies Dr. Lanyon's motion to intervene pursuant to Federal Rule of Civil Procedure 24(b). "Federal Rule of Civil Procedure 24(b) provides for intervention by permission . . . : 'on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.'" *Floyd*, 770 F.3d at 1057 (quoting Fed. R. Civ. P. 24(b)(1)(B)) (ellipsis, emphasis, and brackets omitted). "The 'principal consideration' for permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Battle v. City of New York*, No. 11 CIV. 3599 (RMB), 2012 WL 112242, at *6 (S.D.N.Y. Jan. 12, 2012) (quoting *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)). "Moreover, it is within the Court's discretion to limit the scope of any intervention." *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 (LAK), 2011 WL 2150450, at *5 (S.D.N.Y. May 31, 2011) (citing *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987)). As already discussed at length, intervention will result in further delay in a case that has already lasted nearly a decade. That delay will prejudice the parties. Accordingly, the Court denies Dr. Lanyon permission to intervene in this case.

## III.    CONCLUSION

For the foregoing reasons, Dr. Lanyon's motion to intervene is denied. While Dr. Lanyon's motion to intervene in this case has been denied, as noted, this decision does not prevent him from pursuing a separate action to pursue any purported claims that he believes he may have.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Dr. Lanyon by certified mail and to terminate the motions pending at Dkt. No. 640.

SO ORDERED.

Dated:  March 27, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

7