USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                              :

GARY TATINTSIAN,                     :

                                      :

                    Plaintiff,  :

                                        :                    1:16-cv-7203-GHW

               -v-                 :

                                        :

MIKHAIL VOROTYNTSEV,       :                    ORDER

                                        :

                    Defendant.  :

                                        :

------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On March 23, 2026, Mr. Vorotyntsev filed an "emergency" motion for injunctive relief.  Dkt. No. 642 (the "Motion").  In it, he requested wide-ranging relief.  He asked that the Court enjoin his former counsel, John H. Snyder, and Sydney Lanyon, who is allegedly working for Mr. Snyder, from communicating directly or indirectly with Dr. Ken Lanyon, Ms. Lanyon's father.  Mr. Vorotyntsev also asks that the Court order disgorgement of fees paid to his former counsel, Mr. Snyder.  Those requests are denied.[1]

On this record, the Court does not believe that it is appropriate to order Mr. Snyder not to contact Dr. Lanyon, or to prevent his daughter from speaking with him.  Mr. Vorotyntsev argues that the text messages sent by Mr. Snyder to Dr. Lanyon violate 18 U.S.C. § 1512.  But "the witness tampering statute does not provide for a private right of action." *White v. City of New York*, No. 13 CIV. 7156 ER, 2014 WL 4357466, at *19 (S.D.N.Y. Sept. 3, 2014).  While the Court takes no position

---

[1] Because Mr. Vorotyntsev is proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)).

on whether Mr. Snyder's alleged conduct violates the statute, the Court notes that Mr. Lanyon is not a witness in this action.  Nor is he a party to it.

The Court understands that Mr. Vorotyntsev views his motion as exigent because the alleged communications between Mr. Snyder and Dr. Lanyon have caused Dr. Lanyon to cease his financial support for Mr. Vorotyntsev and his wife.  But Mr. Vorotyntsev's entitlement to continued financial support from Dr. Lanyon is not at issue in this case.  As the Court has reminded Mr. Vorotyntsev on multiple occasions, *see* Dkt. No. 539, the power of a court to issue an injunction is not unlimited.  "It is appropriate [to issue a preliminary injunction] when the intermediate relief is of 'the same character as that which relief may be granted finally,' but inappropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'" *Williams v. N.Y.C. Dep't of Corr.*, No. 19-cv-3347, 2020 WL 7079497, at *2 (S.D.N.Y. Dec. 3, 2020) (quoting *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).  Mr. Vorotyntsev's request that the Court order Mr. Snyder not to speak with Dr. Lanyon because it will discourage Dr. Lanyon from continuing his financial support for Mr. Vorotyntsev raises an issue that is outside of the scope of this case.[2]

Mr. Vorotyntsev also asks the Court to order immediately the payment to him of $50,000 by Mr. Snyder.  There is a pending motion for sanctions against Mr. Snyder that the Court will resolve in the ordinary course.

The Court declines Mr. Vorotyntsev's requests for referrals to the U.S. Attorney's Office and to have the U.S. Marshal's Service provide "protective services" to Dr. Lanyon.  The Court does not believe that the record presented to it supports the requests.

The Court reminds Mr. Vorotyntsev that Chambers does not accept submissions via email.

---

[2] The Court observes that Mr. Vorotyntsev's submission calls into question Mr. Vorotyntsev's prior representations that he and his wife previously could not afford food or basic necessities and were going without:  in recent submissions, Mr. Vorotyntsev and Dr. Lanyon have stated that Dr. Lanyon had been providing for those needs.  Mr. Vorotyntsev is reminded that though he is proceeding *pro se*, he is bound to follow rules that apply to submissions to this Court, including Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1746.

The Court has repeatedly reminded Mr. Vorotyntsev that the Court does not accept correspondence over email. *See, e.g.*, Dkt. Nos. 229, 460. The Court has cautioned Mr. Vorotyntsev that failure to follow this directive will result in sanctions. *See* Dkt. No. 460. Mr. Vorotyntsev should not expect that the Court will review or act on any submissions emailed to the Chambers email address or to the email address of any Chambers staff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 642 and mail a copy of this order to Defendant.

SO ORDERED.

Dated: March 27, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3