UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                               :

GARY TATINTSIAN,                     :

                               :

               Plaintiff,    :           1:16-cv-7203-GHW

                               :

          -v –                :      MEMORANDUM OPINION &
                               :              ORDER

MIKHAIL VOROTYNTSEV,       :

             Defendant.   :

                               :

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/27/2026

GREGORY H. WOODS, United States District Judge:

After nearly eight years of litigation, the Court ruled on Plaintiff Gary Tatintsian's motion for summary judgment. The Court denied Mr. Tatintsian's motion on his claim of securities fraud against Defendant Mikhail Vorotyntsev. The Court granted Mr. Tatintsian's motion on counterclaims brought by Defendant Shoplink.

Nearly a year and a half after the fact, Mr. Vorotyntsev seeks to relitigate the motion for summary judgment through the vehicle of a motion invoking Federal Rule of Civil Procedure 60(b). Because nearly all of Mr. Vorotyntsev's arguments fall within the scope of Rule 60(b)(3) and he failed to file his motion within one year, they are time-barred. And because none of his other complaints constitute "extraordinary circumstances," Mr. Vorotyntsev's motion does not justify vacatur of the order under Federal Rule of Civil Procedure 60(b)(6). Accordingly, Defendant's motion is denied in full.

## I.     BACKGROUND

This case has a long procedural history that speaks for itself. The Court reviews the history as is relevant to the Rule 60 motion and directs the reader to the docket of this case for a full review

of the history and facts.

On August 6, 2024, the Court granted in part and denied in part Plaintiff's motion for summary judgment. Dkt. No. 403. ("Op.") Plaintiff moved for summary judgment on his remaining claim of securities fraud against Mr. Vorotyntsev and for summary judgment on Shoplink's counterclaims. The Court granted Mr. Tatintsian summary judgment on Shoplink's counterclaims and denied him summary judgment on his claim of securities fraud. *Id.* The Court scheduled trial on Mr. Tatintsian's claim of securities fraud On March 17, 2026, on the eve of trial, the Court dismissed Mr. Tatintsian's claim on his motion and adjourned the trial *sine die.* Dkt. No. 629.

On January 13, 2026—over seventeen months after the Court's summary judgment order— Mr. Vorotyntsev filed a motion for relief from the summary judgment order under Federal Rule of Civil Procedure 60. Dkt. No. 552-1 ("Mot.").[1] Mr. Vorotyntsev argued that he was entitled to vacatur of the Court's summary judgment order because, he argued, multiple attorneys had defrauded the Court throughout the course of these proceedings. *Id.* at 15. He also argued that Plaintiff's decision to file this lawsuit was fraudulent. *Id.* at 16. He argued that the conduct of which he complains justifies relief under Federal Rule of Civil Procedure 60(b)(3). In the alternative, he argued that other, "extraordinary circumstances" justified relief under Federal Rule of Civil Procedure 60(b)(6). *Id.* at 16.[2]

On February 19, 2026, Mr. Tatintsian filed his opposition. Dkt. No. 585. Mr. Tatintsian argued that Mr. Vorotyntsev's theories of fraud do not warrant granting Mr. Vorotyntsev relief

---

[1] Mr. Vorotyntsev's remaining requests for relief are moot or duplicative. *See* Mot. at 18–19. He asks for the Court to vacate any defaults or default judgments entered against Shoplink. Shoplink is not in default. He asks for various requests relating to the trial that was set to begin on March 23, 2026. That trial has been adjourned *sine die.* He also requests that the Court sanction counsel—both Plaintiff's and his former counsel. A Rule 60 motion is not the proper vehicle to seek relief against counsel. Mr. Vorotyntsev has moved for sanctions against Plaintiff, Plaintiff's counsel, and his former counsel. The Court will resolve those motions in due course.

[2] Mr. Vorotyntsev also raised arguments that relate to the case captioned 1:16-cv-8029. These are not consolidated cases, and the Court will not address those arguments here.

under Rule 60. *Id.* at 2–3. He also argued that many of the allegations Mr. Vorotyntsev raised in his motion were related to issues and parties that were not part of this action. *Id.*

The Rule 60 motion was fully briefed when Mr. Vorotyntsev filed a reply on March 9, 2026. Dkt. No. 609 ("Reply"). He elaborated on his theories of fraud, arguing that Mr. Tatintsian had "concealed" certain evidence in his Local Rule 56.1 statement. *Id.* at 5, 7. He also argued that Mr. Tatintsian's decision to pursue his claims was fraudulent because certain elements of his claim were "destroyed" by the failure of an individual against whom Shoplink filed crossclaims to respond to allegations against him. *Id.* at 6. Finally, he reiterated his requests for relief. *Id.* at 8–9.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Rule 60(b)(3) permits such relief on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under this rule, "[t]he moving party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct." *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 286 F.Supp.2d 309, 312 (S.D.N.Y. 2003). "In addition, the moving party must show that this conduct prevented [the movant] from fully and fairly presenting his case." *Id.* (internal quotation omitted).

"Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533. "Even then,

3

'extraordinary circumstances' must justify reopening" a case.  *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  What constitutes "a reasonable time . . . is to be determined based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality."  *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

"Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'"  *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted)).  As such, when "a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed."  *Id.* (quoting *Stevens*, 676 F.3d at 67); *see also id.* (explaining that this is a "threshold issue" because "the two provisions are subject to different filing limitations" under Rule 60(c)).  The same is true for Rules 60(b)(2) and (3).  Where a motion is premised on grounds fairly classified as falling within the scope of those rules, relief under Rule 60(b)(6) is foreclosed.  *See Maduakolam v. Columbia University*, 866 F.2d 53, 55 (2d Cir. 1989) ("The court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable.").

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion . . . ."  *Mandala,* 88 F.4th at 359 (internal quotation marks and citations omitted); *see also Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182 ("[T]he decision whether to grant such relief is

4

addressed to the sound discretion of the district court."). A district court abuses its discretion if its Rule 60(b) "ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Mandala*, 88 F.4th at 359 (internal quotation marks and citation omitted). "In exercising that discretion [in ruling on a Rule 60(b) motion], courts aim to 'strike[ ] a balance between serving the ends of justice and preserving the finality of judgments.'" *Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182 (alteration in original) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). In short, Rule 60(b) motions "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer*, 793 F.2d at 61 (internal quotation marks and citations omitted).

"The burden is on the moving party to demonstrate that it is entitled to relief, and courts generally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182 (internal quotation marks and citations omitted); *accord Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021). "[B]ecause vacatur under Rule 60(b) is an equitable remedy, courts may deny Rule 60(b) relief if the moving party is found to have acted inequitably." *Id.*

Because he is proceeding *pro se*, the Court must liberally construe Defendant's submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007) ("A document filed pro se is 'to be liberally construed' . . . " (citation omitted)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013).

### III.   DISCUSSION

Mr. Vorotyntsev's motion under Rule 60(b)(3) and 60(b)(6) is denied.[3]  Mr. Vorotyntsev

seeks vacatur of the Court's decision denying Mr. Tatintsian's motion for summary judgment on

Plaintiff's claim of securities fraud and granting Plaintiff's motion for summary judgment on

Shoplink's counterclaims.  That motion fails because it is untimely and because Mr. Vorotyntsev

cannot represent Shoplink.

### A.   Fraud on the Court

Mr. Vorotyntsev's request for relief under Rule 60(b)(3) is time barred.  "A motion under

Rule 60(b) must be made within a reasonable time . . . ."  Fed. R. Civ. P. 60(c)(1).  The time to file a

motion under Rule 60(b)(1), (2), or (3) is specifically limited to "no more than a year after the entry

of the judgment or order or the date of the proceeding."  *Id.*  "The one-year limitation period for

Rule 60(b) motions is absolute."  *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of

Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) (internal quotation marks omitted).  The one-

year limit is also a ceiling, and "a Rule 60(b)(1) motion may be rejected as untimely if not made

within a reasonable time even though the one-year period has not expired."  *Suazo v. Bryant Props.

769 LLC*, No. 21 Civ. 2996 (KPF), 2024 WL 967226, at *4 (S.D.N.Y. Mar. 5, 2024) (internal

quotation marks and citation omitted); *accord* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d

ed.) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely

if not made within a 'reasonable time' even though the one-year period has not expired.").

The Court's order on Plaintiff's motion for summary judgment was entered on August 6,

2024.  *See* Op.  As Mr. Vorotyntsev recognizes, the one-year deadline for Mr. Vorotyntsev to file a

---

[3] Mr. Vorotyntsev also seeks relief under Federal Rule of Civil Procedure 60(d)(3).  That rule does not apply because when Mr. Vorotyntsev filed his motion, the Court had not entered judgment in this case.

motion under Rule 60(b)(3) was August 6, 2025. Mr. Vorotyntsev filed his motion on January 13, 2026—over five months after the deadline.

The deadline for filing a Rule 60(b)(3) motion cannot be equitably tolled. The one-year limitation in Rule 60(c) for motions brought under Rules 60(b)(1), (2) and (3) is best construed as a mandatory claim processing rule—one that is not susceptible to equitable tolling. "Mandatory claim-processing rules 'regulate the timing of motions or claims brought before the court.'" *McIntosh v. United States*, 601 U.S. 330, 337 (2024) (quoting *Dolan v. United States*, 560 U.S. 605, 610 (2010)). Filing deadlines are the "quintessential claim-processing rules." *Id.* (internal quotations and citation omitted). "If the affected party alerts the court to the deadline and invokes its protection, the relevant action cannot be taken after the deadline has passed." *Id.* "Whether a rule precludes equitable tolling turns not on its jurisdictional character but rather on whether the text of the rule leaves room for such flexibility." *Nutraceutical Corporation v. Lambert*, 586 U.S. 188, 192 (2019).

The text of Rule 60(c) supports the conclusion that its one-year time limit for a party to bring a motion under Rule 60(b) for the reasons identified in subsections (1), (2) and (3) is mandatory. The rule states that such a motion "must" be made no more than a year after the entry of judgment. Fed. R. Civ. Pro. 60(c). The use of the word "must" signals the mandatory nature of one-year deadline. *See, e.g.*, 73 Am. Jur. 2d Statutes § 12 ("Words or phrases which are generally regarded as making a provision mandatory or required include 'shall' and 'must.'"). The structure of the rule emphasizes the rigidity of the time limitation for motions brought under (1), (2) and (3), as compared with the more flexible approach to the catch-all category of motions under (6), which can be brought at any "reasonable time." Construing Rule 60(c)'s one-year limit as a mandatory claim processing rule is consistent with the Second Circuit's edict that "[t]he one-year limitation period for

Rule 60(b) motions is absolute." *Martha Graham Sch. & Dance Found., Inc.*, 466 F.3d at 100 (internal quotation marks omitted).[4]

Mr. Vorotyntsev failed to make his request for relief under Rule 60(b)(3) within the one-year time period prescribed by Rule 60(c). No basis exists to toll that deadline. Therefore, his motion for relief under that section of the rule is denied as untimely.

Mr. Vorotyntsev's motion fails for the independent reason that he cannot raise claims on behalf of Shoplink. Even if the motion were timely filed, vacating the Court's order denying Mr. Tatintsian summary judgment on Mr. Tatintsian's claim of securities fraud would have no legal effect on Mr. Vorotyntsev as a party to this litigation. On March 13, 2026, Plaintiff moved to dismiss that claim with prejudice. Dkt. No. 623. The Court granted that motion on March 17, 2026. Dkt. No. 629. Therefore, Mr. Vorotyntsev no longer needs to defend against that claim, because it is no longer a part of this case. The only other claims affected by a vacatur of the Court's summary judgment order are Shoplink's counterclaims. *See* Op. Mr. Vorotyntsev is not an attorney and cannot raise claims on behalf of Shoplink. *See Rowland v. California Me's Colony*, 506 U.S. 194 (1993). Accordingly, his motion must be denied.

---

[4] In any event, even if equitable tolling applied to Plaintiff's motion, there would no basis for the Court to apply the deadline here. "[E]quitable tolling is only appropriate in rare and exceptional circumstance[s]." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (brackets and quotation omitted). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80–81. "Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period"; "where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant"; "or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Id.* at 80 (quotation and citations omitted). "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (citation omitted).

Reading his submissions with the solicitude due to a *pro se* litigant, Mr. Vorotyntsev argues that he is entitled to equitable tolling because his prior counsel engaged in conduct he believes stymied his ability to file his Rule 60 motion. Mot. at 16. That is not sufficient to merit equitable tolling. Mr. Snyder entered his notice of appearance on July 14, 2025, at which point Mr. Vorotyntsev had 17 days until the deadline to file his motion. Dkt. No. 499. The Court granted Mr. Snyder's request to withdraw on September 29, 2025. Dkt. No. 519. The Rule 60 motion was not filed for another three and a half months. Even if equitable tolling applied to a Rule 60(b)(3) motion, Mr. Vorotyntsev has not demonstrated that he has acted with the "reasonable diligence" that would entitle him to that relief.

However, even if Mr. Vorotyntsev's motion were timely—and even if he could raise claims on behalf of Shoplink—the conduct of which he complains would not justify granting him or Shoplink relief under Rule 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotations omitted). "These same principles apply when a movant seeks to set aside a judgment on the basis of fraud on the court." *Id.*

Mr. Vorotyntsev has not met this standard. As it relates to this case, Mr. Vorotyntsev argues that the lawsuit itself is fraudulent because, he alleges, Plaintiff filed this lawsuit out of a desire to financially damage Mr. Vorotyntsev, his wife Ms. Elena Vorotyntseva, and Shoplink rather than a desire to litigate legitimate claims on the merits. *See* Mot. at 16, 19. He also argues that the lawsuit was improper because it is funded by a nonparty. *Id.* at 3. Even crediting these allegations, none render Mr. Tatintsian's decision to initiate or prosecute this case fraudulent. "A party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of his multiple purposes in seeking that relief may have been improper." *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995). Even if one of Mr. Tatintsian's purposes in pursuing this action was improper, it was not fraudulent if he was also seeking warranted judicial relief. Here, the Court found in resolving the motion for summary judgment that the undisputed evidence in the record demonstrated that Mr. Vorotyntsev made misrepresentations to Mr. Tatintsian in connection with his purchase of Shoplink shares. It therefore appears that one purpose of this action was warranted. The fact that Mr. Vorotyntsev believes that Mr. Tatintsian also had other improper motives to harm him or his family does not make the filing of this action fraud under Rule 60.[5]

---

[5] Mr. Vorotyntsev argues that Mr. Tatintsian's decision to pursue this litigation was improper because, in Mr. Vorotyntsev's view of the evidence, Mr. Tatintsian could not establish each element of his claim. Mr. Vorotyntsev argues that Mr. Tatintsian's purported agreement with a "corporate clean-up" plan demonstrated that he did not rely on

9

Next. Mr. Vorotyntsev argues that the pre-summary judgment conduct of the parties was fraudulent. He points to the failure of counsel to email him a copy of the order at Dkt. No. 223 and argues that this resulted in Shoplink's default. He does not, however, describe how that default relates to the Court's summary judgment decision. Nor could he; Shoplink was represented by counsel throughout the briefing of Mr. Tatintsian's motion.[6]

Finally, Mr. Vorotyntsev seeks vacatur of the Court's summary judgment decision because he asserts that counsel concealed certain evidence, resulting in an adverse decision. The record does not support his version of events. First, he argues that counsel for Mr. Tatintsian concealed the fact

---

Mr. Vorotyntsev's representations when deciding to invest. *See* Reply at 2. Mr. Vorotyntsev does not explain how communications that took place months after the alleged investment establish as a matter of law that Mr. Tatintsian did not rely on Mr. Vorotyntsev's representations when deciding to invest. In any event, Mr. Tatintsian's decision to pursue what he believed to be a remedy while preparing to file a lawsuit is not fraud. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 80 (2d Cir. 2000) ("It is hardly unusual for a would-be plaintiff to seek to resolve disputes without resorting to legal action; prelitigation letters airing grievances and threatening litigation if they are not resolved are commonplace, sometimes with salutary results, and do not suffice to show an improper purpose if nonfrivolous litigation is eventually commenced." (considering appeal of district court order imposing sanctions)).

Mr. Vorotyntsev also argues that Mr. Tatintsian's decision to pursue claims against Shoplink's former attorneys in state court and Mr. Vorotyntsev in federal court demonstrates that pursing the federal action was fraud on the court. The decision to pursue relief against different defendants is not fraud. "[I]f a plaintiff suffers the same harm at the hands of two defendants, the plaintiff may institute one suit against one defendant and a separate suit against another defendant alleging that each caused his injury." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019). Mr. Tatintsian could properly bring two lawsuits against two sets of parties that he believed were responsible for causing his injury—namely, the loss of his investment.

Finally, Mr. Vorotyntsev argues that Mr. Tatintsian's decision to continue pursuing his claim of securities fraud despite the default of his "agent," Younis Zubchevich, constitutes fraud because the allegations against Mr. Zubchevich were incompatible with a finding that Mr. Vorotyntsev's actions caused Mr. Tatintsian's loss. Reply at 6. Mr. Zubchevich defaulted on Shoplink's complaint. Even assuming Mr. Vorotyntsev can raise arguments on behalf of Shoplink—and he cannot—"[l]ongstanding doctrine maintains that a non-defaulting [party] is not bound by the facts deemed admitted by a defaulting [party]." *Martin v. Nieuw Amsterdam Prop. Mgmt., LLC*, No. 22-CV-3506, 2025 WL 1504124, at *6 (E.D.N.Y. May 27, 2025) (citing *The Mary*, 13 U.S. 126, 143 (1815)). Thus, Mr. Tatintsian need not have dismissed his claims upon the default of Mr. Zubchevich.

[6] As the Court has previously explained, Mr. Vorotyntsev's position that the default was caused by the failure of counsel to email him an order also misstates the procedural history of the default. On November 21, 2019, the Court granted Mr. David Pohl's motion to withdraw as counsel for Shoplink. Dkt. No. 218. Mindful of the upcoming holidays and the Vorotyntsevs *pro se* status, the Court set an extended deadline of January 6, 2020 for the corporate entities to retain counsel. *Id.* On that day, Mr. Vorotyntsev requested a 30-day extension. Dkt. No. 222. The Court granted the request in part and continued the deadline to January 24, 2020. Dkt. No. 223. Over a week after that deadline, the Court found the corporate entities in default. Dkt. No. 224. Plaintiff did not propose an order to show cause until two additional weeks later. Dkt. No. 234. An attorney finally entered a notice of appearance on behalf of Shoplink on February 27, 2020—over four weeks after extended deadline, and eight days after Plaintiff had filed a proposed order to show cause. *See* Dkt. No 237. The Court's decision to condition vacatur of the default on the imposition of reasonable attorneys' fees was based on a finding that there was no adequate explanation given for the extended delay. Dkt. No. 259. 14:7–15:12. Mr. Vorotyntsev's bare assertion that counsel did not email him an order does not excuse the corporate entities' failure to retain counsel until after a spate of briefing on Plaintiff's request for a default judgment.

that some of the purchases the Vorotyntsevs made with Shoplink's funds were returned. Reply at 5. This is a mischaracterization of the record. The Local Rule 56.1 statement filed alongside Mr. Tatintsian's motion explicitly acknowledged that "the Vorotyntsevs returned some items they purchased." Dkt. No. 376 ¶ 61. The Rule 56.1 statement cited to the same bank statements that Mr. Vorotyntsev now characterizes as "concealed."

Second, he takes issue with Mr. Tatintsian's characterization of Shoplink's patent as "rejected" and "never approved." Reply at 5. He argues that this led the Court to ignore evidence that Mr. Khmaladze assigned Shoplink certain intellectual property. *Id.* This, too, is a distortion of the record. In evaluating the motion for summary judgment on Shoplink's counterclaims, the Court explicitly considered whether an "Asset Purchase Agreement" assigned Shoplink rights to a "patent for [computer] code." Op. at 25 n.10. The Court found that the evidence in the record did not establish that Shoplink had any such rights. *Id.* at 25. It was undisputed that the Agreement only assigned certain intellectual property to another entity, AUM Code. *Id.* at 22. It was also undisputed that only Mr. Vorotyntsev—and not Shoplink—was ever listed as an inventor on any USPTO application. *Id.* And there was no evidence that AUM Code was a wholly-owned subsidiary of Shoplink or that there was any other agreement that would give Shoplink rights to AUM Code's property. *Id.* at 22–24.

And third, Mr. Vorotyntsev argues that Mr. Tatintsian's decision to include an eleven-minute portion of a transcript of a five-and-a-half hour long recording in his Rule 56.1 statement was fraudulent. Reply at 7. Mr. Vorotyntsev represents that the omitted portions were relevant to Shoplink's counterclaims. *Id.* However, he does not explain how Mr. Tatintsian's decision to present a portion of the transcript prevented Shoplink from "fully and fairly presenting his case." *State St. Bank & Tr. Co. v*, 374 F.3d at 176. Indeed, Mr. Vorotyntsev concedes that Mr. Tatintsian produced the full recording in discovery. Reply at 7. Shoplink was represented by counsel.

Counsel's decision not to controvert Mr. Tatintsian's presentation of evidence does not justify a finding that Mr. Tatintsian's presentation was fraudulent.

For avoidance of doubt, Mr. Vorotyntsev's Rule 60(b)(3) motion fails because it is untimely. It fails for the independent reason that the only party for whom vacating summary judgment would have any legal effect is Shoplink, which Mr. Vorotyntsev cannot represent. But even if Mr. Vorotyntsev and Shoplink could surpass those hurdles, none of the arguments Mr. Vorotyntsev raises justify granting relief under the rule.

### B.    "Extraordinary Circumstances"

Mr. Vorotyntsev has not presented extraordinary circumstances warranting relief under Rule 60(b)(6). After excising the various arguments that fall within the scope of Rule 60(b)(3) little remains of Mr. Vorotyntsev's requests for relief. Mr. Vorotyntsev raises three bases for his motion under Rule 60(b)(6). First, he argues that his former counsel's alleged misdeeds justifies relief. Mot. at 16. Second, he alleges that he has been the victim of "systemic fraud." *Id.* Finally, he argues that the fraud violated his due process rights. *Id.* None of these individually or in the aggregate meet the bar required to justify relief under Rule 60(b)(6).

"Rule 60(b)(6) 'grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).'" *Mandala*, 88 F.4th at 361 (quoting *Liljeberg*, 486 U.S. at 863); *see also Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) ("Rule 60(b)(6) [is] a catch-all provision . . . ."). "[I]t constitutes a grand reservoir of equitable power to do justice . . . [b]ut that reservoir is not bottomless." *Mandala*, 88 F.4th at 361 (internal quotation marks and citations omitted). "Relief under Rule 60(b)(6) is reserved for cases that present 'extraordinary circumstances.'" *Id.* (quoting *Liljeberg*, 486 U.S. at 863–64).

12

Mr. Vorotyntsev's complaints against his former counsel—Mr. John Snyder—are not grounds for granting him relief under Rule 60(b)(6). Mr. Vorotyntev complains of orders in this case that long preceded Mr. Snyder's involvement. Shoplink's default was entered in February 2020. Dkt. No. 226. The Court resolved Plaintiff's motion for summary judgment in August 2024. *See* Op. Mr. Snyder did not appear in this case until nearly a year later. Dkt. No. 499. To the extent that Mr. Vorotyntsev's complaints concern his allegations that Mr. Snyder engaged in sanctionable conduct, the Court will not consider them here. Mr. Vorotyntsev has filed a motion for sanctions. That motion is fully briefed. The Court will resolve that motion in due course.

Mr. Vorotyntsev's remaining arguments do not justify relief under Rule 60(b)(6). First, many of his arguments are framed as a motion under Rule 60(b)(6), but rest on alleged fraud by opposing parties.[7] As described above, issues relating to fraud must be pursued under Rule 60(b)(3) and are, therefore, time-barred. Mr. Vorotyntsev cannot escape that limitation by arguing that the cumulative effect of the alleged fraud and misconduct gives rise to "extraordinary circumstances" warranting relief under Rule 60(b)(6).

The Court denies Mr. Vorotyntsev's motion because it has no merit. In the exercise of its discretion, the Court also finds that denying his motion "strike[s] a balance between serving the ends of justice and preserving the finality of judgments." *Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182 (internal quotation omitted). After nearly ten years, this case is near its conclusion. There are no substantive claims in the operative pleadings currently being actively litigated. Granting Mr. Vorotyntsev's motion would needlessly delay the entry of judgment in this action because the only party that would benefit cannot prosecute the claims that would be restored. Accordingly, denying Mr. Vorotyntsev's motion is an appropriate exercise of the Court's discretion.

---

[7] He also raises issues related nonparty "Nexo" and an individual the Court understands to be related to Nexo ("Trenchev"). The Court will not address those here. Nexo and its employees are not a part of this case.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Rule 60(b) motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:  March 27, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

14