USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                        :

GARY TATINTSIAN,                :
                        :
                        :
             Plaintiff,    :          1:16-cv-7203-GHW
                        :
        -v –            :     MEMORANDUM OPINION &
                        :           ORDER
MIKHAIL VOROTYNTSEV,   :
           Defendant.  :
                        :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

This case began when Plaintiff Gary Tatintsian filed a complaint against Mikhail Vorotyntsev and Elena Vorotyntseva, alleging claims arising out of Mr. Tatintsian's investment in Mr. Vorotyntsev's startup Shoplink and the Vorotyntsevs' use of those funds. Early in this litigation, Mr. Vorotyntsev and Shoplink sought to interplead and assert claims against Younis Zubchevich. Mr. Zubchevich was served but did not respond or enter an appearance in this action. In resolving pending motions to dismiss, the Court allowed claims against Mr. Zubchevich to proceed because no party had moved to dismiss them. In May 2019, Shoplink—proceeding through counsel— amended its third-party pleading and indicated that it intended to move for a default judgment.

In the nearly seven years since, neither Shoplink nor Mr. Vorotyntsev have taken any action to prosecute those claims. The remaining claims in this case having been dismissed at various stages of litigation, the Court issued an order to show cause why Shoplink's claims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Mr. Vorotyntsev, proceeding *pro se,* responded. Shoplink did not. Because all of the factors the Second Circuit considers in determining whether to dismiss an action for failure to prosecute favor dismissal and because Mr. Vorotyntsev's claims against Mr. Zubchevich are largely duplicative of previously-dismissed claims

in this case, the Court finds that it is an appropriate exercise of its discretion to dismiss Shoplink and Mr. Vorotyntsev's claims against Mr. Zubchevich without prejudice.

## I. BACKGROUND

This case has a long procedural history that speaks for itself.  The Court reviews the history relevant to the claims against Mr. Zubchevich and directs the reader to the docket of this case for a full review of the history and facts.

### A. Mr. Vorotyntsev's Claims

On September 15, 2026, Mr. Tatintsian initiated this action against Mr. Vorotyntsev and his wife Elena Vorotyntseva, asserting claims relating to his investment into Shoplink and the Vorotyntsevs' use of those funds.  Dkt. No. 1.

On November 11, 2016, Mr. Vorotyntsev, proceeding through counsel, answered and asserted counterclaims against Mr. Tatintsian.  Dkt. No. 32 ("Tatintsian CC").  He asserted three causes of action:  (1) aiding and abetting Dmitry Khmaladze's breach of fiduciary duty; (2) aiding and abetting Mr. Zubchevich's breach of fiduciary duty; (3) a claim of civil conspiracy.  *Id.* ¶¶ 63–83.

He also sought to implead and assert claims against Mr. Zubchevich, Diabetica Research Solutions, Inc. ("Diabetica"), Mr. Khmaladze, and ITAdapter Corporation, Inc. ("ITAdapter") (collectively, the "Third-Party Defendants").  Dkt. No. 40 (the "Third-Party Complaint," or "Third-Party Compl.").  In the Third-Party Complaint, Mr. Vorotyntsev asserted four causes of action:  (1) a claim of contribution against all Third-Party Defendants; (2) a claim of unjust enrichment against all Third-Party Defendants; (3) a breach of fiduciary duty claim against Mr. Zubchevich; and (4) a civil conspiracy claim against Mr. Zubchevich.  *Id.* ¶¶ 84–108.  Mr. Vorotyntsev filed affidavits of service of that pleading representing that all parties had been served.  *See* Dkt. Nos. 72–75.  On November 22, 2016, Mr. Khmaladze and ITAdapter appeared.  Dkt. No. 58.  Mr. Zubchevich did not appear.  His deadline to answer or otherwise respond passed on December 28, 2016.  Dkt. No.

75.

On January 17, 2017, Mr. Khmaladze and ITAdapter filed a motion to dismiss all claims against them in the Third-Party Complaint. Dkt. No. 105. On June 25, 2018, the Court granted that motion. Dkt. No. 181. In its order, the Court dismissed Counts I and II. *Id.* Following dismissal of those counts, all of Mr. Vorotyntsev's claims against Mr. Khmaladze, ITAdapter, and Diabetica were dismissed, and no claims against those parties remained pending in this action. However, the Court specified that "Counts Three and Four of the Third-Party Complaint [may] proceed, as there has been no motion to dismiss those counts." *Id.* at 11. Therefore, Mr. Vorotyntsev's claims against Mr. Zubchevich remained in this action.

On May 12, 2017, Mr. Tatintsian moved to dismiss Mr. Vorotyntsev's counterclaims. Dkt. No. 142. On April 18, 2019, the Court granted that motion in full. Dkt. No. 182 ("Tatintsian Op."). As it related to the claim of aiding and abetting Mr. Zubchevich's breach of fiduciary duty, the Court stated the following:

> These claims regarding the alleged theft of AUM Code and ShopLink's property, ceasing payment for AUM Code and ShopLink expenses, and usurping AUM Code and ShopLink's business plan all fundamentally seek remedies for wrongs done to AUM Code and ShopLink, and as a result are derivative in nature. *See, e.g., In re Stillwater Capital Partners Inc. Litig.*, 851 F. Supp. 2d 556, 567–68 (S.D.N.Y. 2012) ("Under New York law, a claim is direct if the wrongdoer has breached a duty owed to the shareholder independent of any duty owing to the corporation wronged. Allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually." (internal quotation marks and citations omitted)); *Abrams v. Donati*, 66 N.Y.2d 951, 953 (1985) ("Allegations of mismanagement or diversion of assets by officers or directors to their own enrichment without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually."). Accordingly, under New York law, because these claims are derivative, *Vorotyntsev lacks standing to bring them directly*.

*Id.* at 21 (emphasis added).

As it related to Mr. Vorotyntsev's claim of civil conspiracy against Mr. Tatintsian, the Court

held the following:

> Vorotyntsev's conspiracy claim arises out of precisely the same conduct as his aiding and abetting claims—alleged breaches of fiduciary duty by Khmaladze and Zubchevich.  Indeed, the allegations pertaining to the conspiracy claim provide that "[a]s described above in the First and Second Counterclaims"—the counterclaims for aiding and abetting breach of fiduciary duty— "Khmaladze and Zubchevich have breached their fiduciary duties to Counterclaim Plaintiff and Counterclaim Defendant has aided and abetted those breaches of fiduciary duty."  Vorotyntsev CC ¶ 79.  Accordingly, Vorotyntsev's conspiracy claim is dismissed.

*Id.* at 22.

### B.     Shoplink's Claims

Shoplink, proceeding through counsel, also asserted counterclaims against Mr. Tatintsian and claims against Mr. Zubchevich.  Dkt. No. 55.  It asserted nine causes of action against Mr. Zubchevich:  (1) a claim of tortious interference with Shoplink's contract with Mr. Khmaladze; (2) a claim of tortious interference with Shoplink's prospective business relations with Mr. Khmaladze; (3) a claim of tortious interference with Shoplink's prospective business relations with investors; (4) a breach of contract claim—or, in the alternative, a claim of breach of the duty of good faith and fair dealing; (5) aiding and abetting Mr. Khmaladze's breach of fiduciary duty; (6) a breach of fiduciary duty claim; (7) a claim of unfair competition perpetrated via civil conspiracy; (8) a claim of conversion perpetrated via civil conspiracy; and (9) a claim of breach of fiduciary duty perpetrated via civil conspiracy.  *Id.* ¶¶ 183–248.  This pleading was served on Mr. Zubchevich on December 7, 2016.  Dkt. No. 75.  Mr. Zubchevich did not answer or otherwise respond.  *See id.*

In its April 18, 2019 order granting Mr. Tatintsian's motion to dismiss Shoplink's counterclaims, the Court specified that "ShopLink's cross-claims against Zubchevich [may] proceed, as there has been no motion to dismiss those claims."  Tatintsian Op. at 23.

On May 17, 2019, Shoplink, still proceeding via counsel, filed an amended pleading.  Dkt. No. 187 ("Shoplink's Third Party Complaint").  That pleading reasserted all nine causes of action against Mr. Zubchevich.  *Id.* ¶¶ 215–80.  Shoplink noted that Mr. Zubchevich "ha[d] failed to appear

4

in this action after being served with ShopLink's initial Answer, Counterclaims and Cross-Claims . . . .  ShopLink will, when appropriate, move for default judgment." *Id.* at 7 n.2.  Shoplink did not do so.

**C.      The Order to Show Cause**

On May 22, 2018, the Court dismissed all of Mr. Tatintsian's derivative claims raised on behalf of Shoplink.  Dkt. No. 180.  Thereafter, the only claim that remained was his claim of securities fraud against Mr. Vorotyntsev.  The Court denied him summary judgment on that claim on August 6, 2024.  Dkt. No. 403.  Upon Mr. Tatintsian's motion, the Court dismissed that claim with prejudice on March 17, 2026.  Dkt. No. 629.

Following dismissal of Mr. Tatintsian's final claim, the only claims that remained in this case were Shoplink and Mr. Vorotyntsev's claims against Mr. Zubchevich.  *See id.*  Both Shoplink and Mr. Vorotyntsev had been without counsel for five months.  *See* Dkt. No. 519 (granting former counsel John H. Snyder's motion to withdraw).  Neither Shoplink nor Mr. Vorotyntsev had taken any action to prosecute their claims against Mr. Zubchevich for nearly seven years.  Accordingly, on March 17, 2026 the Court ordered Shoplink to show cause why its claims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See* Dkt. No. 630.

On March 17, 2026, Mr. Vorotyntsev responded to the Court's order to show cause on his own behalf.  Dkt. No. 632 ("First Resp".).  He purported to respond on Shoplink's behalf on March 19, 2026.  Dkt. No. 637 ("Second Resp.").

In his second response, Mr. Vorotyntsev represented that he was making arguments on his own behalf and that Shoplink was proceeding through counsel, William A. Thomas.  Second Resp. at 1.  That filing appeared to bear an electronic signature of Mr. Thomas.  *Id.* at 10.

Though Mr. Thomas had previously appeared on behalf of Shoplink in this action, Dkt. No. 237, he had not been counsel of record for over five years, *see* Dkt. No. 286.   He had not entered

5

another notice of appearance in this action. Mr. Thomas was counsel of record for Shoplink and other affiliated corporate entities in the case brought by Mr. Khmaladze. *See* Dkt. No. 377, 1:16-cv-8029. However, he had filed a motion to withdraw in that case. *See* Dkt. No. 394, 1:16-cv-8029. Accordingly, the Court requested that Mr. Thomas clarify whether he represented Shoplink in this case. *See* Dkt. No. 397, 1:16-cv-8029.

On March 23, 2026, Mr. Thomas filed a letter in response to the Court's order. *See* Dkt. No. 641. In that letter, he stated that he did not sign or approve Mr. Vorotyntsev's second response to the order to show cause. *See id.* He stated that he had no intention of appearing on Shoplink's behalf in this case. *Id.* He also represented that he had sent Mr. Vorotyntsev an email on March 18, 2026 reminding Mr. Vorotyntsev that he "had not re-appeared in the Tatintsian action, and instruct[ing] [Mr. Vorotyntsev] not to file any . . . document in [his] name." *Id.*

As the Court has reminded Mr. Vorotyntsev on multiple occasions, he is not an attorney and therefore cannot represent Shoplink *pro se*. However, treating Mr. Vorotyntsev's submissions with the solicitude due to a *pro se* litigant, the Court will construe Mr. Vorotyntsev's submissions as raising arguments relating to why his individual claims against Mr. Zubchevich should not be dismissed.

In his first submission, Mr. Vorotyntsev argued that any dismissal of claims against Mr. Zubchevich did not change the fact of his default. First Resp. at 2. He sought clarification from this Court on the preclusive effect of both the default and any potential dismissal of claims against Mr. Zubchevich. *Id.* at 5. He also argued that Shoplink—and, presumably, his—failure to obtain counsel was the result of a transnational conspiracy which he had detailed in prior filings. *Id.* at 3–4.

In his second submission, Mr. Vorotyntsev elaborated on his argument that any dismissal of claims against Mr. Zubchevich would not change the preclusive effect of his default. Second Resp. at 2–3. He argued that the Court should not dismiss any claims against Mr. Zubchevich and instead requested that the Court order the Clerk of Court to enter a certificate of default against Mr.

6

Zubchevich.  *Id.* at 9.

## II.    LEGAL STANDARD

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it.  Unless the
> dismissal order states otherwise, a dismissal under this subdivision . . . operates as an
> adjudication on the merits.

Fed. R. Civ. P. 41.  The Second Circuit considers five factors when reviewing a district court's

decision to dismiss for failure to prosecute.  The factors are:  "[1] the duration of the plaintiff's

failures; [2] whether plaintiff had received notice that further delays would result in dismissal; [3]

whether the defendant is likely to be prejudiced by further delay; [4] whether the district judge has

taken care to strike the balance between alleviating court calendar congestion and protecting a

party's right to due process and a fair chance to be heard; and [5] whether the judge has adequately

assessed the efficacy of lesser sanctions."  *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir.

1999).  "Generally, no one factor is dispositive."  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir.

2001).  The Court determines whether to dismiss an action under Rule 41(b) "in light of the record

as a whole."  *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  To justify

dismissal for failure to prosecute, "the court must . . . make a finding of willfulness, bad faith, or

reasonably serious fault by evaluating those criteria."  *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir.

2014) (internal quotation omitted).

"A federal district court has the inherent power to dismiss a case *sua sponte* for failure to

prosecute, even though the language of Federal Rule of Civil Procedure 41(b) seem[s] to require a

motion of the party, because *sua sponte* dismissal 'has generally been considered an inherent power.'"

*Armstrong v. Guccione*, 470 F.3d 89, 102 n.1 (2d Cir. 2006); *see also Link v. Wabash R.R.,* 370 U.S. 626,

630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally

been considered an inherent power, governed not by rule or statute but by the control necessarily

7

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal quotation marks and citation omitted); *Wynder v. McMahon,* 360 F.3d 73, 79 (2d Cir. 2004) (explaining that Rule 41(b) serves "as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload"). "Dismissal pursuant to Fed. R. Civ. P. 41(b) . . . is a matter committed to the discretion of the district court." *Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

"At the same time a Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam)). "And *pro se* plaintiffs should be granted special leniency regarding procedural matters." *Id.* When considering whether to dismiss claims raised by a *pro se* litigant, the "factors significantly cabin a district court's discretion under Rule 41(b), so that 'deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme.'" *Id.* (quoting *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996)). "[S]uch dismissals must . . . 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (quoting *Mitchell v. Lyons Prof'l Servs., Inc.,* 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases)).

## III.    DISCUSSION

### A.    Dismissal of Claims against Mr. Zubchevich

The Court dismisses Shoplink's and Mr. Vorotyntsev's claims against Mr. Zubchevich. All five factors the Second Circuit considers in evaluating a motion to dismiss for failure to prosecute weigh in favor of dismissal, and both parties have willfully failed to prosecute their claims. First, both Shoplink and Mr. Vorotyntsev have failed to take any action to prosecute their claims against Mr. Zubchevich since May 2019. Since that time, multiple attorneys have represented Shoplink in

8

this action.  *See* Dkt. No. 218 (granting David Pohl's motion to withdraw in November 2019); Dkt. No. 237 (notice of appearance by William Allinson Thomas on behalf of Shoplink); Dkt. No. 317 (notice of appearance by Franklin Jason Seibert on behalf of Shoplink); Dkt. No. 333 (notice of appearance by Robert Gilbert Leino on behalf of Shoplink); Dkt. No. 499 (notice of appearance by John Hoover Snyder on behalf of Shoplink and Mr. Vorotyntsev).  Several have also represented Mr. Vorotyntsev.  *See, e.g.*, Dkt. No. 165 (notice of appearance by Frank J. Franzino); Dkt No. 499. All have had the opportunity to apply for a Clerk's certificate of default and request that the Court issue an order to show cause why default judgment should not be entered.  None have done so.

Second, both Shoplink and Mr. Vorotyntsev have been put on notice that the Court may dismiss its claims for failure to prosecute should they fail to comply with their obligations.  Shoplink has, on multiple occasions, been put on notice that the Court will dismiss its claims for failure to prosecute should it fail to retain counsel.  *See, e.g.*, Dkt. No. 473 ("As ordered on May 2, 2025, if new counsel has not entered an appearance on behalf of the corporate defendants by June 2, 2025, then the corporate defendants will be found in default, and the Court will issue an order to show cause why the remaining counterclaims in the Khmaladze case should not be dismissed for failure to prosecute. Defendants are aware of the consequences of not finding new counsel within the time provided by the Court.").  Mr. Vorotyntsev—as Shoplink's principal and as a party to this case and the case captioned 1:16-cv-8029—has received these notifications and been aware of the consequences of failing to diligently pursue claims that have been properly pleaded.  The Court has also warned him individually that a party that fails to comply with its obligations may be subject to sanctions, including and up to an entry of default or dismissal for failure to prosecute.  *See* Dkt. No. 602.

Third, Mr. Zubchevich would certainly be prejudiced by further delay.  "Prejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews Corp.*,

682 F.2d 37, 43 (2d Cir. 1982).  Shoplink has failed to communicate any reason for its delay and has failed to demonstrate that it has any intent to prosecute its claims against Mr. Zubchevich.  Mr. Vorotyntsev has also not communicated any good reason for his delay.[1]  The Court therefore finds that its delay is unreasonable and willful, and that further delay would prejudice Mr. Zubchevich.

Fourth, the balance between alleviating congestion on the court's calendar and the party's right to due process weighs in favor of dismissal.  The Second Circuit "insist[s] that dismissal 'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'"  *Baptiste*, 768 F.3d at 217.  Both parties have had notice and an opportunity to be heard.  As detailed above, the Court issued an order to show cause to Shoplink, asking it why its claims should not be dismissed for failure to prosecute after seven years of inaction.  Shoplink did not answer.  Mr. Vorotyntsev received the same notice as evidenced by his response on his own behalf.  *See* First Resp; Second Resp.  The Court, construing his submissions liberally—as it has over the course of the time period he has not been represented by counsel—is considering his arguments as they relate to his claims.

Any prejudice to the parties' due process rights is heavily outweighed by the profound effect allowing the claims against Mr. Zubchevich to remain pending would have on the congestion of this Court's docket.  As the Second Circuit has cautioned, "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *LeSane,* 239 F.3d at 210 (internal brackets and quotations omitted).

---

[1] The reasons he raises to justify Shoplink and his delay have no merit.  Mr. Vorotyntsev argues that Shoplink's failure to proceed through an attorney is caused by a purported transnational RICO enterprise.  Mot. at 5.  This does not excuse his failure to prosecute his claims.  And, in any event, his proffered excuse does not hold water.  Both he and Shoplink have had ample opportunity over the past several years during which they have taken no action on its claims against Mr. Zubchevich while being represented by counsel.  For instance, the Court observes that Mr. Pohl—the attorney who filed Shoplink's amended pleading at Dkt. No. 187—remained Shoplink's counsel for six months following the filing of the amended pleading.  *See* Dkt. No. 218.

Shoplink's failure to prosecute may fairly be characterized as "silent and unobtrusive rather than vexatious and burdensome." *Id.*

However, the same cannot be said about the submissions of its principal, Defendant Mikhail Vorotyntsev. No claims against Mr. Vorotyntsev remain in this case. Despite multiple admonishments from the Court that he cannot represent Shoplink—a corporate entity—as a nonlawyer, Mr. Vorotyntsev has doggedly attempted to do just that. *See, e.g.*, First Resp.; Second Resp. Allowing Shoplink to continue pursuing its claims, even without an attorney to properly represent it, would likely lead to additional submissions of this nature.

This factor weighs even more heavily in favor of dismissal of Mr. Vorotyntsev's claims. Prior to granting Plaintiff's motion to dismiss his remaining claim, the Court had scheduled a trial to take place to resolve that claim. *See* Dkt. No. 526 (scheduling a jury trial on Mr. Tatintsian's claim following denial of summary judgment). In advance of that trial, Mr. Vorotyntsev filed multiple motions, seeking relief against Mr. Tatintsian, his counsel, and multiple other parties that are not in this case. *See, e.g.,* Dkt. No. 538. His prolix submissions were premised on a bevy of claims that are not and have never been in this case. They broadly concern what Mr. Vorotyntsev believes to be a criminal conspiracy involving individuals and entities from three continents. They purport to connect damage to property in Russia, to cryptocurrency held by an entity in the United Kingdom, to a Belize-based corporation, to counsel based in New York City. But for that conspiracy, Mr. Vorotyntsev believes, Shoplink would be a multi-billion-dollar company and would have been well-positioned to secure a book deal with Hillary Clinton and purchase Warner Brothers-Discovery.

The Court, treating Mr. Vorotyntsev with the solicitude due to a *pro se* litigant, has resolved Mr. Vorotyntsev's motions on the merits. As the Court's orders have discussed extensively, these motions do not have merit. Notwithstanding this fact, Mr. Vorotyntsev has continued to raise issues after the Court has already decided them, often raising the same arguments the Court has

11

already rejected.  *See, e.g.*, Dkt. No. 565 (Ms. Vorotyntseva's motion to intervene); Dkt. No. 578 (denial of motion to intervene); Dkt. No. 603 (motion for reconsideration of Court's decision denying motion to intervene).

Allowing Mr. Vorotyntsev to continue pursuing his claims against Mr. Zubchevich after years of inaction would result in much of the same.  As Mr. Vorotyntsev acknowledges, entering default judgment would likely require an inquest into damages.  *See* Second Resp. at 6.  Mr. Vorotyntsev has demonstrated that he will take any opportunity to ask this Court to award him relief based on events that took place long after the events giving rise to this case.  Such an inquest presents an opportunity for Mr. Vorotyntsev to once again reprise his arguments about a purported transnational enterprise that has allegedly robbed him of a multi-billion-dollar opportunity.

Not only have Mr. Vorotyntsev's submissions on irrelevant issues resulted in significant congestion on this Court's docket, many of his filings demonstrate either a tenuous grasp on reality or a disregard for the truth.  As has been previously detailed, Mr. Vorotyntsev often misrepresents or misquotes this Court's comments on the record and in written orders.  *See, e.g.*, Dkt. No. 616 at 9–10 (detailing Mr. Vorotyntsev's mischaracterizations of the Court's comments on the record in the final pretrial conference held on March 3, 2026).  And in response to the Court's order to show cause, Mr. Vorotyntsev filed a submission purportedly signed by former Shoplink counsel Mr. Thomas.  Second Resp.  That submission represented that Mr. Thomas—who has not represented Shoplink in this action for over five years—would be filling a notice of appearance on Shoplink's behalf forthwith.  *Id.*  It also included an electronic signature bearing Mr. Thomas's name.  No notice of appearance has been entered.  And Mr. Thomas has strenuously objected to Mr. Vorotyntsev's representation that the former signed or otherwise approved the submission of Mr. Vorotyntsev's response.  *See* Dkt. No. 641; Dkt. No. 403, 1:16-cv-8029.

In sum, Mr. Vorotyntsev's filings have had an "extreme effect" on the congestion of this Court's calendar. *LeSane,* 239 F.3d at 210. He has filed innumerable motions raising irrelevant issues and has often bent the truth to fit his narrative and goals. The Court has given him great solicitude as a *pro se* litigant. But even a *pro se* litigant must abide by the same rules that apply to all litigants. Mr. Vorotyntsev has not demonstrated that he is capable of meeting that standard.

Fifth, and finally, no lesser sanctions are warranted here. As discussed, Shoplink has been repeatedly warned of the consequences of failing to retain counsel. Each time Shoplink's counsel has withdrawn, the Court has provided an extended time period for Shoplink to retain counsel. On several occasions, the Court has extended those deadlines. After the withdrawal of Mr. Snyder, Shoplink has been without counsel for nearly six months. Mr. Vorotyntsev's latest submissions indicate that he does not have the resources to secure new counsel, either for Shoplink or himself. *See, e.g.*, Dkt. No. 642. And more fundamentally, no other sanctions are available for the parties' failure to prosecute because Shoplink and Mr. Vorotyntsev have taken no efforts other than filing their pleadings and responding to the order to show cause. The only sanction that is available for the years-long delay in prosecuting these claims and the failure to secure counsel to do so is dismissal without prejudice. *See LeSane*, 239 F.3d at 211. The Court finds that dismissal without prejudice is an appropriate sanction for the parties' willful failure to prosecute, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Shoplink's and Mr. Vorotyntsev's against Mr. Zubchevich must be dismissed.

### B.    Mr. Vorotyntsev's Request for an Entry of Default

Dismissal of Mr. Vorotyntsev's claims is an appropriate exercise of this Court's discretion for the separate reason that the Court is skeptical that the third-party complaint establishes liability

13

on Mr. Vorotyntsev's remaining claims.  Mr. Vorotyntsev requests that the Court enter default against Mr. Zubchevich.  Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Should the Court grant Mr. Vorotyntsev's request, the next step would be for Mr. Vorotyntsev to apply for an order to show cause why default judgment should not be entered.  As Mr. Vorotyntsev correctly points out, the Court accepts the factual allegations in the complaint as true, except those relating to damages, and draws all reasonable inferences in the claimant's favor. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Nevertheless, the Court is required to determine whether Plaintiff's allegations establish liability as a matter of law.  *See id.*  The Court "has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Here, the Court is likely to find that the alleged facts do not constitute a valid cause of action on either of Mr. Vorotyntsev's outstanding claims.  As it relates to Mr. Vorotyntsev's first outstanding claim—breach of fiduciary duty—the Court has already dismissed Mr. Vorotyntsev's analogous counterclaim asserted against Mr. Tatintsian.  *See* Tatintsian Op.  Mr. Vorotyntsev alleged that Mr. Tatintsian was liable to Mr. Vorotyntsev because he aided and abetted Mr. Zubchevich's breach of fiduciary duty.  In particular, Mr. Vorotyntsev alleged that "Zubchevich breached his fiduciary duties to him 'by, among other things, willfully neglecting to coordinate corporate records and protocols to support ShopLink's operation as promised and, instead, exploited his special knowledge of ShopLink's operations to induce the departure of [Khmaladze] and conspire with [Tatintsian] to oust Vorotyntsev and usurp ShopLink's technology for a competing venture."  *Id.* at 20–21 (citing Tatintsian CC ¶ 74).

14

In evaluating that counterclaim, the Court held that Mr. Vorotyntsev "lack[ed] standing to bring [it] directly" because the claim "fundamentally [sought] remedies for wrongs done to AUM Code and ShopLink, and as a result [is] derivative in nature." Tatintsian Op. at 21. In his complaint against Mr. Zubchevich, Mr. Vorotyntsev's allegations as they relate to Mr. Zubchevich's conduct are substantially the same as the ones in his pleading asserting counterclaims against Mr. Tatintsian. *See* Tatintsian CC ¶¶ 7, 74; Third-Party Compl. ¶ 99. Therefore, should Mr. Vorotyntsev seek a default judgment against Mr. Zubchevich, the Court would likely reach the same result: namely, that Mr. Vorotyntsev has not established his standing for the injuries he alleges.

A similar analysis applies to Mr. Vorotyntsev's second outstanding claim against Mr. Zubchevich for civil conspiracy. The Court dismissed Mr. Vorotyntsev's claim of civil conspiracy against Mr. Tatintsian because it "ar[ose] out of precisely the same conduct as his aiding and abetting claims—alleged breaches of fiduciary duty by Khmaladze and Zubchevich." Tatintsian Op. at 22. The Court observed that "the allegations pertaining to the conspiracy claim provide that '[a]s described above in the First and Second Counterclaims'—the counterclaims for aiding and abetting breach of fiduciary duty—'Khmaladze and Zubchevich have breached their fiduciary duties to [Mr. Vorotyntsev] and [Mr. Tatintsian] has aided and abetted those breaches of fiduciary duty." *Id.*

Here, too, Mr. Vorotyntsev's claim of conspiracy is premised on substantially similar allegations related to Mr. Zubchevich and Mr. Khmaladze's breaches of fiduciary duty. *See* Third-Party Compl. ¶ 102 ("As described in the foregoing paragraphs, Khmaladze and Zubchevich have breached their fiduciary duties to Third Party Plaintiff and Tatintsian has aided and abetted those breaches of fiduciary duty"). Therefore, it is likely that the Court will find that Mr. Vorotyntsev has not stated a claim against Mr. Zubchevich on his civil conspiracy claim.

For avoidance of doubt, the Court does not affirmatively hold that Mr. Vorotyntsev's claims against Mr. Zubchevich fail as a matter of law. The above analysis serves to further explain the

15

Court's exercise of discretion pursuant to its inherent authority to dismiss a claim brought nearly a decade ago for the failure of the claimant to prosecute. Were the Court to grant Mr. Vorotyntsev's request to enter a certificate of default, the Court would need to evaluate whether Mr. Vorotyntsev's complaint establishes liability prior to entering judgment against Mr. Zubchevich.[2] The Court has already dismissed claims against Mr. Tatintsian for deficiencies related to the allegations raised against Mr. Zubchevich. It is likely that the evaluation of a future application for a default judgment would yield the same result.

### C.      Mr. Vorotyntsev's Remaining Requests

Mr. Vorotyntsev's remaining requests are denied. Mr. Vorotyntsev asks the Court to issue a declaration that the allegations raised against Mr. Zubchevich have preclusive effect and may be treated as such in other pending litigation. *See* First Resp. at 3; Second Resp. at 2–4; 7–8. He is concerned that dismissal of the claims against Mr. Zubchevich will "extinguish[] the evidentiary foundation of a separately filed federal RICO action." Second Resp. at 8.

The Court declines to decide the preclusive consequences, if any, of its order. "'[A] court does not usually get to dictate to other courts the preclusion consequences of its own judgment. Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court.'" *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) (emphasis in original)). The "second court" is the Court presiding over the action Mr. Vorotyntsev represents that he has filed on his own behalf asserting claims arising under the Racketeering Influenced and Corrupt Organizations Act.

---

[2] The Court also observes that it is an open question if these claims against Mr. Zubchevich are properly before the Court. *See* Dkt. No. 181 at 9–10 (dismissing unjust enrichment claim against Mr. Khmaladze, Mr. Zubchevich, Diabetica, and ITAdapter because impleader was not warranted).

### D.    Entry of Judgment

Having dismissed the final pending claims in this case, the Court may now enter judgment on the claims properly brought as a part of this action.[3]

On September 15, 2016, Plaintiff brought claims on his own behalf and on behalf of Shoplink against Mr. Vorotyntsev and Ms. Elena Vorotyntseva.  Dkt. No. 1.  On May 22, 2018, the Court dismissed all of Mr. Tatintsian's claims brought on behalf of Shoplink.  Dkt. No. 180. Therefore, judgment should be entered in Mr. Vorotyntsev's favor on Counts II, III, IV, and V of Plaintiff's complaint and in Ms. Vorotyntseva's favor on Counts IV and V of that complaint.  On March 17, 2026, the Court granted Plaintiff's motion to dismiss Count I with prejudice.  Dkt. No. 629.  Therefore, judgment should be entered in Mr. Vorotyntsev's favor on Count I.  *See Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action.").

On April 19, 2019, the Court granted Mr. Tatintsian's motion to dismiss Mr. Vorotyntsev's counterclaims.  Tatintsian Op.  Therefore, judgment should be entered in Mr. Tatintsian's favor on all three counterclaims.

On June 25, 2018, the Court granted Mr. Khmaladze and ITAdapter's motion to dismiss Counts I and II of the claims asserted against the Third-Party Defendants by Mr. Vorotyntsev.  The Court now dismisses Counts III and IV.  Therefore, judgment should be entered in all of the Third-Party Defendants' favor on Counts I and II, and in Mr. Zubchevich's favor on Counts III and IV.

On May 17, 2019, Shoplink filed its operative pleading, asserting counterclaims against Mr. Tatintsian and claims against Mr. Zubchevich.  Dkt. No. 187.  The Court granted summary

---

[3] The Court recognizes that Mr. Vorotyntsev's motions for sanctions against Plaintiff, Plaintiff's counsel, and his former counsel remain pending.  The Court will resolve those motions in the ordinary course.

judgment to Mr. Tatintsian on all of the counterclaims.  The Court now dismisses all of Shoplink's claims against Mr. Zubchevich.  Therefore, judgment should be entered in Mr. Tatintsian's favor on all of Shoplink's counterclaims and in Mr. Zubchevich's favor on all of the claims against him.

## IV.    CONCLUSION

For the reasons stated above, Shoplink's claims against Mr. Zubchevich and Mr. Vorotyntsev's claims against Mr. Zubchevich are DISMISSED without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Defendant, to terminate all pending motions, and to close this case.  The Clerk of Court is also directed to enter judgment as follows:

- For Mr. Vorotyntsev on Counts I, II, III, IV, and V of Mr. Tatintsian's complaint.

- For Ms. Vorotyntseva on Counts IV and V of Mr. Tatintsian's complaint.

- For Mr. Tatintsian on Counts I–III of Mr. Vorotyntsev's counterclaims and Counts I–XI of Shoplink's counterclaims.

- For Mr. Khmaladze, ITAdapter, Mr. Zubchevich, and Diabetica on Counts I and II of the Third-Party Complaint.

- For Mr. Zubchevich on Counts III and IV of the Third-Party Complaint and Counts I–IX of Shoplink's Third-Party Complaint.

SO ORDERED.

Dated:  March 27, 2026  
New York, New York

GREGORY H. WOODS  
United States District Judge

18